JS 44 (Rev. 10/20)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

Tamara Pryor, As Administrator of the Estate of Aaron Jenkins

**(b)** County of Residence of First Listed Plaintiff    Philadelphia
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Mu'min Islam, Esquire, MFI Law Group, PLLC
7433 Limekiln Pike, Ste. 210, Philadelphia, PA 19138; (215) 735-2357

## DEFENDANTS

City of Philadelphia and Philadelphia Airport, a/k/a Philadelphia International Airport (improperly sued as a defendant)

County of Residence of First Listed Defendant    Philadelphia
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

Michele E. Turner, Esquire , Bennett, Bricklin & Saltzburg LLC, Centre Square, West Tower. 1500 Market Street, 32nd Fl. Philadelphia, PA 19102; (215) 665-3344

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1   U.S. Government Plaintiff
- [X] 3   Federal Question *(U.S. Government Not a Party)*
- [ ] 2   U.S. Government Defendant
- [ ] 4   Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [X] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [X] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 422 Appeal 28 USC 158 | [ ] 375 False Claims Act |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 365 Personal Injury - Product Liability | [ ] 690 Other | [ ] 423 Withdrawal 28 USC 157 | [ ] 376 Qui Tam (31 USC 3729(a)) |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | [ ] 400 State Reapportionment |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | [ ] 410 Antitrust |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability | | | [ ] 820 Copyrights | [ ] 430 Banks and Banking |
| [ ] 151 Medicare Act | [ ] 340 Marine | [ ] 368 Asbestos Personal Injury Product Liability | | [ ] 830 Patent | [ ] 450 Commerce |
| [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans) | [ ] 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | [ ] 835 Patent - Abbreviated New Drug Application | [ ] 460 Deportation |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle | [ ] 370 Other Fraud | [ ] 710 Fair Labor Standards Act | [ ] 840 Trademark | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability | [ ] 371 Truth in Lending | [ ] 720 Labor/Management Relations | [ ] 880 Defend Trade Secrets Act of 2016 | [ ] 480 Consumer Credit (15 USC 1681 or 1692) |
| [ ] 190 Other Contract | [ ] 360 Other Personal Injury | [ ] 380 Other Personal Property Damage | [ ] 740 Railway Labor Act | | [ ] 485 Telephone Consumer Protection Act |
| [ ] 195 Contract Product Liability | [ ] 362 Personal Injury - Medical Malpractice | [ ] 385 Property Damage Product Liability | [ ] 751 Family and Medical Leave Act | **SOCIAL SECURITY** | [ ] 490 Cable/Sat TV |
| [ ] 196 Franchise | | | [ ] 790 Other Labor Litigation | [ ] 861 HIA (1395ff) | [ ] 850 Securities/Commodities/ Exchange |
| | | | [ ] 791 Employee Retirement Income Security Act | [ ] 862 Black Lung (923) | [ ] 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | [ ] 863 DIWC/DIWW (405(g)) | [ ] 891 Agricultural Acts |
| [ ] 210 Land Condemnation | [X] 440 Other Civil Rights | **Habeas Corpus:** | | [ ] 864 SSID Title XVI | [ ] 893 Environmental Matters |
| [ ] 220 Foreclosure | [ ] 441 Voting | [ ] 463 Alien Detainee | | [ ] 865 RSI (405(g)) | [ ] 895 Freedom of Information Act |
| [ ] 230 Rent Lease & Ejectment | [ ] 442 Employment | [ ] 510 Motions to Vacate Sentence | | | [ ] 896 Arbitration |
| [ ] 240 Torts to Land | [ ] 443 Housing/ Accommodations | [ ] 530 General | | **FEDERAL TAX SUITS** | [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities - Employment | [ ] 535 Death Penalty | | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 950 Constitutionality of State Statutes |
| [ ] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities - Other | **Other:** | **IMMIGRATION** | [ ] 871 IRS—Third Party 26 USC 7609 | |
| | [ ] 448 Education | [ ] 540 Mandamus & Other | [ ] 462 Naturalization Application | | |
| | | [ ] 550 Civil Rights | [ ] 465 Other Immigration Actions | | |
| | | [ ] 555 Prison Condition | | | |
| | | [ ] 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [ ] 1 Original Proceeding
- [X] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. §§ 1331

Brief description of cause:

## VII. REQUESTED IN COMPLAINT:

- [ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: [X] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE      DOCKET NUMBER

DATE
11/05/2020

SIGNATURE OF ATTORNEY OF RECORD
*/s Michele E. Turner*

**FOR OFFICE USE ONLY**

RECEIPT #      AMOUNT      APPLYING IFP      JUDGE      MAG. JUDGE

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## DESIGNATION FORM
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: _____

Address of Defendant: _____

Place of Accident, Incident or Transaction: _____

---

**RELATED CASE, IF ANY:**

Case Number: _____    Judge: _____    Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?　　Yes ☐　　No ☐

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?　　Yes ☐　　No ☐

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?　　Yes ☐　　No ☐

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?　　Yes ☐　　No ☐

I certify that, to my knowledge, the within case ☐ **is** / ☐ **is not** related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: _____　　*/s Michele E. Turner*　　_____
　　　　　　　　　　　　　　　　　*Attorney-at-Law / Pro Se Plaintiff*　　　*Attorney I.D. # (if applicable)*

---

**CIVIL: (Place a √ in one category only)**

**A.**　*Federal Question Cases:*

☐　1.　Indemnity Contract, Marine Contract, and All Other Contracts
☐　2.　FELA
☐　3.　Jones Act-Personal Injury
☐　4.　Antitrust
☐　5.　Patent
☐　6.　Labor-Management Relations
☐　7.　Civil Rights
☐　8.　Habeas Corpus
☐　9.　Securities Act(s) Cases
☐　10.　Social Security Review Cases
☐　11.　All other Federal Question Cases
　　　　*(Please specify): _____*

**B.**　*Diversity Jurisdiction Cases:*

☐　1.　Insurance Contract and Other Contracts
☐　2.　Airplane Personal Injury
☐　3.　Assault, Defamation
☐　4.　Marine Personal Injury
☐　5.　Motor Vehicle Personal Injury
☐　6.　Other Personal Injury *(Please specify): _____*
☐　7.　Products Liability
☐　8.　Products Liability – Asbestos
☐　9.　All other Diversity Cases
　　　　*(Please specify): _____*

---

### ARBITRATION CERTIFICATION
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, _____, counsel of record *or* pro se plaintiff, do hereby certify:

☐　Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☐　Relief other than monetary damages is sought.

DATE: _____　　*/s Michele E. Turner*　　_____
　　　　　　　　　　　　　　　　　*Attorney-at-Law / Pro Se Plaintiff*　　　*Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

Civ. 609 (5/2018)

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**CASE MANAGEMENT TRACK DESIGNATION FORM**

| | | |
|---|---|---|
| TAMARA PRYOR, As Administrator of the ESTATE OF AARON JENKINS | : | CIVIL ACTION |
| | : | JURY TRIAL DEMANDED |
| v. | : | |
| CITY OF PHILADELPHIA and PHILADELPHIA | : | |
| AIRPORT, a/k/a Philadelphia International Airport et al | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255. ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
    and Human Services denying plaintiff Social Security Benefits. ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2. ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
    exposure to asbestos. ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
    commonly referred to as complex and that need special or intense management by
    the court. (See reverse side of this form for a detailed explanation of special
    management cases.) ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks. ( X )

| | | |
|---|---|---|
| 11/05/2020 | *Michele E. Turner* | City of Philadelphia City of Philadelphia and Philadelphia International Airport (improperly sued as a defendant) |
| **Date** | **Attorney-at-law** | **Attorney for**  Defendants |
| 215.665. 3344 | 215. 561.6661 | mturner@bbs-law.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

**(Civ. 660) 10/02**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

TAMARA PRYOR, As Administrator of the   :
ESTATE OF AARON JENKINS           :
                                 :      CIVIL ACTION NO.
          v.                  :
                                 :
CITY OF PHILADELPHIA and        :      JURY TRIAL DEMANDED
PHILADELPHIA AIRPORT,          :
a/k/a Philadelphia International Airport   :
And                             :
WORLDWIDE FLIGHT SERVICES, INC.   :
And                             :
FRONTIER AIRLINES                :

## <u>NOTICE OF REMOVAL</u>

PLEASE TAKE NOTICE that Defendants, City of Philadelphia and Philadelphia

International Airport (improperly sued as a defendant) (hereafter "City" or "Removing

Defendants"), hereby remove the above-captioned action from the Court of Common Pleas of

Philadelphia County, Pennsylvania, to the United States District Court for the Eastern District of

Pennsylvania, and in support thereof state as follows:

1.      This is a civil action filed and now pending in the Court of Common Pleas of

Philadelphia County, Pennsylvania, Docket No. 200500110.

