IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TAMARA PRYOR, AS ADMINISTRATOR OF THE ESTATE OF AARON JENKINS<br><br>     Plaintiff<br>  v.<br><br>CITY OF PHILADELPHIA, PHILADELPHIA AIRPORT, WORLDWIDE FLIGHT SERVICES, INC., and FRONTIER AIRLINES<br><br>     Defendants | CIVIL ACTION<br><br>NO. 2:20-cv-05532-CMR |

**DEFENDANT WORLDWIDE FLIGHT SERVICES, INC.'S MEMORANDUM OF LAW
IN SUPPORT OF THE MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

For these reasons, as outlined in the Motion to Dismiss plaintiff's Complaint by defendant Worldwide Flight Services, Inc. ("WFS"), and as set forth at length below, defendant WFS respectfully requests that the Court grant its Motion and dismiss Counts I, II and III and punitive damages in plaintiff's Complaint.

**I. MATTER BEFORE THE COURT**

This matter involves claims of violations of the Fourteenth Amendment and 42 U.S.C. § 1983 and negligence arising out of a fatal stabbing which occurred at the Philadelphia International Airport ("PHL") on May 3, 2018. The incident involved plaintiff's son, Aaron Jenkins, and his co-worker Kevin Emanuel. Both individuals were employed by WFS at the time of the incident.

Specifically, WFS seeks dismissal of Counts I, II and III and punitive damages on the following bases: 1) plaintiff's Complaint fails to set forth a cause of action under the Fourteenth Amendment (Count I) and 42 U.S.C. § 1983 (Count II) because WFS is not a state actor; 2)

plaintiff's claims are barred by the Workers' Compensation Act since WFS is plaintiff's employer and there are no facts alleged to support that the "personal animus" exception of the Act applies; and 3) plaintiff's general request for punitive damages in her "wherefore" clauses and conclusory allegations that WFS acted "recklessly" should be dismissed as plaintiff has not pled the requisite elements for punitive damages pursuant to Pennsylvania law. For these reasons, discussed in greater length in the attached Memorandum of Law, defendant WFS respectfully requests that the Court dismiss Counts I, II and III and punitive damages in plaintiff's Complaint with prejudice.

II.  **STATEMENT OF QUESTIONS INVOLVED**

    A. Should plaintiff's claims under the Fourteenth Amendment (Count I) and 42 U.S.C. § 1983 (Count II) be dismissed because WFS is not a state actor?

    **Suggested Answer: Yes.**

    B. Should Count III of plaintiff's Complaint be dismissed because plaintiff asserts negligence claims which are barred by the Pennsylvania Workers' Compensation Act since WFS is plaintiff's employer?

    **Suggested Answer: Yes.**

    C. Whether Plaintiff's claims for punitive damages and conclusory allegations that WFS acted "recklessly" should be stricken with prejudice because Plaintiff fails to allege specific facts to support the alleged conduct by WFS?

    **Suggested Answer: Yes.**

III.  **RELEVANT BACKGROUND**

    A.  **PROCEDURAL BACKGROUND**

2

Plaintiff began this action by filing a Writ of Summons in the Philadelphia County Court of Common Pleas on May 3, 2020. Plaintiff filed a Complaint on October 8, 2020 against defendants the City of Philadelphia, Philadelphia Airport, Worldwide Flight Services, Inc., and Frontier Airlines. *See* Ex. A. On November 5, 2020, defendants City of Philadelphia and Philadelphia Airport filed a Notice of Removal with the United States District Court for the Eastern District of Pennsylvania "pursuant to 28 U.S.C.A. §1441(a) because this Court has original "Federal Question" jurisdiction over Plaintiff's claims for violations of Plaintiff's Decedent's rights under the Fourteenth Amendment and 28 U.S.C. §1983, as these claims arise under the Constitution and laws of the United States. 28 U.S.C. §1331." *See* Document 1, ¶ 8 on this case docket. The removal was timely filed. Therefore, the instant Motion to Dismiss is timely.

