# EXHIBIT A

MFI Law Group, PLLC
By: Mu'min Islam, Esquire
Identification No.: 208979
7433 Limekiln Pike, Ste. 210
Philadelphia, PA, 19138
Email: mislam@mfilawgroup.com
*Attorney for Plaintiff*

*Filed and Attested by the Office of Judicial Records 08 OCT 2020 11:41 pm E. MEENAN*

|   |   |
|---|---|
| Tamara Pryor, As Administrator of the Estate of Aaron Jenkins<br>1370 Anchor Street<br>Philadelphia, PA 19125<br><br>*Plaintiff*,<br><br>v.<br>CITY OF PHILADELPHIA<br>1515 Arch Street, 14th Floor<br>Philadelphia, PA 19102<br>and<br><br>PHILADELPHIA AIRPORT<br>a/k/a Philadelphia International Airport<br>800 Essington Avenue<br>Philadelphia, PA 19153<br>and<br><br>Worldwide Flight Services, Inc.<br>Room361 – B151, E. Hangar Road<br>Cargo Area A, JFK International Airport<br>Jamaica, NY 11430<br>and<br>Frontier Airlines<br>4545 Airport Way<br>Denver, CO 80239<br>*Defendants* | IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY<br><br>IN THE FIRST JUDICIAL DISTRICT OF PENNSYLVANIA<br><br>CIVIL ACTION -LAW<br><br>MAY TERM 2020 |

**NOTICE TO DEFEND**

**You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint of for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.**

*You should take this paper to your lawyer at once. If you do not have a lawyer or cannot afford one, go to or telephone the office set forth below to find out where you can get legal help.*

**Philadelphia Bar Association
Lawyer Referral
and Information Service
One Reading Center
Philadelphia, Pennsylvania 19107
(215) 238-6333
TTY (215) 451-6197**

1

**AVISO**

**Le han demandado a usted en la corte. Si usted quiere defenderse de estas demandas expuestas en las paginas siguientes, usted tiene veinte (20) dias de plazo al partir de la fecha de la demanda y la notificacion. Hace falta ascentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomara medidas y puede continuar la demanda en contra suya sin previo aviso o notificacion. Ademas, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades u otros derechos importantes para usted.**

*Lleve esta demanda a un abogado immediatamente. Si no tiene abogado o si no tiene el dinero suficiente de pagar tal servicio. Vaya en persona o llame por telefono a la oficina cuya direccion se encuentra escrita abajo para averiguar donde se puede conseguir asistencia legal.*

**Asociacion De Licenciados
De Filadelfia
Servicio De Referencia E
Informacion Legal**

Case ID: 200500110

MFI Law Group, PLLC
By: Mu'min Islam, Esquire
Identification No.: 208979
7433 Limekiln Pike, Ste. 210
Philadelphia, PA, 19138
Email: mislam@mfilawgroup.com
*Attorney for Plaintiff*

| | |
|---|---|
| Tamara Pryor, As Administrator of the Estate of Aaron Jenkins<br>1370 Anchor Street<br>Philadelphia, PA 19125<br><br>*Plaintiff*,<br><br>v.<br>CITY OF PHILADELPHIA<br>1515 Arch Street, 14th Floor<br>Philadelphia, PA 19102<br>and<br><br>PHILADELPHIA AIRPORT<br>a/k/a Philadelphia International Airport<br>800 Essington Avenue<br>Philadelphia, PA 19153<br>and<br><br>Worldwide Flight Services, Inc.<br>Room361 – B151, E. Hangar Road<br>Cargo Area A, JFK International Airport<br>Jamaica, NY 11430<br>and<br>Frontier Airlines<br>4545 Airport Way<br>Denver, CO 80239<br>*Defendants* | IN THE COURT OF COMMON PLEAS<br>  OF PHILADELPHIA COUNTY<br><br>IN THE FIRST JUDICIAL DISTRICT<br>  OF PENNSYLVANIA<br><br>CIVIL ACTION -LAW<br><br>MAY TERM 2020 |

## **COMPLAINT**

1. Tamara Pryor ("Plaintiff") is an adult resident of Pennsylvania, residing at 1370 Anchor Street, Philadelphia, PA 19125.

2. On July 5, 2018 Plaintiff was duly qualified as Administrators of the Estate of Aaron Jenkins. Exhibit A – Philadelphia County Register of Wills Letters of Administration.