2.      On or about May 3, 2020, Plaintiff commenced this Civil Action through the

filing of a Writ of Summons in the Philadelphia County Court of Common Pleas.  <u>See</u> Exhibit A,

Writ of Summons.

3.      On October 8, 2020, Plaintiff filed her Complaint.  <u>See</u> Exhibit B, Complaint.

4.      In her Complaint, Plaintiff seeks to recover damages for the death of Plaintiff's

Decedent following a physical conflict with a coworker.

5.      Count I of Plaintiff's Complaint seeks recovery against all defendants for violations of Plaintiff's Decedent's rights pursuant to the 14th Amendment, Section 1, of the United States Constitution.  See Exhibit B at Count I.

6.      Count II of Plaintiff's Complaint seeks recovery against all defendants for violations of the Civil Rights Act, 42 U.S.C. §1983.  See Exhibit B at Count II.

7.      The Philadelphia County Docket, as of the date of filing of this Notice of Removal, does not reflect service of the Writ of Summons or the Complaint on any defendant. See Exhibit C, Philadelphia Court of Common Pleas Docket.

8.      Defendants, City of Philadelphia and Philadelphia International Airport (improperly sued as a defendant), hereby seek to remove this matter to the United States District Court for the Eastern District of Pennsylvania pursuant to 28 U.S.C.A. §1441(a) because this Court has original "Federal Question" jurisdiction over Plaintiff's claims for violations of Plaintiff's Decedent's rights under the Fourteenth Amendment and 28 U.S.C. §1983, as these claims arise under the Constitution and laws of the United States.  28 U.S.C. §1331.

9.      Defendant, Frontier Airlines, upon information and belief, has not been served and no attorneys have entered an appearance on its behalf in this matter.  28 U.S.C. §1441(b)(2)(A) provides that "When a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action."  See also Balazik v. County of Dauphin, 44 F.3d 209, 213 n.4 (3d Cir. 1995) (Finding that consent of defendants that have not been served at the time of removal not required). Because Frontier Airlines has not been "properly joined and served," its consent to this removal is not required.

10.     Defendant, Worldwide Flight Services, Inc., having retained attorneys who have entered an appearance in this matter on its behalf, has received notice of the filing of Plaintiff's Complaint and, although it has not yet been served and its consent is therefore not required, nevertheless consents to the removal of this action.  See 28 U.S.C. §1441(b)(2)(A); see also *Balazik, supra*.

11.     This removal is timely because Removing Defendants received notice of the filing of Plaintiff's Complaint on October 8, 2020, and this Notice of Removal is being filed within 30 (thirty) days thereof.  28 U.S.C. §1446(b)(1).

12.     Simultaneous with the filing of this Notice of Removal, written notice has been given to all parties.

13.     Removing Defendants are also filing a copy of this Notice of Removal and all attachments thereto with the Prothonotary of the Court of Common Pleas of Philadelphia County.

14.     The averments made herein are true and correct with respect to the date and time upon which suit was commenced and the date upon which this notice is being filed.

**WHEREFORE**, Defendants, City of Philadelphia and Philadelphia International Airport (improperly sued as defendant), hereby remove this matter to this Honorable Court pursuant to the laws of the United States in such cases made and provided.

**BENNETT, BRICKLIN & SALTZBURG LLC**

*/s/ Michele E. Turner*

By:     _____
Michele E. Turner, Esquire
Centre Square, West Tower
1500 Market Street, 32nd Floor
Philadelphia, PA 19102
(215) 665-3386
E-mail: mturner@bbs-law.com

*Attorneys for Defendants,*
*City of Philadelphia and*
*Philadelphia International Airport*
*(improperly sued as a defendant)*

Date: 11/5/2020

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TAMARA PRYOR, As Administrator of the | : | |
| ESTATE OF AARON JENKINS | : | |
| | : | CIVIL ACTION NO. |
| v. | : | |
| | : | |
| CITY OF PHILADELPHIA and | : | JURY TRIAL DEMANDED |
| PHILADELPHIA AIRPORT, | : | |
| a/k/a Philadelphia International Airport | : | |
| And | : | |
| WORLDWIDE FLIGHT SERVICES, INC. | : | |
| And | : | |
| FRONTIER AIRLINES | : | |

## DEMAND FOR JURY TRIAL

Defendants, City of Philadelphia and Philadelphia International Airport (improperly sued as a defendant), hereby demand a twelve (12) member jury trial.

**BENNETT, BRICKLIN & SALTZBURG LLC**

*/s/ Michele E. Turner*

By: _____

Michele E. Turner
*Attorneys for Defendants,*
*City of Philadelphia and*
*Philadelphia International Airport*
*(improperly sued as a defendant)*

Date:11/05/2020

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TAMARA PRYOR, As Administrator of the | : | |
| ESTATE OF AARON JENKINS | : | |
| | : | CIVIL ACTION NO. |
| v. | : | |
| | : | |
| CITY OF PHILADELPHIA and | : | JURY TRIAL DEMANDED |
| PHILADELPHIA AIRPORT, | : | |
| a/k/a Philadelphia International Airport | : | |
| And | : | |
| WORLDWIDE FLIGHT SERVICES, INC. | : | |
| And | : | |
| FRONTIER AIRLINES | : | |

## NOTICE TO PLAINTIFF

To:     Mu'min Islam, Esquire
        MFI Law Group, PLLC
        7433 Limekiln Pike, Ste. 210
        Philadelphia, PA, 19138
        Attorneys for Plaintiff

PLEASE TAKE NOTICE that Defendants, City of Philadelphia and Philadelphia International Airport (improperly sued as a defendant), have filed a Notice of Removal in the United States District Court for the Eastern District of Pennsylvania, removing to that Court a civil action previously pending in the Court of Common Pleas of Philadelphia County, Pennsylvania, Case No. 200500110.

PLEASE TAKE FURTHER NOTICE that a certified copy of the Notice of Removal will be filed with the Prothonotary of the Court of Common Pleas of Philadelphia County, Pennsylvania.

**BENNETT, BRICKLIN & SALTZBURG LLC**

*/s/ Michele E. Turner*

By:     _____
        Michele E. Turner
        *Attorneys for Defendants*
        *City of Philadelphia and*
        *Philadelphia International Airport*
        *(improperly sued as a defendant)*

Date:11/05/2020

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

TAMARA PRYOR, As Administrator of the    :
ESTATE OF AARON JENKINS                   :
                                          :      CIVIL ACTION NO.
              v.                          :
                                          :
CITY OF PHILADELPHIA and                  :      JURY TRIAL DEMANDED
PHILADELPHIA AIRPORT,                     :
a/k/a Philadelphia International Airport  :
And                                       :
WORLDWIDE FLIGHT SERVICES, INC.           :
And                                       :
FRONTIER AIRLINES                         :

**PROOF OF FILING**

Commonwealth of Pennsylvania    :

County of Philadelphia          :

    Michele E. Turner, Esquire, being duly sworn according to law, deposes and says that she is a partner in the law firm of Bennett, Bricklin & Saltzburg LLC, attorneys for defendants, City of Philadelphia and Philadelphia International Airport (improperly sued as a defendant).

    That she did direct the filing with the Prothonotary of the Court of Common Pleas of Philadelphia County a copy of the Notice of Removal, attached hereto, said filing to be made on this date.