B.   **FACTUAL HISTORY**

Plaintiff Tamara Pryor, as administrator of the Estate of Aaron Jenkins, alleges in her Complaint that on May 3, 2018, during her son, Aaron Jenkins' employment at the Philadelphia Airport ("PHL"), Jenkins was stabbed in his leg by another employee, Kevin Emanuel. Jenkins passed away that same day. *See* Ex. A. Plaintiff alleges that plaintiff decedent Jenkins was an employee of WFS. *Id*. at ¶11. In Count I, plaintiff alleges that plaintiff decedent Jenkins' Fourteenth Amendment rights were violated by WFS when he was assaulted at PHL. *Id*. at ¶20-28. Further, plaintiff alleges that WFS deprived plaintiff of his Fourteenth Amendment, § 1, rights of "liberty, enjoyment of life, and his right to be free from personal harm." *Id*. at ¶25. In Count II, plaintiff alleges a breach of 42 U.S.C. § 1983, claiming that WFS "deprived Plaintiff of his constitutional right under state-created danger because it should have known, and it was foreseeable Plaintiff would be harmed by the co-employee's actions." *Id*. at ¶31. Finally, in Count III, plaintiff alleges that plaintiff decedent Jenkins' death was caused by the negligence of

3

1562536v.1

WFS. *Id.* at ¶¶ 51-63. Plaintiff alleges that the Workers' Compensation Act's exclusivity provision does not apply to WFS, plaintiff decedent Jenkins' employer. *Id.*

For the reasons set forth below, plaintiff's causes of actions contained in Counts I, II and III and alleged punitive damages against WFS must be dismissed, with prejudice.

## IV.    ARGUMENT

### A.    STANDARD OF REVIEW

To survive a motion to dismiss, a complaint must allege facts that adequately set forth each of the essential elements of a cause of action. *Nami v. Fauver*, 82 F.3d 63, 65 (3rd Cir. 1996). Although the Court must accept all well-pleaded factual allegations contained in the complaint, it need not credit bare allegations, conclusory assertions or unwarranted factual inferences. *Maio v. Aetna, Inc.*, 221 F.3d 472, 485 n.12 (3rd Cir. 2000); *Morse v. Lower Merion School District*, 132 F.3d 902, 906 (3rd Cir. 1997); *Kost v. Kozakiewwicz*, 1 F.3d 176, 183 (3d Cir. 1993); *Perry v. Grant*, 775 F.Supp. 821 (M.D. Pa. 1991). Bald assertions and conclusions of law will similarly not survive a motion to dismiss. *Gardiner v. Mercyhurst College*, 942 F.Supp. 1050, 1052 (M.D. Pa. 1995).

The Third Circuit has summarized the applicable pleading standard as follows:

> While Rule 12(b)(6) does not permit dismissal of a well-pleaded complaint simply because "it strikes a savvy judge that actual proof of those facts is improbable," the "[f]actual allegations must be enough to raise a right to relief above the speculative level." [*Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 127 S. Ct. 1955 167 L. Ed. 2d 929 (2007)] at [127 S. Ct.] 1965.
>
> The Supreme Court's *Twombly* formulation of the pleading standard can be summed up thus: "stating . . . a claim requires a complaint with enough factual matter (taken as true) to suggest" the required element. *Id.* This "does not impose a probability requirement at the pleading stage," but instead "simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of" the necessary element. *Id.*

4

*Phillips v. County of Allegheny*, 515 F.3d 224, 234 (3rd Cir. 2008).

In ruling on a motion to dismiss, the Court must accept as true all well-pleaded facts and allegations and must draw all reasonable inferences therefrom in favor of the plaintiff. *See Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949-50 (2009); *Twombly*, 550 U.S. at 555. As the Supreme Court made clear in *Twombly*, however, the "factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. The Supreme Court has subsequently broadened the scope of this requirement, stating that "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Iqbal*, 129 S.Ct. at 1950 (*citing Twombly*, 550 U.S. at 556). This standard requires showing more than a mere possibility that a defendant has acted unlawfully. *Iqbal*, 129 S.Ct. at 1949 (citing Twombly, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Iqbal*, 129 S.Ct. at 1949 (quoting *Twombly*, 550 U.S. at 557). "This 'plausibility' determination will be 'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" *Fowler v. UPMC Shadyside*, 578 F.3d 203, 211 (3d Cir. 2009) (quoting *Iqbal*, 129 S.Ct. at 1949).