3

Case ID: 200500110

3. Aaron Jenkins ("Jenkins") was pronounced on May 3, 2018 at Presbyterian Hospital from a stab wound.

4. Jenkins was a 28-year-old resident of Philadelphia County, residing at 126 West Roselyn Street, Philadelphia, PA 19120.

5. Plaintiff brings this suit as Administrator of the Estate of Aaron Jenkins, as personal representative of Aaron Jenkins. See Exhibit A.

6. Defendant, Worldwide Flight Services, ("WFS") is a ground handling organization providing cargo, passenger, premium, ramp, baggage, and technical services across a network spanning over 179 locations in more than 22 countries on five continents. Having its principal place of business at Room361 – B151, E. Hangar Road, Cargo Area A, JFK International Airport, Jamaica, NY 11430.

7. Defendant, Frontier Airlines, Inc., ("Frontier") is an American carrier headquartered in Denver, Colorado having its principal place of business at 4545 Airport Way, Denver, CO 80239.

8. Defendant, Philadelphia Airport, a/k/a Philadelphia International Airport, ("PHL") is the primary airport serving Philadelphia, which is owned by the City of Philadelphia. Having its principal place of business at 800 Essington Avenue, Philadelphia, PA 19153.

9. Defendant, City of Philadelphia ("City"), having its principal place of business at 1515 Arch Street, 14th Floor, Philadelphia, PA 19102.

10. At all times relevant to this cause of action, WFS, Frontier, PHL, and City (collectively referred to as "Defendants"), engaged in business within the Commonwealth of Pennsylvania and the City and County of Philadelphia on a regular, systematic, continuous and substantial basis controlling the operations of the airport.

11. At all times relevant to this cause of action, Plaintiff was an employee of Frontier and WFS during his employment at PHL in the City of Philadelphia.

12. During Plaintiff's employment with Defendants, it was custom for other employees to enter Philadelphia International Airport, as well as the terminals, without going through security checks.

13. Due to Defendants' custom, airport employees bypassed security, and lack thereof, and were permitted to enter the airport and terminals with prohibited weapons.

14. Once inside Frontier's terminals, Defendants' employee, Kevin Emanuel, bypassed security with a knife and stabbed Plaintiff in his leg; resulting in Plaintiff's death.

15. During employment, employee Kevin Emanuel bullied and tormented the Plaintiff with no relief from Defendants.

16. After the stabbing, employees at PHL became more concerned for their safety.

17. Defendants' conduct caused the safety measures at PHL to decrease and put Plaintiff's safety, and the public's safety at stake who make up 30,000,000 (thirty million) visitors who utilize the airport's services annually.

18. Based on Defendants' conduct, they failed to ensure Jenkins' safety at his place of employment by; (1) failing to ensure there were security checkpoints for visitors at PHL; (2) failing to ensure there were security checkpoints for airport staff at PHL; (3) failing to investigate the lack of safety of the employees after Defendants were put on notice prohibited weapons were entering PHL; (4) failing to train and supervise employees on PHL security policies; and (5) failing to protect Jenkins from the injury he endured at Defendants' facility resulting in his death by his coworker.

**COUNT I**
**U.S. CONST. 14th Amendment, §1**
**Tamara Pryor, as Administrator of The Estate of Aaron Jenkins v. Defendants**

19. The foregoing paragraphs are incorporated herein by reference.

20. The Fourteenth Amendment of the Constitution provides as follows: nor shall any state deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws. All men are born equally free and independent, and have certain inherent and indefeasible rights, among which are those of enjoying and defending life and liberty, of acquiring, possessing, and protecting property and reputation, and of pursuing their own happiness.

21. Plaintiff allege Defendants, jointly and/or severally, deprived Plaintiff of his Fourteenth Amendment Right.

22. Plaintiff Fourteenth Amendment rights were violated when he was assaulted at PHL. Plaintiff's injuries directly resulted from Defendants' violation of its own Rules and Regulations, and lack of security measures.

23. Defendants, at all times relevant hereto, had a duty to protect Plaintiff once Plaintiff entered on PHL grounds during his employment.