                                      **BENNETT, BRICKLIN & SALTZBURG LLC**

                                      */s/ Michele E. Turner*

By: _____
                                        Michele E. Turner
                                        *Attorneys for Defendants*
                                        *City of Philadelphia and*
                                        *Philadelphia International Airport*
                                        *(improperly sued as a defendant)*

Dated:11/05/2020

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TAMARA PRYOR, As Administrator of the | : | |
| ESTATE OF AARON JENKINS | : | |
| | : | CIVIL ACTION NO. |
| v. | : | |
| | : | |
| CITY OF PHILADELPHIA and | : | JURY TRIAL DEMANDED |
| PHILADELPHIA AIRPORT, | : | |
| a/k/a Philadelphia International Airport | : | |
| And | : | |
| WORLDWIDE FLIGHT SERVICES, INC. | : | |
| And | : | |
| FRONTIER AIRLINES | : | |

**PROOF OF SERVICE**

Commonwealth of Pennsylvania       :

County of Philadelphia                      :

     Michele E. Turner, Esquire, being duly sworn according to law, deposes and says that she is a partner of the law firm of Bennett, Bricklin & Saltzburg LLC, and that she did serve on this date the aforementioned Notice as set forth below:

        Mu'min Islam, Esquire
        MFI Law Group, PLLC
        7433 Limekiln Pike, Ste. 210
        Philadelphia, PA, 19138
        *Attorneys for Plaintiff*
        **Via Email**

        William J. Taylor, Jr., Esquire
        Kristi A. Buchholz, Esquire
        Two Commerce Square
        2001 Market Street – Suite 3100
        Philadelphia, PA 19103
        *Attorneys for Defendant,*
        *Worldwide Flight Services, Inc.*
        **Via Email**

Frontier Airlines
4545 Airport Way
Denver, CO 90239
*Defendant*
**Via Regular Mail**

**BENNETT, BRICKLIN & SALTZBURG LLC**

*/s/ Michele E. Turner*

By: _____

Michele E. Turner
*Attorneys for Defendants*
*City of Philadelphia and*
*Philadelphia International Airport*
*(improperly sued as a defendant)*

Dated: 11/05/2020

# EXHIBIT A

_____ :   IN THE COURT OF COMMON PLEAS
Estate of Aaron Jenkins                        :   OF PHILDELPHIA COUNTY
1370 Anchor Street                               :                  :
Philadelphia, PA 19125                        :
     *Plaintiff*,                                      :
                                                            :   CIVIL ACTION -LAW
     v.                                                 :
CITY OF PHILADELPHIA                      :   MAY TERM 2020
1515 Arch Street, 14th Floor                :
Philadelphia, PA 19102                        :
     and                                             :
                                                            :
PHILADELPHIA AIRPORT                   :
a/k/a Philadelphia International Airport :
800 Essington Avenue                          :
Philadelphia, PA 19153                        :
     and                                             :
                                                            :
Worldwide Flight Services, Inc.          :
Room361 – B151, E. Hangar Road        :
Cargo Area A, JFK International Airport :
Jamaica, NY 11430                              :
     and                                             :
                                                            :
Frontier Airlines                                 :
4545 Airport Way                               :
Denver, CO 80239                               :
_____ *Defendants*_____ _:

## PRAECIPE FOR ISSUANCE OF WRIT OF SUMMONS


TO THE PROTHONOTARY:

Please issue a Summons in Civil Action in the above case.


                                            **MFI LAW GROUP, PLLC**


                           By: /s/*Mu'min F. Islam*
                                 **MFI LAW GROUP, PLLC**
                                 7433 Limekiln Pike, Ste. 210
                                 Philadelphia, PA 19138
                                 mislam@mfilawgroup.com
                                 (215) 735 – 2357 (o)
                                 (215) 735 – 2358 (f)

Filed and Attested by the
Office of Judicial Records
05 MAY 2020 11:33 pm
A. SILIGRINI

Summons
Citacion

# Commonwealth of Pennsylvania
### COUNTY OF PHILADELPHIA

| | |
|---|---|
| Estate Estate of Aaron Jenkins<br>1370 Anchor Street<br>Philadelphia, PA 19125<br>of Aaron Jenkins | :   THE COURT OF COMMON PLEASE<br>:   PHILADELPHIA COUNTY<br>: |

*Plaintiff*

CITY OF PHILADELPHIA                    vs.
1515 Arch Street, 14th Floor
Philadelphia, PA 19102
            and
PHILADELPHIA AIRPORT
a/k/a Philadelphia International Airport
800 Essington Avenue
Philadelphia, PA 19153

Worldwide Flight Services, Inc.
Room361 – B151, E. Hangar Road
Cargo Area A, JFK International Airport
Jamaica, NY 11430

Frontier Airlines
4545 Airport Way
Denver, CO 80239
            **Defendants**

May _____ Term, 20 _20_

No. _____

To

| City of Philadelphia<br>1515 Arch Street, 14th Floor<br>Philadelphia, PA 19102 | PHILADELPHIA AIRPORT<br>a/k/a Philadelphia International Airport<br>800 Essington<br>Avenue<br>Philadelphia, PA 19153 | Worldwide Flight Services, Inc.<br>Room361 – B151, E. Hangar Road<br>Cargo Area A, JFK International Airport<br>Jamaica, NY 11430 | Frontier Airlines<br>4545 Airport Way<br>Denver, CO 80239 |

## Writ of Summons

You are notified that the Plaintiff[2]
*Usted esta avisado que el demandante*

Estate of Aaron Jenkins

Has (have) commenced an action against you.
*Ha (han) iniciado una accion en contra suya.*



ERIC FEDER
*Director, Office of Judicial Records*

By: _____

Date: May 3, 2020 _____

10-208 (Rev. 6/14

200500110
03 MAY 2020 11:33 pm
A. SILIGRINI

PROTHONOTARY
FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
933

Case ID: 200500110

# Court of Common Pleas

May _____ Term, 20 20 _____

No. _____

Estate of Aaron Jenkins
_____
*Plaintiff*

vs.

City of Philadelphia,
_____
*Defendant*

# SUMMONS

Case ID: 200500110

| Court of Common Pleas of Philadelphia County<br>Trial Division<br># Civil Cover Sheet | For Prothonotary Use Only (Docket Number)<br>**MAY 2020**<br>E-Filing Number: 2005001574     **000110** |
|---|---|

| PLAINTIFF'S NAME<br>ESTATE OF AARON JENKINS | DEFENDANT'S NAME<br>CITY OF PHILADELPHIA |
|---|---|
| PLAINTIFF'S ADDRESS<br>1370 ANCHOR STREET<br>PHILADELPHIA PA 19125 | DEFENDANT'S ADDRESS<br>1515 ARCH STREET, 14TH FL<br>PHILADELPHIA PA 19102 |
| PLAINTIFF'S NAME | DEFENDANT'S NAME<br>PHILADELPHIA AIRPORT A/K/A PHILADELPHIA<br>INTERNATIONAL AIRPOR |
| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS<br>800 ESSINGTON AVENUE<br>PHILADELPHIA PA 19153 |
| PLAINTIFF'S NAME | DEFENDANT'S NAME<br>WORLDWIDE FLIGHT SERVICES |
| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS<br>ROOM 361 B151, E HANGAR ROAD CARGO AREA A, JFK<br>INTERNATIONA AIRPORT<br>JAMAICA NY 11430 |

| TOTAL NUMBER OF PLAINTIFFS<br>1 | TOTAL NUMBER OF DEFENDANTS<br>4 | COMMENCEMENT OF ACTION |
|---|---|---|

COMMENCEMENT OF ACTION:
- [ ] Complaint
- [ ] Petition Action
- [ ] Notice of Appeal
- [x] Writ of Summons
- [ ] Transfer From Other Jurisdictions

| AMOUNT IN CONTROVERSY | COURT PROGRAMS |
|---|---|
| [ ] $50,000.00 or less<br>[x] More than $50,000.00 | [ ] Arbitration   [ ] Mass Tort   [ ] Commerce   [ ] Settlement<br>[x] Jury   [ ] Savings Action   [ ] Minor Court Appeal   [ ] Minors<br>[ ] Non-Jury   [ ] Petition   [ ] Statutory Appeals   [ ] W/D/Survival<br>[ ] Other: |

| CASE TYPE AND CODE |
|---|
| 2O - PERSONAL INJURY - OTHER |

| STATUTORY BASIS FOR CAUSE OF ACTION |
|---|
| |

| RELATED PENDING CASES (LIST BY CASE CAPTION AND DOCKET NUMBER) | **FILED**<br>**PRO PROTHY**<br>MAY **03** 2020<br>**A. SILIGRINI** | IS CASE SUBJECT TO<br>COORDINATION ORDER?<br>   YES     NO |
|---|---|---|