After *Iqbal*, the United States Court of Appeals for the Third Circuit explained that a district court must conduct the following analysis to determine the sufficiency of a complaint:

> First, the court must "tak[e] note of the elements a plaintiff must plead to state a claim." Second, the court should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." Finally, "where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.""

*Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010) (quoting *Iqbal*, 129 S.Ct. at 1947, 1950); *see also Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 221 (3d Cir. 2011), *cert. denied*, 2012 U.S. LEXIS 2594 (2012); *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011).

*Twombly* and *Iqbal* have not changed the other pleading standards for a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6), and the requirements of Fed.R.Civ.P. 8 must still be met. *See Burtch*, 662 F.3d at 220. Rule 8 requires a showing, rather than a blanket assertion, of entitlement to relief, and "contemplates the statement of circumstances, occurrences, and events in support of the claim presented and does not authorize a pleader's bare averment that he wants relief and is entitled to it." *Twombly*, 550 U.S. at 555 n. 3 (internal alterations, citations, and quotations omitted). Moreover, this standard does not give Plaintiffs carte blanch to ignore facts developed during discovery or make unsubstantiated allegations.

  **B. COUNT II OF PLAINTIFF'S COMPLAINT MUST BE DISMISSED AS PLAINTIFF CANNOT MAINTAIN A § 1983 CLAIM AGAINST WFS, WHERE WFS IS NOT A STATE ACTOR**

WFS moves for dismissal of plaintiff's claim in Count II of the Complaint, which seeks to assert a claim against WFS for a violation of Section 1983. In a Section 1983 action, a Plaintiff must prove the following two essential elements: (1) that the conduct complained of was committed by a person acting under color of state law; and (2) that the conduct complained of deprived the Plaintiff of rights, privileges or immunities secured by the law or the Constitution of the United States.[1] *Parrott v. Taylor*, 451 -U.S. 527, 101 S. Ct. 1908, 68 L. Ed. 2d 420 (1981); *Kost v. Kozakiewicz*, 1 F. 3d 176, 184 (3d Cir. 1993). "[T]o prevail on a Section 1983 claim

---

[1] For purposes of this Motion to Dismiss only, WFS is not addressing the issue of whether plaintiff decedent Jenkins was deprived of any Constitutional rights, as it does not impact the fact that Plaintiff fails to establish the first element for a Section 1983 claim.

6

against multiple defendants, a plaintiff must show that each individual defendant violated his constitutional rights." *Estate of Smith v. Marasco*, 430 F.3d 140, 151 (3d Cir. 2005).

Section 1983 is not a source of substantive rights; rather, it is a means to redress violations of federal law by state actors. *Gonzaga Univ. v. Doe*, 536 U.S. 273, 284-85 (2002). When attempting to establish a claim under section 1983, a plaintiff must allege and prove that a "person" deprived the plaintiff of a constitutional right while acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 49, 108 S. Ct. 2250, 101 L. Ed. 2d 40 (1988) ("To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."); *Martinez v. City of Reading Prop. Maint. Div.*, No. 16-1290, 2017 U.S. Dist. LEXIS 163047, at *37 (E.D. Pa. Sep. 29, 2017).

Plaintiff alleges in Count II of her complaint:

> 30. The Civil Rights Act, codified as 42 U.S.C. § 1983, provides as follows: Every person who, under color of any statute, ordinance, regulation, custom or usage, of any state or territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or any other person within the jurisdiction thereof to the deprivation of any laws, privileges or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. 42 U.S.C. § 1983.
>
> 31. Defendants deprived Plaintiff of his constitutional right under state-created danger because it should have known, and it was foreseeable Plaintiff would be harmed by the co-employee's actions.
>
> 32. To successfully plead claim under "state-created danger" exception to general rule that substantive due process imposes no duty on states to protect their citizens from private harm, plaintiff must satisfy four elements: (1) harm ultimately caused was foreseeable and fairly direct; (2) state actor acted with degree of culpability that shocks conscience; (3) relationship between state and plaintiff existed such that plaintiff was foreseeable victim of

7

defendant's acts, or member of discrete class of persons subjected to potential harm brought about by state's actions, as opposed to member of public in general; and (4) state actor affirmatively used his or her authority in way that created danger to citizen or that rendered citizen more vulnerable to danger than had state not acted at all.