24. Defendants had a mutual agreement Frontier would, in and about the Airport and its Airline's Leased Premises, exercise reasonable control over the conduct, demeanor and appearance of its employees, agents and representatives, contractors, suppliers, vendors, service providers and officers in an orderly and proper manner so as not to harass, irritate, disturb or be offensive to the public and at all times act in accordance with the Rules and Regulations and Airport Security Program.

25. Defendants have deprived Plaintiff of his Fourteenth Amendment and/or statutory rights

by depriving Plaintiff of his right to liberty, enjoyment of life, and his right to be free from personal harm.

26. Defendants' formal and informal actions of not implementing security checks for its employees, overlooking reports made that airport employees were bringing prohibited weapons into the airport and/or not identifying why such security measures were not implemented reflect a policy, practice, or custom authorizing and allowing employees that violated the constitutional rights of the Plaintiff.

27. Consequently, Defendants are liable for harm caused to others, such as Plaintiff, as a result of its policies, practices, customs, and/or procedures.

28. The said breach of duty was the cause in fact and the proximate cause of the serious injuries sustained by Plaintiff, as aforesaid.

WHEREFORE, Plaintiff prays this Honorable Court to enter judgment in his favor, and against the Defendants, and award the following relief:

    a.    Actual, special, compensatory, incidental, consequential, and punitive damages in an amount to be determined at trial;

    b.    Cost of suit in an amount to be determined at trial; and,

    c.    Such additional or further relief as the interest of justice may require

## COUNT II
### 42 U.S.C. § 1983
**Tamara Pryor, as Administrator of The Estate of Aaron Jenkins v. Defendants**

29. The foregoing paragraphs are incorporated herein by reference.

30. The Civil Rights Act, codified as 42 U.S.C. § 1983, provides as follows: Every person who, under color of any statute, ordinance, regulation, custom or usage, of any state or territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United

Case ID: 200500110

States or any other person within the jurisdiction thereof to the deprivation of any laws, privileges or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. 42 U.S.C. § 1983.

31. Defendants deprived Plaintiff of his constitutional right under state-created danger because it should have known, and it was foreseeable Plaintiff would be harmed by the co-employee's actions.

32. To successfully plead claim under "state-created danger" exception to general rule that substantive due process imposes no duty on states to protect their citizens from private harm, plaintiff must satisfy four elements: (1) harm ultimately caused was foreseeable and fairly direct; (2) state actor acted with degree of culpability that shocks conscience; (3) relationship between state and plaintiff existed such that plaintiff was foreseeable victim of defendant's acts, or member of discrete class of persons subjected to potential harm brought about by state's actions, as opposed to member of public in general; and (4) state actor affirmatively used his or her authority in way that created danger to citizen or that rendered citizen more vulnerable to danger than had state not acted at all.

33. Upon information and belief Defendants removed security measures for cost.

34. The State's affirmative conduct played a part in creating the danger and rendered Plaintiff more vulnerable to that danger.

35. Defendants' Rules and Regulations Manual, published under the authority contained in Sections 4-500(c) and 8-407 of the Philadelphia Home Rule Charter, empowers the Department of Commerce to make regulations governing the use and control of the Airport.

36. These Rules and Regulations explicitly state no person, except duly authorized, active,

police officers, federal employees authorized to carry firearms in the performance of their duties, or members of the armed forces of the United States on official duty shall possess, carry or discharge, ignite, or use any firearms, other weapons or explosives on the Airport.

37. At all times relevant to this cause of action, Kevin Emanuel was not authorized to possess any weapons on Defendants' property.

38. Defendants' policy and custom at issue is a failure to train and supervise its agents and employees.

39. Removing safety measure and violating Defendants' own policy

40. Its failure amounts to a deliberate indifference to the rights of Plaintiff with whom Defendants' employees will come into contact.

41. Plaintiff allege Defendants, jointly and/or severally, deprived Plaintiff of his United States Constitutional right.

42. Plaintiff constitutional rights were violated when he was assaulted at Defendants' terminal. Plaintiff's injuries directly resulted from Defendants' lack of security measures.

43. Defendants, at all times relevant hereto, had a duty to protect Plaintiff once Plaintiff entered onto the Defendants' premises during his employment.

44. Defendants' conduct of removing safety measures at an airport, especially due to cost, shocks the conscience because they were aware prohibited weapons were entering the facility.

45. Defendants had enough time to make an unhurried judgment regarding preventing prohibited weapons from entering the airport.