**TO THE PROTHONOTARY:**

Kindly enter my appearance on behalf of Plaintiff/Petitioner/Appellant: <u>ESTATE OF AARON JENKINS</u>

Papers may be served at the address set forth below.

| NAME OF PLAINTIFF'S/PETITIONER'S/APPELLANT'S ATTORNEY<br>MUMIN ISLAM | ADDRESS<br>7433 LIMEKILN PIKE<br>SUITE 210<br>PHILADELPHIA PA 19146 |
|---|---|
| PHONE NUMBER<br>(215)735-2357 | FAX NUMBER<br>(215)735-2358 | |
| SUPREME COURT IDENTIFICATION NO.<br>208979 | E-MAIL ADDRESS<br>mislam@mfilawgroup.com |
| SIGNATURE OF FILING ATTORNEY OR PARTY<br>*MUMIN ISLAM* | DATE SUBMITTED<br>Sunday, May 03, 2020, 11:33 pm |

**COMPLETE LIST OF DEFENDANTS:**

1. CITY OF PHILADELPHIA
   1515 ARCH STREET, 14TH FL
   PHILADELPHIA PA 19102
2. PHILADELPHIA AIRPORT A/K/A PHILADELPHIA INTERNATIONAL AIRPOR
   800 ESSINGTON AVENUE
   PHILADELPHIA PA 19153
3. WORLDWIDE FLIGHT SERVICES
   ROOM 361 B151, E HANGAR ROAD CARGO AREA A, JFK INTERNATIONA AIRPORT
   JAMAICA NY 11430
4. FRONTIER AIRLINES
   4545 AIRPORT WAY
   DENVER CO 80239

# EXHIBIT B

MFI Law Group, PLLC
By: Mu'min Islam, Esquire
Identification No.: 208979
7433 Limekiln Pike, Ste. 210
Philadelphia, PA, 19138
Email: mislam@mfilawgroup.com
*Attorney for Plaintiff*

*Filed and Attested by the
Office of Judicial Records
08 OCT 2020 11:41 pm
E. MEENAN*

| | |
|---|---|
| Tamara Pryor, As Administrator of the | : IN THE COURT OF COMMON PLEAS |
| Estate of Aaron Jenkins | :     OF PHILADELPHIA COUNTY |
| 1370 Anchor Street | : |
| Philadelphia, PA 19125 | : |
| | : IN THE FIRST JUDICIAL DISTRICT |
| | :     OF PENNSYLVANIA |
| *Plaintiff*, | : |
| | : CIVIL ACTION -LAW |
| | : |
| v. | : MAY TERM 2020 |
| CITY OF PHILADELPHIA | : |
| 1515 Arch Street, 14th Floor | : |
| Philadelphia, PA 19102 | : |
| and | : |
| | : |
| PHILADELPHIA AIRPORT | : |
| a/k/a Philadelphia International Airport | : |
| 800 Essington Avenue | : |
| Philadelphia, PA 19153 | : |
| and | : |
| | : |
| Worldwide Flight Services, Inc. | : |
| Room361 – B151, E. Hangar Road | : |
| Cargo Area A, JFK International Airport | : |
| Jamaica, NY 11430 | : |
| and | : |
| Frontier Airlines | : |
| 4545 Airport Way | : |
| Denver, CO 80239 | : |
| *Defendants* | : |

## NOTICE TO DEFEND

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint of for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

*You should take this paper to your lawyer at once. If you do not have a lawyer or cannot afford one, go to or telephone the office set forth below to find out where you can get legal help.*

**Philadelphia Bar Association
Lawyer Referral
and Information Service
One Reading Center
Philadelphia, Pennsylvania 19107
(215) 238-6333
TTY (215) 451-6197**

1

Case ID: 200500110

**AVISO**

Le han demandado a usted en la corte. Si usted quiere defenderse de estas demandas expuestas en las paginas siguientes, usted tiene veinte (20) dias de plazo al partir de la fecha de la demanda y la notificacion. Hace falta ascentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomara medidas y puede continuar la demanda en contra suya sin previo aviso o notificacion. Ademas, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades u otros derechos importantes para usted.

*Lleve esta demanda a un abogado immediatamente. Si no tiene abogado o si no tiene el dinero suficiente de pagar tal servicio. Vaya en persona o llame por telefono a la oficina cuya direccion se encuentra escrita abajo para averiguar donde se puede conseguir asistencia legal.*

Asociacion De Licenciados
De Filadelfia
Servicio De Referencia E
Informacion Legal

2

Case ID: 200500110

MFI Law Group, PLLC
By: Mu'min Islam, Esquire
Identification No.: 208979
7433 Limekiln Pike, Ste. 210
Philadelphia, PA, 19138
Email: mislam@mfilawgroup.com
*Attorney for Plaintiff*

_____

| | |
|---|---|
| Tamara Pryor, As Administrator of the | :   IN THE COURT OF COMMON PLEAS |
| Estate of Aaron Jenkins | :      OF PHILADELPHIA COUNTY |
| 1370 Anchor Street | : |
| Philadelphia, PA 19125 | :   IN THE FIRST JUDICIAL DISTRICT |
| | :      OF PENNSYLVANIA |
| *Plaintiff,* | : |
| | :   CIVIL ACTION -LAW |
| v. | : |
| CITY OF PHILADELPHIA | :   MAY TERM 2020 |
| 1515 Arch Street, 14th Floor | : |
| Philadelphia, PA 19102 | : |
| and | : |
| | : |
| PHILADELPHIA AIRPORT | : |
| a/k/a Philadelphia International Airport | : |
| 800 Essington Avenue | : |
| Philadelphia, PA 19153 | : |
| and | : |
| | : |
| Worldwide Flight Services, Inc. | : |
| Room361 – B151, E. Hangar Road | : |
| Cargo Area A, JFK International Airport | : |
| Jamaica, NY 11430 | : |
| and | : |
| Frontier Airlines | : |
| 4545 Airport Way | : |
| Denver, CO 80239 | : |
| *Defendants* | : |

## **COMPLAINT**

1. Tamara Pryor ("Plaintiff") is an adult resident of Pennsylvania, residing at 1370 Anchor
   Street, Philadelphia, PA 19125.

2. On July 5, 2018 Plaintiff was duly qualified as Administrators of the Estate of Aaron
   Jenkins. Exhibit A – Philadelphia County Register of Wills Letters of Administration.

3

Case ID: 200500110

3. Aaron Jenkins ("Jenkins") was pronounced on May 3, 2018 at Presbyterian Hospital from a stab wound.

4. Jenkins was a 28-year-old resident of Philadelphia County, residing at 126 West Roselyn Street, Philadelphia, PA 19120.

5. Plaintiff brings this suit as Administrator of the Estate of Aaron Jenkins, as personal representative of Aaron Jenkins. See Exhibit A.

6. Defendant, Worldwide Flight Services, ("WFS") is a ground handling organization providing cargo, passenger, premium, ramp, baggage, and technical services across a network spanning over 179 locations in more than 22 countries on five continents. Having its principal place of business at Room361 – B151, E. Hangar Road, Cargo Area A, JFK International Airport, Jamaica, NY 11430.

7. Defendant, Frontier Airlines, Inc., ("Frontier") is an American carrier headquartered in Denver, Colorado having its principal place of business at 4545 Airport Way, Denver, CO 80239.

8. Defendant, Philadelphia Airport, a/k/a Philadelphia International Airport, ("PHL") is the primary airport serving Philadelphia, which is owned by the City of Philadelphia. Having its principal place of business at  800 Essington Avenue, Philadelphia, PA 19153.

9. Defendant, City of Philadelphia ("City"), having its principal place of business at 1515 Arch Street, 14th Floor, Philadelphia, PA 19102.