33. Upon information and belief Defendants removed security measures for cost.

34. The State's affirmative conduct played a part in creating the danger and rendered Plaintiff more vulnerable to that danger.

35. Defendants' Rules and Regulations Manual, published under the authority contained in Sections 4-500(c) and 8-407 of the Philadelphia Home Rule Charter, empowers the Department of Commerce to make regulations governing the use and control of the Airport.

36. These Rules and Regulations explicitly state no person, except duly authorized, active, police officers, federal employees authorized to carry firearms in the performance of their duties, or members of the armed forces of the United States on official duty shall possess, carry or discharge, ignite, or use any firearms, other weapons or explosives on the Airport.

37. At all times relevant to this cause of action, Kevin Emanuel was not authorized to possess any weapons on Defendants' property.

38. Defendants' policy and custom at issue is a failure to train and supervise its agents and employees.

39. Removing safety measure and violating Defendants' own policy

40. Its failure amounts to a deliberate indifference to the rights of Plaintiff with whom Defendants' employees will come into contact.

41. Plaintiff allege Defendants, jointly and/or severally, deprived Plaintiff of his United States Constitutional right.

42. Plaintiff constitutional rights were violated when he was assaulted at Defendants' terminal. Plaintiff's injuries directly resulted from Defendants' lack of security measures.

8

> 43. Defendants, at all times relevant hereto, had a duty to protect Plaintiff once Plaintiff entered onto the Defendants' premises during his employment.
>
> 44. Defendants' conduct of removing safety measures at an airport, especially due to cost, shocks the conscience because they were aware prohibited weapons were entering the facility.
>
> 45. Defendants had enough time to make an unhurried judgment regarding preventing prohibited weapons from entering the airport.
>
> 46. Defendants had a mutual agreement that Frontier and WFS would, in and about the Airport and its Airline's Leased Premises, exercise reasonable control over the conduct, demeanor and appearance of its employees, agents and representatives, contractors, suppliers, vendors, service providers and officers in an orderly and proper manner so as not to harass, irritate, disturb or be offensive to the public and at all times act in accordance with the Rules and Regulations and Airport Security Program.
>
> 47. Defendants have deprived Plaintiff of his federal constitutional and/or statutory rights by depriving Plaintiff of his right to be free from physical harm.
>
> 48. Defendants' formal and informal actions of not implementing security checks for its employees, overlooking reports made that airport employees were bringing weapons into the airport and/or not identifying why such security measures were not implemented reflect a policy, practice, or custom authorizing and allowing employees that violated the constitutional rights of the Plaintiff. Consequently, Defendants are liable for harm caused to others, such as Plaintiff, as a result of its policies, practices, customs, and/or procedures.
>
> 49. The said breach of duty was the cause in fact and the proximate cause of the serious injuries and death sustained by Plaintiff, as aforesaid.

*See* Ex. A.

Here, plaintiff has failed to plead sufficient facts in Count II to support a claim under Section 1983. Plaintiff's complaint fails to allege facts that support that WFS is a state or local

government actor.  As alleged by plaintiff, WFS "is a ground handling organization providing cargo, passenger, premium, ramp, baggage, and technical services across a network spanning over 179 locations in more than 22 countries on five continents." Ex. A at ¶ 6.  In fact, WFS is a private corporation, a business entity incorporated in the state of Delaware. There are no allegations in plaintiff's complaint to support that WFS violated plaintiff decedent Jenkins' rights as a state actor. Accordingly, Count II must be dismissed.

**C.     COUNT I OF PLAINTIFF'S COMPLAINT MUST BE DISMISSED AS PLAINTIFF CANNOT ESTABLISH A VIOLATION OF THE 14th AMENDMENT, §1 WHERE WFS IS NOT A STATE ACTOR**

WFS moves for dismissal of plaintiff's claim in Count I of the Complaint, which seeks to assert a claim against WFS for violation of plaintiff's due process rights under the Fourteenth Amendment, Section 1.

> Section 1 of the Fourteenth Amendment provides:
>
> All persons born or naturalized in the United States and subject to the jurisdiction thereof, are citizens of the United States and of the State wherein they reside.  No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws.

U.S. CONST. amend. XIV, § 1.