46. Defendants had a mutual agreement that Frontier and WFS would, in and about the Airport and its Airline's Leased Premises, exercise reasonable control over the conduct, demeanor

and appearance of its employees, agents and representatives, contractors, suppliers, vendors, service providers and officers in an orderly and proper manner so as not to harass, irritate, disturb or be offensive to the public and at all times act in accordance with the Rules and Regulations and Airport Security Program.

47. Defendants have deprived Plaintiff of his federal constitutional and/or statutory rights by depriving Plaintiff of his right to be free from physical harm.

48. Defendants' formal and informal actions of not implementing security checks for its employees, overlooking reports made that airport employees were bringing weapons into the airport and/or not identifying why such security measures were not implemented reflect a policy, practice, or custom authorizing and allowing employees that violated the constitutional rights of the Plaintiff. Consequently, Defendants are liable for harm caused to others, such as Plaintiff, as a result of its policies, practices, customs, and/or procedures.

49. The said breach of duty was the cause in fact and the proximate cause of the serious injuries and death sustained by Plaintiff, as aforesaid.

WHEREFORE, Plaintiff prays this Honorable Court to enter judgment in his favor, and against the Defendant, and award the following relief:

    a.    Actual, special, compensatory, incidental, consequential, and punitive damages in an amount to be determined at trial;

    b.    Cost of suit in an amount to be determined at trial; and,

    c.    Such additional or further relief as the interest of justice may require.

## COUNT III
### Negligence
**Tamara Pryor, as Administrator of The Estate of Aaron Jenkins v. Defendants**

50. Plaintiff incorporates by reference herein all of the above paragraphs.

51. Jenkins was a business invitee on Defendants' property.

52. The standard of care a possessor of land owes to one who enters upon the land depends upon whether the latter is a trespasser, licensee, or invitee.

53. An "invitee" is either a public invitee or a business visitor.

54. A "business visitor" is a person who is invited to enter or remain on land for a purpose directly or indirectly connected with business dealings with the possessor of land.

55. The duty of care owed to a business invitee or business visitor is the highest duty owed to any entrant upon land; the landowner must protect the invitee not only against known dangers, but also against those which might be discovered with reasonable care.

56. A possessor of land is subject to liability for physical harm caused to his invitees by a condition on the land if, but only if, he: (1) knows or by the exercise of reasonable care would discover the condition, and should realize that it involves an unreasonable risk of harm to such invitees, (2) should expect that they will not discover or realize the danger, or will fail to protect themselves against it, and (3) fails to exercise reasonable care to protect them against the danger.

57. Defendant had a duty to act reasonable and use due care while Jenkins was an employee at PHL. Defendant breached that duty of due care and acted negligently and/or carelessly, and/or recklessly and/or in reckless disregard to Plaintiff by:

    a. Failing to ensure that there were security checkpoints for visitors at PHL.

    b. Failing to ensure that there were security checkpoints for airport staff at PHL.

    c. Failing to investigate the safety of the employees after Defendants were put on notice that weapons were entering PHL.

    d. Failing to supervise employees.

  e. Failing to protect Plaintiff from the injury he endured at Defendants' facility.

58. As a direct and proximate result of the negligence of Defendants, Plaintiff, was caused to suffer from the stab which led his death.

59. All of the above damages were directly and proximately caused by the aforementioned negligence of Defendants.

60. Under personal animus or third-party attack exception to Workers' Compensation Act's exclusivity provision, the exclusivity provision does not preclude damage recoveries by employee based upon employer negligence in maintaining safe workplace if such negligence is associated with injuries inflicted by coworker for purely personal reasons. 77 P.S. §§ 411(1), 481.

61. To set forth valid cause of action implicating personal animus or third-party attack exception to Workers' Compensation Act's exclusivity provision, employee must assert that his injuries are not work-related because he was injured by coworker for purely personal reasons. 77 P.S. §§ 411(1), 481.

62. A Showing of personal animus is not strictly required to implicate personal animus or third party attack exception to Workers' Compensation Act's exclusivity provision; rather, what is required is a showing that victim was attacked for purely personal reasons unrelated to employment. 77 P.S. §§ 411(1), 481.

63. There were claims that the employee who murdered Plaintiff had personal issues against Plaintiff, not work-related, and bullied Jenkins while employed on Defendants' premises.