10. At all times relevant to this cause of action, WFS, Frontier, PHL, and City (collectively referred to as "Defendants"), engaged in business within the Commonwealth of Pennsylvania and the City and County of Philadelphia on a regular, systematic, continuous and substantial basis controlling the operations of the airport.

4

Case ID: 200500110

11. At all times relevant to this cause of action, Plaintiff was an employee of Frontier and WFS during his employment at PHL in the City of Philadelphia.

12. During Plaintiff's employment with Defendants, it was custom for other employees to enter Philadelphia International Airport, as well as the terminals, without going through security checks.

13. Due to Defendants' custom, airport employees bypassed security, and lack thereof, and were permitted to enter the airport and terminals with prohibited weapons.

14. Once inside Frontier's terminals, Defendants' employee, Kevin Emanuel, bypassed security with a knife and stabbed Plaintiff in his leg; resulting in Plaintiff's death.

15. During employment, employee Kevin Emanuel bullied and tormented the Plaintiff with no relief from Defendants.

16. After the stabbing, employees at PHL became more concerned for their safety.

17. Defendants' conduct caused the safety measures at PHL to decrease and put Plaintiff's safety, and the public's safety at stake who make up 30,000,000 (thirty million) visitors who utilize the airport's services annually.

18. Based on Defendants' conduct, they failed to ensure Jenkins' safety at his place of employment by; (1) failing to ensure there were security checkpoints for visitors at PHL; (2) failing to ensure there were security checkpoints for airport staff at PHL; (3) failing to investigate the lack of safety of the employees after Defendants were put on notice prohibited weapons were entering PHL; (4) failing to train and supervise employees on PHL security policies; and (5) failing to protect Jenkins from the injury he endured at Defendants' facility resulting in his death by his coworker.

Case ID: 200500110

<u>**COUNT I**</u>
**U.S. CONST. 14th Amendment, §1**
**Tamara Pryor, as Administrator of The Estate of Aaron Jenkins v. Defendants**

19. The foregoing paragraphs are incorporated herein by reference.

20. The Fourteenth Amendment of the Constitution provides as follows: nor shall any state deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws. All men are born equally free and independent, and have certain inherent and indefeasible rights, among which are those of enjoying and defending life and liberty, of acquiring, possessing, and protecting property and reputation, and of pursuing their own happiness.

21. Plaintiff allege Defendants, jointly and/or severally, deprived Plaintiff of his Fourteenth Amendment Right.

22. Plaintiff Fourteenth Amendment rights were violated when he was assaulted at PHL. Plaintiff's injuries directly resulted from Defendants' violation of its own Rules and Regulations, and lack of security measures.

23. Defendants, at all times relevant hereto, had a duty to protect Plaintiff once Plaintiff entered on PHL grounds during his employment.

24. Defendants had a mutual agreement Frontier would, in and about the Airport and its Airline's Leased Premises, exercise reasonable control over the conduct, demeanor and appearance of its employees, agents and representatives, contractors, suppliers, vendors, service providers and officers in an orderly and proper manner so as not to harass, irritate, disturb or be offensive to the public and at all times act in accordance with the Rules and Regulations and Airport Security Program.

25. Defendants have deprived Plaintiff of his Fourteenth Amendment and/or statutory rights

Case ID: 200500110

by depriving Plaintiff of his right to liberty, enjoyment of life, and his right to be free from personal harm.

26. Defendants' formal and informal actions of not implementing security checks for its employees, overlooking reports made that airport employees were bringing prohibited weapons into the airport and/or not identifying why such security measures were not implemented reflect a policy, practice, or custom authorizing and allowing employees that violated the constitutional rights of the Plaintiff.

27. Consequently, Defendants are liable for harm caused to others, such as Plaintiff, as a result of its policies, practices, customs, and/or procedures.

28. The said breach of duty was the cause in fact and the proximate cause of the serious injuries sustained by Plaintiff, as aforesaid.

*WHEREFORE*, Plaintiff prays this Honorable Court to enter judgment in his favor, and against the Defendants, and award the following relief:

a.    Actual, special, compensatory, incidental, consequential, and punitive damages in an amount to be determined at trial;

b.    Cost of suit in an amount to be determined at trial; and,

c.    Such additional or further relief as the interest of justice may require

### COUNT II
### 42 U.S.C. § 1983
**Tamara Pryor, as Administrator of The Estate of Aaron Jenkins v. Defendants**

29. The foregoing paragraphs are incorporated herein by reference.

30. The Civil Rights Act, codified as 42 U.S.C. § 1983, provides as follows: Every person who, under color of any statute, ordinance, regulation, custom or usage, of any state or territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United

Case ID: 200500110

States or any other person within the jurisdiction thereof to the deprivation of any laws, privileges or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. 42 U.S.C. § 1983.

31. Defendants deprived Plaintiff of his constitutional right under state-created danger because it should have known, and it was foreseeable Plaintiff would be harmed by the co-employee's actions.

32. To successfully plead claim under "state-created danger" exception to general rule that substantive due process imposes no duty on states to protect their citizens from private harm, plaintiff must satisfy four elements: (1) harm ultimately caused was foreseeable and fairly direct; (2) state actor acted with degree of culpability that shocks conscience; (3) relationship between state and plaintiff existed such that plaintiff was foreseeable victim of defendant's acts, or member of discrete class of persons subjected to potential harm brought about by state's actions, as opposed to member of public in general; and (4) state actor affirmatively used his or her authority in way that created danger to citizen or that rendered citizen more vulnerable to danger than had state not acted at all.

33. Upon information and belief Defendants removed security measures for cost.

34.  The State's affirmative conduct played a part in creating the danger and rendered Plaintiff more vulnerable to that danger.

35. Defendants' Rules and Regulations Manual, published under the authority contained in Sections 4-500(c) and 8-407 of the Philadelphia Home Rule Charter, empowers the Department of Commerce to make regulations governing the use and control of the Airport.

36. These Rules and Regulations explicitly state no person, except duly authorized, active,

8

Case ID: 200500110

police officers, federal employees authorized to carry firearms in the performance of their duties, or members of the armed forces of the United States on official duty shall possess, carry or discharge, ignite, or use any firearms, other weapons or explosives on the Airport.

37. At all times relevant to this cause of action, Kevin Emanuel was not authorized to possess any weapons on Defendants' property.

38. Defendants' policy and custom at issue is a failure to train and supervise its agents and employees.

39. Removing safety measure and violating Defendants' own policy

40. Its failure amounts to a deliberate indifference to the rights of Plaintiff with whom Defendants' employees will come into contact.

41. Plaintiff allege Defendants, jointly and/or severally, deprived Plaintiff of his United States Constitutional right.

42. Plaintiff constitutional rights were violated when he was assaulted at Defendants' terminal. Plaintiff's injuries directly resulted from Defendants' lack of security measures.

43. Defendants, at all times relevant hereto, had a duty to protect Plaintiff once Plaintiff entered onto the Defendants' premises during his employment.

44. Defendants' conduct of removing safety measures at an airport, especially due to cost, shocks the conscience because they were aware prohibited weapons were entering the facility.

45. Defendants had enough time to make an unhurried judgment regarding preventing prohibited weapons from entering the airport.

46. Defendants had a mutual agreement that Frontier and WFS would, in and about the Airport and its Airline's Leased Premises, exercise reasonable control over the conduct, demeanor

9

and appearance of its employees, agents and representatives, contractors, suppliers, vendors, service providers and officers in an orderly and proper manner so as not to harass, irritate, disturb or be offensive to the public and at all times act in accordance with the Rules and Regulations and Airport Security Program.

47. Defendants have deprived Plaintiff of his federal constitutional and/or statutory rights by depriving Plaintiff of his right to be free from physical harm.

48. Defendants' formal and informal actions of not implementing security checks for its employees, overlooking reports made that airport employees were bringing weapons into the airport and/or not identifying why such security measures were not implemented reflect a policy, practice, or custom authorizing and allowing employees that violated the constitutional rights of the Plaintiff. Consequently, Defendants are liable for harm caused to others, such as Plaintiff, as a result of its policies, practices, customs, and/or procedures.

49. The said breach of duty was the cause in fact and the proximate cause of the serious injuries and death sustained by Plaintiff, as aforesaid.