A plaintiff may bring a due process challenge under the Fourteenth Amendment by either alleging that the state or local government violated his protection afforded to him under substantive procedural due process. *Smith v. Borough of Pottstown*, 1997 U.S. Dist. LEXIS 9178, at *36 (E.D. Pa. June 30, 1997).  The Due Process and Equal Protection Clauses of the Fourteenth Amendment do not apply to private entities. *Moose Lodge No. 107 v. Irvis*, 407 U.S. 163, 172, 92 S.Ct. 1965, 1971, 32 L.Ed.2d 627, 637 (1972).

Where a plaintiff bases his or her claims on the Fourteenth Amendment, § 1983's "under color" of state law requirement is coextensive with the Fourteenth Amendment's "state action" requirement. *Lugar v. Edmondson Oil Co., Inc.*, 457 U.S. 922, 929, 102 S.Ct. 2744, 2749, 73 L.Ed.2d 482, 490 (1982); *McCleester v. Mackel*, No. 06-120J, 2008 U.S. Dist. LEXIS 27505, at *26 (W.D. Pa. Mar. 27, 2008).

In Count I, plaintiff alleges the following against WFS:

> 20. The Fourteenth Amendment of the Constitution provides as follows: nor shall any state deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws. All men are born equally free and independent, and have certain inherent and indefeasible rights, among which are those of enjoying and defending life and liberty, of acquiring, possessing, and protecting property and reputation, and of pursuing their own happiness.
>
> 21. Plaintiff allege Defendants, jointly and/or severally, deprived Plaintiff of his Fourteenth Amendment Right.
>
> 22. Plaintiff Fourteenth Amendment rights were violated when he was assaulted at PHL. Plaintiff's injuries directly resulted from Defendants' violation of its own Rules and Regulations, and lack of security measures.
>
> 23. Defendants, at all times relevant hereto, had a duty to protect Plaintiff once Plaintiff entered on PHL grounds during his employment.
>
> 24. Defendants had a mutual agreement Frontier would, in and about the Airport and its Airline's Leased Premises, exercise reasonable control over the conduct, demeanor and appearance of its employees, agents and representatives, contractors, suppliers, vendors, service providers and officers in an orderly and proper manner so as not to harass, irritate, disturb or be offensive to the public and at all times act in accordance with the Rules and Regulations and Airport Security Program.
>
> 25. Defendants have deprived Plaintiff of his Fourteenth Amendment and/or statutory rights by depriving Plaintiff of his right to liberty, enjoyment of life, and his right to be free from personal harm.

11

26. Defendants' formal and informal actions of not implementing security checks for its employees, overlooking reports made that airport employees were bringing prohibited weapons into the airport and/or not identifying why such security measures were not implemented reflect a policy, practice, or custom authorizing and allowing employees that violated the constitutional rights of the Plaintiff.

27. Consequently, Defendants are liable for harm caused to others, such as Plaintiff, as a result of its policies, practices, customs, and/or procedures.

28. The said breach of duty was the cause in fact and the proximate cause of the serious injuries sustained by Plaintiff, as aforesaid.

Based on the arguments set forth above relating to the Section 1983 claim, plaintiff's claim that WFS violated plaintiff decedent Jenkins' Fourteenth Amendment rights must fail, as there are no allegations to support that WFS is a state actor.

### D. COUNT III OF PLAINTIFF'S COMPLAINT MUST BE DISMISSED AS PLAINTIFF CANNOT SET FORTH A CLAIM AGAINST WFS FOR NEGLIGENCE AS JENKINS' EMPLOYER

Plaintiff's claims against WFS are barred by the exclusivity provision of the Pennsylvania Workers' Compensation Act. It is alleged that plaintiff decedent Jenkins was an employee of WFS and the subject incident took place at "his place of employment" as a result of his co-worker's actions. Ex. A at ¶11, 14, 18. The "exclusivity provision" of Pennsylvania's Workers' Compensation Act, set forth at 77 P.S. Section 481, states as follows:

> (a) The liability of an employer under this act shall be exclusive and in place of any and all other liability to such employees, his legal representative, husband or wife, parents, dependents, next of kin or anyone otherwise entitled to damages in any action at law

12

> or otherwise on account of any injury or death as defined in section 301 (c)(1) and (2) [77 P.S. section 411(1) and (2) . .