WHEREFORE, the Plaintiff prays this Honorable Court to enter judgment in his favor, and against the Defendant, and award the following relief:

a. Actual, special, compensatory, incidental, consequential, and punitive damages;

Case ID: 200500110

b. Cost of suit and attorney's fees; and,

c. Such additional or further relief as the interest of justice may require.

## COUNT IV
### Wrongful Death
**Tamara Pryor, as Administrator of The Estate of Aaron Jenkins v. Defendants**

64. All preceding paragraphs of this Complaint are incorporate herein by reference.

65. Plaintiff brings this action as the Administrator of the Estate of Aaron Jenkins, on behalf of those entitled by law to recover for his wrongful death, under and by virtue of 42 Pa. C.S.A. § 8301, et seq., commonly known as the Pennsylvania Wrongful Death Act.

66. No action for damages was brought by Jenkins during his lifetime as a result of the claims at issue in this case.

67. Plaintiff claims damages for the pecuniary loss suffered by Plaintiff's beneficiaries by reason of his death.

68. Plaintiff claims damages resulting from the deprivation of comfort, aid, assistance and society, and the loss of the guidance and tutelage to Jenkin's family due to his death.

*WHEREFORE*, the Plaintiff prays this Honorable Court to enter judgment in his favor, and against Defendants, and award the following relief:

f. Actual, special, compensatory, incidental, consequential, and punitive damages;

g. Cost of suit and attorney's fees; and,

h. Such additional or further relief as the interest of justice may require.

## COUNT V
### SURVIVAL ACT
**Tamara Pryor, as Administrator of The Estate of Aaron Jenkins v. Defendants**

69. All preceding paragraphs of this Complaint are incorporated herein by reference.

13

Case ID: 200500110

70. Plaintiff also brings this action under and by virtue of 42 Pa. C.S.A. § 8302, et seq., commonly known as the Pennsylvania Survival Act.

71. The Estate of Aaron Jenkins claims damages for pain and suffering undergone by the decedent as of a result of the Defendant's negligence, up to and including the time of death, and damages for the net amount that Jenkins would have earned from the date of his death to the end of his life expectancy.

WHEREFORE, the Plaintiff prays this Honorable Court to enter judgment in his favor, and against the Defendant, and award the following relief:

    i. Actual, special, compensatory, incidental, consequential, and punitive damages;

    j. Cost of suit and attorney's fees; and,

    k. Such additional or further relief as the interest of justice may require.

MFI LAW GROUP, PLLC

By: _____

Mu'min F. Islam, Esquire
7433 Limekiln Pike, Ste. 210
Philadelphia, PA, 19138

Email: mislam@mfilawgroup.com

*Attorney for Plaintiff*

MFI Law Group, PLLC
By: Mu'min Islam, Esquire
Identification No.: 208979
7433 Limekiln Pike, Ste. 210
Philadelphia, PA, 19138
Email: mislam@mfilawgroup.com
*Attorney for Plaintiff*

| | | |
|---|---|---|
| Tamara Pryor, As Administrator of the Estate of Aaron Jenkins<br>1370 Anchor Street<br>Philadelphia, PA 19125<br><br>*Plaintiff,*<br><br>v.<br>CITY OF PHILADELPHIA<br>1515 Arch Street, 14th Floor<br>Philadelphia, PA 19102<br>and<br><br>PHILADELPHIA AIRPORT<br>a/k/a Philadelphia International Airport<br>800 Essington Avenue<br>Philadelphia, PA 19153<br>and<br><br>Worldwide Flight Services, Inc.<br>Room361 – B151, E. Hangar Road<br>Cargo Area A, JFK International Airport<br>Jamaica, NY 11430<br>and<br>Frontier Airlines<br>4545 Airport Way<br>Denver, CO 80239<br>*Defendants* | : : : : : : : : : : : : : : : : : : : : : : : : : : | IN THE COURT OF COMMON PLEAS<br>OF PHILADELPHIA COUNTY<br><br>IN THE FIRST JUDICIAL DISTRICT<br>OF PENNSYLVANIA<br><br>CIVIL ACTION -LAW<br><br>MAY TERM 2020 |

## **VERIFICATION**

The averments or denials of facts contained in the foregoing are true and correct to the best of my knowledge, information, and belief. I understand that the statements herein are made subject to the penalties of 18 Pa. C.S. §4904, relating to unsworn falsification to authorities.