WHEREFORE, Plaintiff prays this Honorable Court to enter judgment in his favor, and against the Defendant, and award the following relief:

a. Actual, special, compensatory, incidental, consequential, and punitive damages in an amount to be determined at trial;

b. Cost of suit in an amount to be determined at trial; and,

c. Such additional or further relief as the interest of justice may require.

### COUNT III
**Negligence**
**Tamara Pryor, as Administrator of The Estate of Aaron Jenkins v. Defendants**

50. Plaintiff incorporates by reference herein all of the above paragraphs.

10

51. Jenkins was a business invitee on Defendants' property.

52. The standard of care a possessor of land owes to one who enters upon the land depends upon whether the latter is a trespasser, licensee, or invitee.

53. An "invitee" is either a public invitee or a business visitor.

54. A "business visitor" is a person who is invited to enter or remain on land for a purpose directly or indirectly connected with business dealings with the possessor of land.

55. The duty of care owed to a business invitee or business visitor is the highest duty owed to any entrant upon land; the landowner must protect the invitee not only against known dangers, but also against those which might be discovered with reasonable care.

56. A possessor of land is subject to liability for physical harm caused to his invitees by a condition on the land if, but only if, he: (1) knows or by the exercise of reasonable care would discover the condition, and should realize that it involves an unreasonable risk of harm to such invitees, (2) should expect that they will not discover or realize the danger, or will fail to protect themselves against it, and (3) fails to exercise reasonable care to protect them against the danger.

57. Defendant had a duty to act reasonable and use due care while Jenkins was an employee at PHL. Defendant breached that duty of due care and acted negligently and/or carelessly, and/or recklessly and/or in reckless disregard to Plaintiff by:

    a.  Failing to ensure that there were security checkpoints for visitors at PHL.

    b.  Failing to ensure that there were security checkpoints for airport staff at PHL.

    c.  Failing to investigate the safety of the employees after Defendants were put on notice that weapons were entering PHL.

    d.  Failing to supervise employees.

Case ID: 200500110

e.   Failing to protect Plaintiff from the injury he endured at Defendants' facility.

58. As a direct and proximate result of the negligence of Defendants, Plaintiff, was caused to suffer from the stab which led his death.

59. All of the above damages were directly and proximately caused by the aforementioned negligence of Defendants.

60. Under personal animus or third-party attack exception to Workers' Compensation Act's exclusivity provision, the exclusivity provision does not preclude damage recoveries by employee based upon employer negligence in maintaining safe workplace if such negligence is associated with injuries inflicted by coworker for purely personal reasons. 77 P.S. §§ 411(1), 481.

61. To set forth valid cause of action implicating personal animus or third-party attack exception to Workers' Compensation Act's exclusivity provision, employee must assert that his injuries are not work-related because he was injured by coworker for purely personal reasons. 77 P.S. §§ 411(1), 481.

62. A Showing of personal animus is not strictly required to implicate personal animus or third party attack exception to Workers' Compensation Act's exclusivity provision; rather, what is required is a showing that victim was attacked for purely personal reasons unrelated to employment. 77 P.S. §§ 411(1), 481.

63. There were claims that the employee who murdered Plaintiff had personal issues against Plaintiff, not work-related, and bullied Jenkins while employed on Defendants' premises.

WHEREFORE, the Plaintiff prays this Honorable Court to enter judgment in his favor, and against the Defendant, and award the following relief:

a.  Actual, special, compensatory, incidental, consequential, and punitive damages;

12

Case ID: 200500110

b.  Cost of suit and attorney's fees; and,

c.  Such additional or further relief as the interest of justice may require.

### COUNT IV
**Wrongful Death**
**Tamara Pryor, as Administrator of The Estate of Aaron Jenkins v. Defendants**

64. All preceding paragraphs of this Complaint are incorporate herein by reference.

65. Plaintiff brings this action as the Administrator of the Estate of Aaron Jenkins, on behalf of those entitled by law to recover for his wrongful death, under and by virtue of 42 Pa. C.S.A. § 8301, et seq., commonly known as the Pennsylvania Wrongful Death Act.

66. No action for damages was brought by Jenkins during his lifetime as a result of the claims at issue in this case.

67. Plaintiff claims damages for the pecuniary loss suffered by Plaintiff's beneficiaries by reason of his death.

68. Plaintiff claims damages resulting from the deprivation of comfort, aid, assistance and society, and the loss of the guidance and tutelage to Jenkin's family due to his death.

*WHEREFORE*, the Plaintiff prays this Honorable Court to enter judgment in his favor, and against Defendants, and award the following relief:

f.  Actual, special, compensatory, incidental, consequential, and punitive damages;

g.  Cost of suit and attorney's fees; and,

h.   Such additional or further relief as the interest of justice may require.

### COUNT V
**SURVIVAL ACT**
**Tamara Pryor, as Administrator of The Estate of Aaron Jenkins v. Defendants**

69. All preceding paragraphs of this Complaint are incorporated herein by reference.

Case ID: 200500110

70. Plaintiff also brings this action under and by virtue of 42 Pa. C.S.A. § 8302, et seq., commonly known as the Pennsylvania Survival Act.

71. The Estate of Aaron Jenkins claims damages for pain and suffering undergone by the decedent as of a result of the Defendant's negligence, up to and including the time of death, and damages for the net amount that Jenkins would have earned from the date of his death to the end of his life expectancy.

WHEREFORE, the Plaintiff prays this Honorable Court to enter judgment in his favor, and against the Defendant, and award the following relief:

     i.   Actual, special, compensatory, incidental, consequential, and punitive damages;

     j.   Cost of suit and attorney's fees; and,

     k.   Such additional or further relief as the interest of justice may require.

MFI LAW GROUP, PLLC

By: _____

Mu'min F. Islam, Esquire
7433 Limekiln Pike, Ste. 210
Philadelphia, PA, 19138

Email: mislam@mfilawgroup.com

*Attorney for Plaintiff*

14

Case ID: 200500110

MFI Law Group, PLLC
By: Mu'min Islam, Esquire
Identification No.: 208979
7433 Limekiln Pike, Ste. 210
Philadelphia, PA, 19138
Email: mislam@mfilawgroup.com
*Attorney for Plaintiff*

| | | |
|---|---|---|
| Tamara Pryor, As Administrator of the | : | IN THE COURT OF COMMON PLEAS |
| Estate of Aaron Jenkins | : | OF PHILADELPHIA COUNTY |
| 1370 Anchor Street | : | |
| Philadelphia, PA 19125 | : | |
| | : | IN THE FIRST JUDICIAL DISTRICT |
| | : | OF PENNSYLVANIA |
| *Plaintiff*, | : | |
| | : | CIVIL ACTION -LAW |
| | : | |
| v. | : | |
| CITY OF PHILADELPHIA | : | MAY TERM 2020 |
| 1515 Arch Street, 14th Floor | : | |
| Philadelphia, PA 19102 | : | |
| and | : | |
| | : | |
| PHILADELPHIA AIRPORT | : | |
| a/k/a Philadelphia International Airport | : | |
| 800 Essington Avenue | : | |
| Philadelphia, PA 19153 | : | |
| and | : | |
| | : | |
| Worldwide Flight Services, Inc. | : | |
| Room361 – B151, E. Hangar Road | : | |
| Cargo Area A, JFK International Airport | : | |
| Jamaica, NY 11430 | : | |
| and | : | |
| Frontier Airlines | : | |
| 4545 Airport Way | : | |
| Denver, CO 80239 | : | |
| *Defendants* | : | |

## **VERIFICATION**

The averments or denials of facts contained in the foregoing are true and correct to the best of my knowledge, information, and belief. I understand that the statements herein are made subject to the penalties of 18 Pa. C.S. §4904, relating to unsworn falsification to authorities.