The Workers' Compensation Act was established to provide a remedy for work-related injuries. *Gertz v. Temple University*, 661 A.2d 13, 14 (1995), (citations omitted). The Act created a balance of interests in which an employee surrenders the right to sue an employer in tort for injuries received in the course of employment to obtain the benefit if strict liability 77 P.S. section 481(a). If an injury is compensable under the Act, the compensation provided by the Act is the employee's exclusive remedy. *Wasserman v. Fifth & Reed Hospital*, 660 A.2d 600, 604 (Pa. Super. 1995) (citations omitted). Thus, an injured employee cannot maintain a tort action against his or her employer if the injury is compensable under the provisions of the Act. *Gertz*, 661 A.2d at 15.

> 77 P.S. Section 411(1) provides as follows:
>
>> The terms "injury" and "personal injury," as used in this act shall be construed to mean an injury to an employee, regardless of his previous physical condition, arising in the course of his employment and related thereto. . . and whenever death is mentioned as a cause for compensation under this act, it shall mean only death resulting from such injury and its resultant effects, and occurring within three hundred weeks after the injury. The term "injury arising in the course of his employment," as used in this article... shall include all other injuries sustained while the employee is actually engaged in the furtherance of the business or affairs of the employer, whether upon the employer's premises or elsewhere, and shall include all injuries caused by the condition of the premises or by the operation of the employer's business or affairs thereon, sustained by the employee, who, though not so engaged, is injured upon the premises occupied by or under the control of the employer, or upon which the employer's business or affairs are being carried on, the employee's presence thereon being required by the nature of his employment.

Essentially, then, there are two ways in which an injury may arise out of the course of employment. First, the employee was actually furthering the employer's business or affairs

when the injury occurred, or, second, the employee was injured by a condition on a portion of the employer's premises where his/her presence was required. *Dennis v. Kravco*, 761 A.2d 1204, 1206 (Pa. Super. 2000). There is no exception for intentional torts, and there has been no interpretation to allow any such exception. *See Poyser v. Newman & Co.*, 514 Pa. 32, 522 A.2d 548, 551 (Pa. 1987).

In the case at bar, plaintiff decedent Jenkins' injury occurred during the scope of his employment with WFS. WFS is the employer of plaintiff decedent Jenkins as evidenced by his 2017 and 2018 W-2 forms, attached hereto at Ex. B.[2] As further proof of employment, WFS attaches its offer of employment to plaintiff decedent Jenkins and an executed copy of WFS ramp service clerk job description, attached hereto at Ex. C. As such, the exclusivity provision of the Workers' Compensation Act precludes plaintiff's claims for liability against WFS, on any basis other than under the Workers' Compensation procedure and Count III must be dismissed against WFS with prejudice.

Notwithstanding the above, plaintiff alleges she may proceed forward with suit under the "personal animus" exception of the Workers' Compensation Act. To set forth a valid cause of action implicating personal animus or third-party attach exception to the Act's exclusivity provision, plaintiff must allege that plaintiff decedent's injuries were "caused by the intentional conduct of third parties for reasons personal to the tortfeasor and not directed against [the plaintiff] as an employee or because of his employment." *Jackson v. Lehigh Valley Physicians Group,* 2009 U.S. Dist. LEXIS 6936 (E.D. Pa. 2009). "To fit within the [personal animus]

---

[2] *Circuito Cerrado, Inc. v. Katuran*, No. 10-4343, 2011 U.S. Dist. LEXIS 100622, at *7 n.18 (E.D. Pa. Sep. 6, 2011)(*citing Lum v. Bank of Am.*, 361 F.3d. 217, 222 n.3 (3d Cir. 2004) (in deciding a 12(b)(6) motion to dismiss, a court may consider exhibits attached to the complaint and documents that form the basis of the claim; a document forms the basis of the claim if it is integral to or explicitly relied upon in the complaint); *Pension Ben. Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993) ("To decide a motion to dismiss, courts generally consider only the allegations contained in the complaint, exhibits attached to the complaint and matters of public record.")).