Respectfully,<br>
**MFI Law Group, PLLC**<br><br>
BY: _____<br>
Mu'min F. Islam, Esq.<br>
*Attorney for Plaintiff*, Aaron Jenkins

Date: August 21, 2020

MFI Law Group, PLLC
By: Mu'min Islam, Esquire
Identification No.: 208979
7433 Limekiln Pike, Ste. 210
Philadelphia, PA, 19138
Email: mislam@mfilawgroup.com
*Attorney for Plaintiff*

_____

| | |
|---|---|
| Tamara Pryor, As Administrator of the Estate of Aaron Jenkins<br>1370 Anchor Street<br>Philadelphia, PA 19125 | IN THE COURT OF COMMON PLEAS<br>OF PHILADELPHIA COUNTY<br><br>IN THE FIRST JUDICIAL DISTRICT<br>OF PENNSYLVANIA |
| *Plaintiff,* | CIVIL ACTION -LAW |
| v.<br>CITY OF PHILADELPHIA<br>1515 Arch Street, 14th Floor<br>Philadelphia, PA 19102<br>and<br><br>PHILADELPHIA AIRPORT<br>a/k/a Philadelphia International Airport<br>800 Essington Avenue<br>Philadelphia, PA 19153<br>and<br><br>Worldwide Flight Services, Inc.<br>Room361 – B151, E. Hangar Road<br>Cargo Area A, JFK International Airport<br>Jamaica, NY 11430<br>and<br>Frontier Airlines<br>4545 Airport Way<br>Denver, CO 80239<br>*Defendants* | MAY TERM 2020 |

## CERTIFICATE OF SERVICE

The undersigned certifies that a true and correct copy of the Plaintiff's Complaint was filed and served to:

City of Philadelphia
1515 Arch Street, 14th Floor
Philadelphia, PA 19102

PHILADELPHIA AIRPORT
a/k/a Philadelphia International Airport
800 Essington Avenue

16

Philadelphia, PA 19153

Worldwide Flight Services, Inc.
Room361 – B151, E. Hangar Road
Cargo Area A, JFK International Airport
Jamaica, NY 11430

Frontier Airlines
4545 Airport Way
Denver, CO 80239

                                                                    Respectfully,
                                                     **MFI Law Group, PLLC**

                                                 BY:_____
                                                         Mu'min F. Islam, Esq.
                                      *Attorney for Plaintiff*, Aaron Jenkins

Date: August 21, 2020

# Exhibit A

Case ID: 200500110

# RENUNCIATION

## REGISTER OF WILLS
## PHILADELPHIA COUNTY, PENNSYLVANIA

Estate of  Aaron Jenkins _____, Deceased

The undersigned, Tamara Pryor _____, in the capacity/relationship as
*(Name or Corporate Name)*
Beneficiary _____ of the above Decedent, hereby renounces the right to administer the Estate of the Decedent and, to the extent permitted by law pursuant to 20 Pa.C.S. § 3155, respectfully requests that Letters be issued to  Keisha Brown _____.

July 5, 2018
*(Date)*

Name of Corporate Fiduciary (if applicable)

_____
Signature of Officer/Representative

_____
Title of Officer/Representative

_____
Address

_____

_____
Telephone

_____
Email

*Tamara Pryor*
Signature of Person

1370 Anchor Street
Address
Philadelphia PA 19125

267-912-2873
Telephone

timonova23@icloud.com
Email

**Executed in Register's Office**

Sworn to or affirmed and subscribed
before me this _____ day
of _____, _____.

_____
Deputy for Register of Wills

**Executed out of Register's Office**

Before the undersigned personally appeared the party executing this Renunciation and certified that he or she executed the Renunciation for the purposes stated within on this __5th__ day of __July__ 2018.

COMMONWEALTH OF PENNSYLVANIA
NOTARIAL SEAL
Mildred Holley-Halsey, Notary Public
City of Philadelphia, Philadelphia County
My Commission Expires March 29, 2021
MEMBER, PENNSYLVANIA ASSOCIATION OF NOTARIES

*Mildred Holley-Halsey*
Notary Public

My Commission Expires:
*(Signature and Seal of Notary or other official qualified to administer oaths. Show date of expiration of Notary's Commission.)*

Form RW-06  eff. 09.01.16

19