Respectfully,
**MFI Law Group, PLLC**

BY: _____
Mu'min F. Islam, Esq.
*Attorney for Plaintiff*, Aaron Jenkins

Date: August 21, 2020

15

MFI Law Group, PLLC
By: Mu'min Islam, Esquire
Identification No.: 208979
7433 Limekiln Pike, Ste. 210
Philadelphia, PA, 19138
Email: mislam@mfilawgroup.com
*Attorney for Plaintiff*

_____

| | | |
|---|---|---|
| | : | IN THE COURT OF COMMON PLEAS |
| Tamara Pryor, As Administrator of the | : | OF PHILADELPHIA COUNTY |
| Estate of Aaron Jenkins | : | |
| 1370 Anchor Street | : | |
| Philadelphia, PA 19125 | : | IN THE FIRST JUDICIAL DISTRICT |
| | : | OF PENNSYLVANIA |
| *Plaintiff,* | : | |
| | : | CIVIL ACTION -LAW |
| v. | : | |
| CITY OF PHILADELPHIA | : | MAY TERM 2020 |
| 1515 Arch Street, 14th Floor | : | |
| Philadelphia, PA 19102 | : | |
| and | : | |
| | : | |
| PHILADELPHIA AIRPORT | : | |
| a/k/a Philadelphia International Airport | : | |
| 800 Essington Avenue | : | |
| Philadelphia, PA 19153 | : | |
| and | : | |
| | : | |
| Worldwide Flight Services, Inc. | : | |
| Room361 – B151, E. Hangar Road | : | |
| Cargo Area A, JFK International Airport | : | |
| Jamaica, NY 11430 | : | |
| and | : | |
| Frontier Airlines | : | |
| 4545 Airport Way | : | |
| Denver, CO 80239 | : | |
| *Defendants* | : | |

## **CERTIFICATE OF SERVICE**

The undersigned certifies that a true and correct copy of the Plaintiff's Complaint was filed and served to:

City of Philadelphia
1515 Arch Street, 14th Floor
Philadelphia, PA 19102

PHILADELPHIA AIRPORT
a/k/a Philadelphia International Airport
800 Essington Avenue

16

Case ID: 200500110

Philadelphia, PA 19153

Worldwide Flight Services, Inc.
Room361 – B151, E. Hangar Road
Cargo Area A, JFK International Airport
Jamaica, NY 11430

Frontier Airlines
4545 Airport Way
Denver, CO 80239

Respectfully,
**MFI Law Group, PLLC**

BY:  _____

Mu'min F. Islam, Esq.
*Attorney for Plaintiff*, Aaron Jenkins

Date: August 21, 2020

17

**Exhibit A**

18

Case ID: 200500110

# RENUNCIATION

### REGISTER OF WILLS

### PHILADELPHIA COUNTY, PENNSYLVANIA

Estate of  Aaron Jenkins _____ , Deceased

The undersigned, Tamara Pryor _____ , in the capacity/relationship as
             *(Name or Corporate Name)*
Beneficiary _____ of the above Decedent, hereby renounces the right to administer
the Estate of the Decedent and, to the extent permitted by law pursuant to  20 Pa.C.S. § 3155, respectfully
requests that Letters be issued to  Keisha Brown _____ .

July 5, 2018 _____
*(Date)*

Name of Corporate Fiduciary (if applicable)

_____
Signature of Officer/Representative

_____
Title of Officer/Representative

Address

_____

_____

Telephone

Email

*Signature of Person*

1370 Anchor Street
Address
Philadelphia PA 19125

267-912-2873
Telephone

timonova23@icloud.com
Email

**Executed in Register's Office**

Sworn to or affirmed and subscribed
before me this _____ day
of _____, _____.

_____
Deputy for Register of Wills

*Form RW-06  eff. 09.01.16*

**Executed out of Register's Office**

Before the undersigned personally appeared the
party executing this Renunciation and certified
that he or she executed the Renunciation for the
purposes stated within on this _____ day
of _____ 201 ___

COMMONWEALTH OF PENNSYLVANIA
NOTARIAL SEAL
Mildred Holley-Halsey, Notary Public
City of Philadelphia, Philadelphia County
My Commission Expires March 29, 2021
MEMBER, PENNSYLVANIA ASSOCIATION OF NOTARIES

Notary Public

My Commission Expires:
(Signature and Seal of Notary or other official qualified to
administer oaths. Show date of expiration of Notary's Commission.)

19

Case ID: 200500110

# EXHIBIT C





Civil Docket Report

A $5 Convenience fee will be added to the transaction at checkout.

## Case Description

| | |
|---|---|
| **Case ID:** | 200500110 |
| **Case Caption:** | ESTATE OF AARON JENKINS VS CITY OF PHILADELPHIA ET |
| **Filing Date:** | Sunday , May 03rd, 2020 |
| **Court:** | MAJOR JURY-STANDARD |
| **Location:** | City Hall |
| **Jury:** | JURY |
| **Case Type:** | PERSONAL INJURY - OTHER |
| **Status:** | LISTED FOR CASE MGMT CONF |

## Related Cases

*No related cases were found.*

## Case Event Schedule

| Event | Date/Time | Room | Location | Judge |
|---|---|---|---|---|
| CASE MANAGEMENT CONFERENCE | 09-NOV-2020 09:00 AM | City Hall | Case Management Center, Rm 613 | *unassigned* |

## Case motions

*No case motions were found.*

## Case Parties

| Seq # | Assoc | Expn Date | Type | Name |
|---|---|---|---|---|
| 1 | | | ATTORNEY FOR PLAINTIFF | ISLAM, MUMIN |
| **Address:** 7433 LIMEKILN PIKE SUITE 210 PHILADELPHIA PA 19146 (215)735-2357 mislam@mfilawgroup.com | | **Aliases:** | *none* | |
| | | | | |

| 2 | 1 | | PLAINTIFF | JENKINS ESTATE OF, AARON |
|---|---|---|---|---|
| **Address:** | 1370 ANCHOR STREET PHILADELPHIA PA 19125 | **Aliases:** | *none* | |
| | | | | |
| 3 | 7 | | DEFENDANT | CITY OF PHILADELPHIA |
| **Address:** | 1515 ARCH STREET, 14TH FL PHILADELPHIA PA 19102 | **Aliases:** | *none* | |
| | | | | |
| 4 | 7 | | DEFENDANT | PHILADELPHIA AIRPORT A/K/A PHILADELPHIA INTERNATIONAL AIRPOR |
| **Address:** | 800 ESSINGTON AVENUE PHILADELPHIA PA 19153 | **Aliases:** | *none* | |
| | | | | |
| 5 | 9 | | DEFENDANT | WORLDWIDE FLIGHT SERVICES |
| **Address:** | ROOM 361 B151, E HANGAR ROAD CARGO AREA A, JFK INTERNATIONA AIRPORT JAMAICA NY 11430 | **Aliases:** | *none* | |
| | | | | |
| 6 | | | DEFENDANT | FRONTIER AIRLINES |
| **Address:** | 4545 AIRPORT WAY DENVER CO 80239 | **Aliases:** | *none* | |
| | | | | |
| 7 | | | ATTORNEY FOR DEFENDANT | TURNER ESQ, MICHELE E |
| **Address:** | BENNETT BRICKLIN SALTZBURG LLC CENTRE SQUARE - WEST TOWER | **Aliases:** | *none* | |

| | | | | |
|---|---|---|---|---|
| | 1500 MARKET ST., 32ND FL<br>PHILADELPHIA PA 19102<br>(215)665-3344<br>mturner@bbs-law.com | | | |
| | | | | |
| 8 | | | TEAM<br>LEADER | NEW, ARNOLD L |
| **Address:** | 606 CITY HALL<br>PHILADELPHIA PA 19107<br>(215)686-7260 | **Aliases:** | *none* | |
| | | | | |
| 9 | | | ATTORNEY<br>FOR<br>DEFENDANT | BUCHHOLZ,<br>KRISTI A |
| **Address:** | WILSON ELSER MOSKOWITZ<br>EDELMAN<br>& DICKER - TWO COMMERCE<br>SQUARE<br>2001 MARKET ST., SUITE<br>3100<br>PHILADELPHIA PA 19103<br>(215)627-6900<br>kristi.buchholz@wilsonelser.com | **Aliases:** | *none* | |
| | | | | |
| 10 | 9 | | ATTORNEY<br>FOR<br>DEFENDANT | TAYLOR JR JR,<br>WILLIAM J |
| **Address:** | 2001 MARKET STREET<br>TWO COMMERCE SQUARE<br>SUITE 3100<br>PHILADELPHIA PA 19103<br>(215)627-6900<br>william.taylor@wilsonelser.com | **Aliases:** | *none* | |