1562536v.1

exception, the third party or fellow employees act must have been motivated by his animosity against the injured employee and not directed against the injured person because of the employment." *Martin-McFarlane v. City of Philadelphia,* 299, F. Supp. 3d 658, 673 (E.D. Pa. 2017).

      Count III states in relevant part:

> 60.    Under personal animus or third-party attack exception to Workers' Compensation Act's exclusivity provision, the exclusivity provision does not preclude damage recoveries by employee based upon employer negligence in maintaining safe workplace if such negligence is associated with injuries inflicted by coworker for purely personal reasons. 77 P.S. §§ 411(1), 481.
>
> 61.    To set forth valid cause of action implicating personal animus or third-party attack exception to Workers' Compensation Act's exclusivity provision, employee must assert that his injuries are not work-related because he was injured by coworker for purely personal reasons. 77 P.S. §§ 411(1), 481.
>
> 62.    A Showing of personal animus is not strictly required to implicate personal animus or third party attack exception to Workers' Compensation Act's exclusivity provision; rather, what is required is a showing that victim was attacked for purely personal reasons unrelated to employment. 77 P.S. §§ 411(1), 481.
>
> 63.    There were claims that the employee who murdered Plaintiff had personal issues against Plaintiff, not work-related, and bullied Jenkins while employed on Defendants' premises.

Ex. A.

      Here, plaintiff fails to state a valid claim for negligence against WFS. There are no allegations to support that the subject incident was derived from personal animus between plaintiff decedent Jenkins and his co-worker Emanuel. In fact, plaintiff, in one single paragraph, generally alleges that prior to the underlying incident there were "personal issues against plaintiff." However, such unsubstantiated, conclusory claims are not sufficient to establish a

15

valid cause of action against WFS for negligence under this exception. Plaintiff's general averments fail to give rise to a "plausible inference" that the underlying incident was due to or motivated by personal reasons. In Count III, plaintiff's allegations do not satisfy the requirements to establish a basis for the application of the personal animus exception of the Workers' Compensation Act against WFS, who is immune from liability as plaintiff decedent's employer.

### E.     PLAINTIFF'S CLAIMS FOR PUNITIVE DAMAGES MUST BE DISMISSED

Plaintiff seeks the recovery of punitive damages against all defendants as set forth in her "wherefore" clauses for each count asserted. *See* Ex. A. Further, plaintiff alleges that defendants "breached that duty of due care and acted negligently and/or carelessly, and/or recklessly and/or in reckless disregard to Plaintiff...." Id. at ¶ 57. Plaintiff's request for punitive damages against WFS should be dismissed as plaintiff has not pled the requisite elements for punitive damages pursuant to Pennsylvania law.

"The legal standard for punitive damages must be discerned from state law." *Hittle v. Scipto-Tokai*, 166 F.Supp.2d 142, 158 (MD Pa. 2001). Pennsylvania does not permit punitive damages for mere inadvertence, mistake, or similar errors which constitute ordinary negligence. *Witchey v. Lisi*, 17 D.&C.3 d 131 (Clinton Co. 1980) (citing Restatement of Torts (Second), §908, Comment (b)). Under the Restatement (Second) of Torts §908, punitive damages are only available where there has been outrageous conduct, i.e. acts done with an evil motive or with reckless indifference to the rights of others. *Geyer v. Steinbronn*, 506 A.2d 901 (Pa. 1986). The proper focus is on the act itself, together with all the circumstances including motive of the wrongdoer and the relations between the parties. *See* <u>Hittle</u>, 166 F.Supp.2d at 152. Additionally,

the actor's state of mind is relevant. The act or omission must be intentional, reckless, or malicious. *See Id*.

Pennsylvania Appellate Courts have made it clear that "reckless indifference" , the standard for imposing punitive damages under Restatement of Torts (Second) §908, requires a more culpable mental state of conscious indifference to another's safety. *Martin v. Johns-Mansville*, 494 A.2d 1088 (Pa. 1985). There must be some evidence that the person actually realized the risk and acted in conscious disregard or indifference to it. *Martin*, 494 A.2d at 1097; *Burke v. Massen*, 904 F.2d 178, 182 (3d Cir. 1990). Explaining the rationale for the rule, the Court in *Martin* stated:

> The only purpose of punitive damages is to deter outrageous conduct. It is impossible to deter a person from taking risky action if he is not conscious of the risk . . . therefore, an appreciation of the risk is a necessary element of the mental state required for the imposition of [punitive] damages.