## Docket Entries

| Filing<br>Date/Time | Docket Type | Filing Party | Disposition<br>Amount | Approval/<br>Entry Date |
|---|---|---|---|---|
| 03-MAY-2020<br>11:33 PM | ACTIVE CASE | | | 04-MAY-2020<br>08:55 AM |
| **Docket<br>Entry:** | E-Filing Number: 2005001574 | | | |

| 03-MAY-2020 11:33 PM | COMMENCEMENT CIVIL ACTION JURY | ISLAM, MUMIN | | 04-MAY-2020 08:55 AM |
|---|---|---|---|---|
| **Documents:** | Final Cover | | | |
| **Docket Entry:** | *none.* | | | |

| 03-MAY-2020 11:33 PM | PRAE TO ISSUE WRIT OF SUMMONS | ISLAM, MUMIN | | 04-MAY-2020 08:55 AM |
|---|---|---|---|---|
| **Documents:** | Writ of Summons [Final].pdf | | | |
| **Docket Entry:** | PRAECIPE TO ISSUE WRIT OF SUMMONS FILED. WRIT OF SUMMONS ISSUED. | | | |

| 03-MAY-2020 11:33 PM | JURY TRIAL PERFECTED | ISLAM, MUMIN | | 04-MAY-2020 08:55 AM |
|---|---|---|---|---|
| **Docket Entry:** | 8 JURORS REQUESTED. | | | |

| 03-MAY-2020 11:33 PM | WAITING TO LIST CASE MGMT CONF | ISLAM, MUMIN | | 04-MAY-2020 08:55 AM |
|---|---|---|---|---|
| **Docket Entry:** | *none.* | | | |

| 07-MAY-2020 01:46 PM | ENTRY OF APPEARANCE | TURNER ESQ, MICHELE E | | 08-MAY-2020 09:02 AM |
|---|---|---|---|---|
| **Documents:** | Jenkins - EOA and JTD (COP) MET.pdf | | | |
| **Docket Entry:** | ENTRY OF APPEARANCE OF MICHELE E TURNER FILED. (FILED ON BEHALF OF PHILADELPHIA AIRPORT A/K/A PHILADELPHIA INTERNATIONAL AIRPOR AND CITY OF PHILADELPHIA) | | | |

| 07-MAY-2020 01:46 PM | JURY TRIAL PERFECTED | TURNER ESQ, MICHELE E | | 08-MAY-2020 09:02 AM |
|---|---|---|---|---|
| **Docket Entry:** | 12 JURORS REQUESTED. | | | |

| 20-MAY-2020 04:58 PM | ENTRY OF APPEARANCE | BUCHHOLZ, KRISTI A | | 21-MAY-2020 07:13 AM |
|---|---|---|---|---|
| **Documents:** | 07110.00303 - Praecipe for Appearance by W. Taylor, Jr. and K. Buchholz on Behalf of Worlwide Flight Services.pdf | | | |
| **Docket Entry:** | ENTRY OF APPEARANCE OF KRISTI A BUCHHOLZ AND WILLIAM J TAYLOR JR FILED. (FILED ON BEHALF OF WORLDWIDE FLIGHT SERVICES) | | | |
| | | | | |
| 28-JUL-2020 11:34 AM | CERTIFICATION FILED | BUCHHOLZ, KRISTI A | | 28-JUL-2020 11:34 AM |
| **Documents:** | 07110.00303 - Certificate Prerequisite for Service of Subpoena - PPD.pdf | | | |
| **Docket Entry:** | CERTIFICATE PREREQUISITE TO SERVICE OF SUBPOENAS PURSUANT TO RULE 4009.22 FILED. (FILED ON BEHALF OF WORLDWIDE FLIGHT SERVICES) | | | |
| | | | | |
| 22-SEP-2020 04:04 PM | LISTED FOR CASE MGMT CONF | | | 22-SEP-2020 04:04 PM |
| **Docket Entry:** | *none.* | | | |
| | | | | |
| 24-SEP-2020 12:30 AM | NOTICE GIVEN | | | 24-SEP-2020 12:30 AM |
| **Docket Entry:** | *none.* | | | |
| | | | | |
| 08-OCT-2020 04:40 PM | CASE RESCHEDULED BY COURT | ORVIK, ERIK | | 08-OCT-2020 04:41 PM |
| **Docket Entry:** | APL. TO FILE COMPLAINT AND PROVIDE PROOF OF SERVICE. | | | |
| | | | | |
| 08-OCT-2020 04:41 PM | LISTED FOR CASE MGMT CONF | | | 08-OCT-2020 04:41 PM |
| **Docket Entry:** | *none.* | | | |
| | | | | |
| 08-OCT-2020 04:41 PM | NOTICE GIVEN | | | 08-OCT-2020 04:41 PM |
| **Documents:** | NOTGV_14.pdf | | | |

| | | | | |
|---|---|---|---|---|
| **Docket Entry:** | THE CASE MANAGEMENT CONFERENCE FOR THE ABOVE CAPTIONED MATTER HAS BEEN RESCHEDULED FOR Monday, November 09, 2020, AT 09:00 AM, IN Case Management Center, Rm 613, CITY HALL. NO FURTHER CONTINUANCES WILL BE GRANTED ABSENT EXIGENT CRCUMSTANCES. COUNSEL FOR PLAINTIFF IS DIRECTED TO SERVE A COPY OF THIS NOTICE ON ANY UNREPRESENTED PARTY AND ANY ATTORNEY ENTERING AN APPEARANCE SUBSEQUENT TO THE ISSUANCE OF THIS NOTICE. COUNSEL MUST BE PREPARED TO ADDRESS ALL RELEVANT ISSUES. IF THE CASE SETTLED PRIOR TO THE CONFERENCE, ELECTRONICALLY FILE A SETTLEMENT LETTER. TO FILE THE LETTER ELECTRONICALLY, ACCESS THE "EXISTING CASE" SECTION OF THE COURT'S ELECTRONIC FILING SYSTEM. SELECT "CONFERENCE SUBMISSIONS" AS THE FILING CATEGORY. SELECT "SETTLEMENT LETTER" AS THE DOCUMENT TYPE. QUESTIONS CONCERNING THIS NOTICE AND ITS CONTENTS SHALL BE REFERRED TO 215-686-3710. | | | |
| | | | | |
| 08-OCT-2020 04:41 PM | NOTICE GIVEN UNDER RULE 236 | | | 09-OCT-2020 02:19 PM |
| **Docket Entry:** | NOTICE GIVEN ON 09-OCT-2020 OF NOTICE GIVEN ENTERED ON 08-OCT-2020. | | | |
| | | | | |
| 08-OCT-2020 11:41 PM | COMPLAINT FILED NOTICE GIVEN | ISLAM, MUMIN | | 09-OCT-2020 08:36 AM |
| **Documents:** | A. Jenkins Complaint.pdf | | | |
| **Docket Entry:** | COMPLAINT WITH NOTICE TO DEFEND WITHIN TWENTY (20) DAYS AFTER SERVICE IN ACCORDANCE WITH RULE 1018.1 FILED. (FILED ON BEHALF OF AARON JENKINS ESTATE OF) | | | |
| | | | | |
| 10-OCT-2020 12:30 AM | NOTICE GIVEN | | | 10-OCT-2020 12:30 AM |
| **Docket Entry:** | *none.* | | | |
| | | | | |
| 03-NOV-2020 02:52 PM | PRAECIPE TO REINSTATE CMPLT | ISLAM, MUMIN | | 04-NOV-2020 10:36 AM |
| **Documents:** | A. Jenkins Complaint [Final].pdf PraecipetoReinstateComplaint.pdf | | | |
| | | | | |

| | |
|---|---|
| **Docket Entry:** | COMPLAINT WITH NOTICE TO DEFEND WITHIN TWENTY (20) DAYS AFTER SERVICE IN ACCORDANCE WITH RULE 1018.1 REINSTATED. (FILED ON BEHALF OF AARON JENKINS ESTATE OF) |

Case Description   Related Cases   Event Schedule   Case Parties   Docket Entries

E-Filing System     Search Home