*Martin,* 494 A.2d at 1097 N.12; *Burke*, 904 F.2d at 183.

In *Smith v. Brown*, 283 Pa. Super. 116, 423 A.2d 743 (1979), the Superior Court of Pennsylvania discussed the pleading requirements for a claim for punitive damages and noted that because Pennsylvania is a fact pleading state, "[A] Complaint must not only give the defendant notice of what the plaintiff's claim is and the grounds upon which it rests, but it must also formulate the issues by summarizing those facts essential to support the claim. *Smith v. Brown,* 423 A.2d at 745. The Smith Court went on to state that:

> Pennsylvania is a fact pleading state. Pa.R.C.P. 1019(a). A Complaint must not only give the defendant notice of what the plaintiff's claim is and the grounds upon which it rests, but it must also formulate the issues by summarizing those facts essential to support the claim. Baker, et al. v. Rayos, et al., 229 Pa. Super. 333, 324 A.2d 498 (1974).

> An essential fact needed to support a claim for punitive damages is that the defendant's conduct must have been outrageous. Outrageous conduct is an act done with a bad motive or with a reckless indifference to the interests of others.
>
> "Reckless indifference to the interests of others", or as it is sometimes referred to, "wanton misconduct", means that "the actor has intentionally done an act of an unreasonable character, in disregard of a risk known to him or so obvious that he must be taken to have been aware of it, and so great as to make it highly probable that harm would follow." <u>Evans v. Philadelphia Transportation Company</u>, 418 Pa. 567, 574, 212 A.2d 440, 443 (1965).

*Smith v. Brown*, 423 A.2d at 745 (*additional citations omitted*.)

In the present matter, punitive damages may be awarded only for conduct that is clearly outrageous or malicious based on the facts in support of such conduct. As pled, plaintiff's complaint contains no material facts that support a request for punitive damages against WFS. Plaintiffs' vague, unsupported claims for punitive damages and allegation of "recklessness" do not provide a factual basis for a claim of punitive damages. *See* Ex. A at "wherefore" clauses and ¶ 57. Plaintiff has not plead facts, which if true, demonstrate the WFS's evil intent or reckless indifference to the rights of the plaintiff and which therefore support the characterization of WFS's behavior as outrageous and egregious. Further, plaintiff has not alleged facts, if true, that would prove that the WFS actually realized any risk of injury to plaintiff and acted in ***conscious disregard*** or indifference to that risk.

Plaintiff's general request for punitive damages in plaintiff's "wherefore" clauses and conclusory allegations that WFS acted "recklessly" do not relieve plaintiff of the obligation to plead the legally required knowledge and motive. Although WFS denies any allegations of negligence, these conclusory allegations for punitive damages, including but not limited to paragraph 57, are just embellished claims of negligence with no facts to support them. As such,

the punitive damages asserted in plaintiff's Complaint against WFS must be dismissed with prejudice pursuant to the attached Order.

## V. RELIEF

For the reasons set forth above and in the accompanying Motion to Dismiss, Worldwide Flight Services, Inc. respectfully requests that the Court dismiss plaintiff's Complaint because plaintiff has failed to set forth cognizable causes of actions under the Fourteenth Amendment (Count I), 42 U.S.C. § 1983 (Count II) and Negligence (Count III).  Further, plaintiff's general request for punitive damages in plaintiff's "wherefore" clauses and conclusory allegations that WFS acted "recklessly" should be dismissed as plaintiff has not pled the requisite elements for punitive damages pursuant to Pennsylvania law.

        Respectfully submitted,

        **WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER LLP**

By: */s/Kristi A. Buchholz*
William J. Taylor, Jr., Esquire
PA ID No. 34752
Kristi A. Buchholz, Esquire
PA ID No. 92468
Two Commerce Square
2001 Market Street, Suite 3100
Philadelphia, PA 19103
215-627-6900 (Phone)
215-627-2665 (Fax)
william.taylorjr@wilsonelser.com
kristi.buchholz@wilsonelser.com
*Attorneys for Defendant
Worldwide Flight Services, Inc.*

Dated: November 12, 2020