IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **KEISHA BROWN, As Administratix of the Estate of Aaron Jenkins**<br>  *Plaintiff*,<br>        v.<br>**CITY OF PHILADELPHIA**<br>1515 Arch Street, 14th Floor<br> Philadelphia, PA 19102<br>        and<br>**PHILADELPHIA AIRPORT**<br>a/k/a Philadelphia International Airport<br>800 Essington Avenue<br>Philadelphia, PA 19153<br>and<br>**Worldwide Flight Services, Inc**.<br>Room361 – B151, E. Hangar Road<br>Cargo Area A, JFK International Airport<br>Jamaica, NY 11430<br><br>and<br><br>**Frontier Airlines**<br>4545 Airport Way<br>Denver, CO 80239<br>        *Defendant*. | **Case No. 2:20-cv-05532-CMR**<br><br>JURY TRIAL DEMANDED |

## AMENDED COMPLAINT

Plaintiff, Keisha Brown as the Administratrix of the Estate of Aaron Jenkins, a decedent by and through her attorneys, Mu'min F. Islam and Brittany Gardner, alleges as follows:

### PARTIES

1. Keisha Brown ("Plaintiff") is the Administrator of the Estate of Aaron Jenkins, with a residence of 1923 W. Sparks Street, Philadelphia, PA 19141.

2. Defendant, City of Philadelphia ("City"), having its principal place of business at 1515 Arch Street, 14th Floor, Philadelphia, PA 19102.

1

3. Defendant, Philadelphia Airport, a/k/a Philadelphia International Airport, ("PHL") is the primary airport serving Philadelphia, which is owned by the City of Philadelphia. Having its principal place of business at 800 Essington Avenue, Philadelphia, PA 19153.

4. Defendant, Worldwide Flight Services, ("WFS") is a ground handling organization providing cargo, passenger, premium, ramp, baggage, and technical services across a network spanning over 179 locations in more than 22 countries on five continents. Having its principal place of business at Room361 – B151, E. Hangar Road, Cargo Area A, JFK International Airport, Jamaica, NY 11430.

5. Defendant, Frontier Airlines, Inc., ("Frontier") is an American carrier headquartered in Denver, Colorado having its principal place of business at 4545 Airport Way, Denver, CO 80239.

## JURISDICTION AND VENUE

6. The Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §1331, as Plaintiff's claims arise under the Fourteenth Amendment to the United States Constitution and U.S.C. §1983.

7. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(1) because Defendants can be found in, reside, or transact business in this District.

8. Venue is proper in this District pursuant to 28 U.S.C. §1391(b)(2) because the event sor omissions giving rise to the claim occurred in this District.

## MATERIAL FACTS

9. On September 28, 2018 Plaintiff was duly qualified as Administrator of the Estate of Aaron Jenkins.

10. Aaron Jenkins ("Decedent") was pronounced dead on May 3, 2018 at Presbyterian Hospital from a stabbing.

11. Decedent was a 28-year-old resident of Philadelphia County, residing at 126 West Roselyn Street, Philadelphia, PA 19120.

12. Plaintiff brings this suit as Administrator of the Estate of Aaron Jenkins, as personal representative of Aaron Jenkins.

13. At all times relevant to this cause of action, WFS, Frontier, PHL, and City (collectively referred to as "Defendants"), engaged in business within the Commonwealth of Pennsylvania and the City and County of Philadelphia on a regular, systematic, continuous and substantial basis controlling the operations of the airport.

14. At all times relevant to this cause of action, Plaintiff was an employee of WFS during his employment at PHL in the City of Philadelphia.

15. The City and PHL are responsible for operation and control of the Philadelphia International Airport including but not limited to, issuance of policies, rules and regulations, implementation of security measures and compliance with all federal and local rules.

16. Defendant's Philadelphia International Airport's Rules and Regulations Manual, published under the authority contained in Sections 4-500(c) and 8-407 of the Philadelphia Home Rule Charter, empowers the City of Philadelphia's Department of Commerce to make regulations governing the use and control of the Airport.

17. Since December 2016, the City's Department of Commerce Division of Aviation Rules and Regulations for the airport set forth a prohibition for any person "except duly

authorized, active, police officer, federal employees" from possessing firearms and/or other weapons.

18. In support of this prohibition, the City and PHL had a duty to maintain appropriate policies and procedures to ensure compliance with the prohibition of weapons on the airport's property.

19. Upon information and/or belief, during Plaintiff's employment with WFS, it was custom employees of Frontier and WFS to enter Philadelphia International Airport, as well as gate access via the terminals with weapons.

20. In fact, it was widely known amongst WFS' employees and management, that overnight workers would specifically bring weapons to the facility for their travel to and from work.

21. The City and PHL were responsible for managing, coordinating and positioning Transportation Security Administration's ("TSA") officers at appropriate entry points of PHL's terminals.

22. Frontier and WFS' employees and management were aware the City and PHL did not have TSA screening as mandated behind the employee entrances of Terminal E leading to gate access.

23. In addition to TSA, within Terminal E there was the employment of private security to ensure compliance with the weapon prohibition of airport employees.

24. Upon information and belief, defendants City and PHL removed the additional security from the employee access areas of Terminal E.

25. As a result of the custom of allowing individuals into the tarmac and other areas behind Terminal E and the removal of the private security, Plaintiff was exposed to unknown dangers created by the government actors as a violation of the Fourteenth Amendment.

26. Due to Defendants' custom, airport employees bypassed security, and lack thereof, and were permitted to enter the airport and terminals with prohibited weapons.

27. During his employment, employee Kevin Emanuel ("Emanuel") bullied and tormented the Plaintiff with no relief from Defendants.

28. Upon information and/or belief Emanuel had a personal relationship with the human resources manager.

29. As a result of this relationship, previous complaints by Plaintiff and other employees regarding workplace violence were ignored.

30. In fact, there was at least one complaint of a knife being brandished in the breakroom for which WFS management failed to address.

31. On May 3, 2018, consistent with the known custom, Emmanuel entered the premises of Terminal A with no metal screening and/or internal screening carrying a knife approximately 5 – 10 inches long.

32. During his lunch break, he engaged in an argument with Decedent while Decedent was napping during his scheduled break.

33. Based upon their pre-existing history, Decedent attempted to defend himself from Emmanuel and was ultimately stabbed in his leg causing his death.

**COUNT I**
**CIVIL RIGHTS**
**Keisha Brown, as Administrator of The Estate of Aaron Jenkins v. City of Philadelphia and Philadelphia International Airport**

34. The foregoing paragraphs are incorporated herein by reference.

35. Defendant City of Philadelphia is a Municipality that is subject to suit pursuant to 41 U.S.C. §1983.

36. Defendant Philadelphia International Airport is a municipal entity that is subject to 41 U.S.C. §1983.

37. Defendants Philadelphia International Airport and City of Philadelphia's constitutional torts are not governed or limited in any way by 41 Pa. C.S.§8541, *et seq.* or 42 Pa. C.S. §8521, *et seq.*

38. Defendants City of Philadelphia and Philadelphia International Airport violated Decedent's due process right to bodily integrity, which is secured by the Fourteenth Amendment to the Constitution of the United States.

39. At all times material hereto, defendants City of Philadelphia and the Philadelphia International Airport acted under color of state law.

40. The specific harm to which defendants City of Philadelphia and the Philadelphia International Airport exposed Decedent to was foreseeable and direct in that they were aware allowing employees within the Terminal with weapons would result in harm including but not limited to death via stabbings.

41. PHL's willful decision to remove private security and TSA security from Terminal E creates a degree of culpability that shocks the conscience in allowing individuals to have private access to Terminal E without proper security measures, including metal detector screening.

42. PHL's custom in allowing individuals to enter Terminal E without any medical detectors or private screening is contrary to the rules and regulations of the Airport, City of Philadelphia and Federal Aviation Administration.

43. The Decedent as an employee of Frontier and WFS was a member of a discrete class of person subjected to the potential harm brough about by the Defendants City and PHL.

44. As a member of this class, Decedent held a special relationship with the City of Philadelphia and the Philadelphia International Airport as he was an employee that used the employee access of Terminal E.

45. PHL affirmatively removed TSA and/or private screening measures for employees within Terminal E in a way that created a danger to Decedent.

46. PHL and the City of Philadelphia's actions constitute a "state-created danger," rendering them liable to Plaintiff for violation of Decedent's civil rights.

47. Despite their awareness of the risk of weapons within the airport by individuals not being screened, policymakers within the City of Philadelphia and the Philadelphia International Airport, deliberately chose not to train their employees and/or agents including Frontier, regarding policies for screening for weapons or acquiesced in a longstanding practice or custom of inaction in this regard.

48. Despite their awareness of the risk of weapons being brought onto the airport without metal detector screening, policy makers within Defendant City of Philadelphia and Philadelphia International Airport deliberately chose not to supervise their employees and/or agents including Frontier regarding policies for screening of weapons or acquiesced in a longstanding practice or custom of inaction in this regard.

49. The Constitutional rights violated by defendants City of Philadelphia and the Philadelphia International Airport consisted of liberty, privacy, and bodily integrity.

50. Defendants City of Philadelphia and the Philadelphia International Airport acted intentionally or with deliberate indifference to the rights of Decedent.

51. As a direct result of the actions of defendants as set forth above, Decedent was caused to suffer the injuries set forth in paragraph 30.

*WHEREFORE*, Plaintiff prays this Honorable Court to enter judgment in his favor, and against the Defendants, and award the following relief:

    a.    Actual, special, compensatory, incidental, consequential, and punitive damages in an amount to be determined at trial;

    b.    Cost of suit in an amount to be determined at trial; and,

    c.    Such additional or further relief as the interest of justice may require

<u>**COUNT II**</u>
**Negligence - Premises Liability**
**Keisha Brown, as Administrator of The Estate of Aaron Jenkins v. Worldwide Flight Services and Frontier Airlines**

52. The foregoing paragraphs are incorporated herein by reference.

53. PHL entered Into an use and lease agreement with Frontier for the use of lease space within Terminal E of the airport on/or about November 30, 2015.

54. Within the lease agreement for the premises at Terminal E, Frontier was obligated to exercise reasonable control over the conduct, demeanor and appearance of its employees, agents and representatives, contractors, suppliers, vendors, service providers and officers in an orderly and proper manner so as not to harass, irritate, disturb or be offensive to the public and at all times act in accordance with the Rules and Regulations and Airport Security Program.

55. WFS entered Into an agreement with Frontier, service as the baggage handler and other services for Frontier on/or about May 2018 for Terminal E.

56.  Decedent was an employee of WFS.

57. Under personal animus or third-party attack exception to Workers' Compensation Act's exclusivity provision, the exclusivity provision does not preclude damage recoveries by

employee based upon employer negligence in maintaining safe workplace if such negligence is associated with injuries inflicted by coworker for purely personal reasons. 77 P.S. §§ 411(1), 481.

58. Decedent was attacked during his lunch break while an argument ensued with someone for whom he has had previous negative encounters which had nothing to do with his employment.

59. Based upon their pre-existing relationship along with Emanuel's possession of a knife, Decedent was stabbed In his leg solely because of the two parties argument.

60. A Showing of personal animus is not strictly required to implicate personal animus or third party attack exception to Workers' Compensation Act's exclusivity provision; rather, what is required is a showing that a victim was attacked for purely personal reasons unrelated to employment. 77 P.S. §§ 411(1), 481.

61. As an employee of WFS, Decedent was also a business visitor of Frontier while on the premises of Terminal E.

62. A "business visitor" is a person who is invited to enter or remain on land for a purpose directly or indirectly connected with business dealings with the possessor of land.

63. The duty of care owed to a business invitee or business visitor is the highest duty owed to any entrant upon land; the landowner must protect the invitee not only against known dangers, but also against those which might be discovered with reasonable care.

64. A possessor of land is subject to liability for physical harm caused to his invitees by a condition on the land if, but only if, he: (1) knows or by the exercise of reasonable care would discover the condition, and should realize that it involves an unreasonable risk of harm to such invitees, (2) should expect that they will not discover or realize the danger,

or will fail to protect themselves against it, and (3) fails to exercise reasonable care to protect them against the danger.

65. Based on Defendants' conduct, they failed to ensure Jenkins' safety at his place of employment by; (1) failing to ensure there were security checkpoints for visitors at PHL; (2) failing to ensure there were security checkpoints for airport staff at PHL; (3) failing to investigate the lack of safety of the employees after Defendants were put on notice prohibited weapons were entering PHL; (4) failing to train and supervise employees on PHL security policies; and (5) failing to protect Decedent from the injury he endured at Defendants' facility resulting in his death by his coworker.

66. Defendant had a duty to act reasonable and use due care while Decedent was an employee at PHL. Defendant breached that duty of due care and acted negligently and/or carelessly, and/or recklessly and/or in reckless disregard to Plaintiff by:

   a. Failing to ensure that there were security checkpoints for visitors at PHL.

   b. Failing to ensure that there were security checkpoints for airport staff at PHL.

   c. Failing to investigate the safety of the employees after Defendants were put on notice that weapons were entering PHL.

   d. Failing to supervise employees.

   e. Failing to protect Plaintiff from the injury he endured at Defendants' facility.

67. As a direct and proximate result of the negligence of Defendants, Plaintiff, was caused to suffer from the stab which led his death.

68. All of the above damages were directly and proximately caused by the aforementioned negligence of Defendants.

WHEREFORE, the Plaintiff prays this Honorable Court to enter judgment in his favor, and against

the Defendant, and award the following relief:

a.  Actual, special, compensatory, incidental, consequential, and punitive damages;

b.  Cost of suit and attorney's fees; and,

c.  Such additional or further relief as the interest of justice may require.

## COUNT IV
### Wrongful Death
**Keisha Brown, as Administrator of The Estate of Aaron Jenkins v. Defendants**

69. All preceding paragraphs of this Complaint are incorporate herein by reference.

70. Plaintiff brings this action as the Administrator of the Estate of Aaron Jenkins, on behalf of those entitled by law to recover for his wrongful death, under and by virtue of 42 Pa. C.S.A. § 8301, et seq., commonly known as the Pennsylvania Wrongful Death Act.

71. No action for damages was brought by Decedent during his lifetime as a result of the claims at issue in this case.

72. Plaintiff claims damages for the pecuniary loss suffered by Plaintiff's beneficiaries by reason of his death.

73. Plaintiff claims damages resulting from the deprivation of comfort, aid, assistance and society, and the loss of the guidance and tutelage to Jenkin's family due to his death.

WHEREFORE, the Plaintiff prays this Honorable Court to enter judgment in his favor, and against Defendants, and award the following relief:

f.  Actual, special, compensatory, incidental, consequential, and punitive damages;

g.  Cost of suit and attorney's fees; and,

h.  Such additional or further relief as the interest of justice may require.

## COUNT V
### SURVIVAL ACT
**Keisha Brown, as Administrator of The Estate of Aaron Jenkins v. Defendants**

y

74. All preceding paragraphs of this Complaint are incorporated herein by reference.

75. Plaintiff also brings this action under and by virtue of 42 Pa. C.S.A. § 8302, et seq., commonly known as the Pennsylvania Survival Act.

76. The Estate of Aaron Jenkins claims damages for pain and suffering undergone by the decedent as of a result of the Defendant's negligence, up to and including the time of death, and damages for the net amount that Decedent would have earned from the date of his death to the end of his life expectancy.

WHEREFORE, the Plaintiff prays this Honorable Court to enter judgment in his favor, and against the Defendant, and award the following relief:

  i. Actual, special, compensatory, incidental, consequential, and punitive damages;

  j. Cost of suit and attorney's fees; and,

  k. Such additional or further relief as the interest of justice may require.

MFI LAW GROUP, PLLC

By: _____
Mu'min F. Islam, Esquire
7433 Limekiln Pike, Ste. 210
Philadelphia, PA, 19138
Email: mislam@mfilawgroup.com
*Attorney for Plaintiff*

Date: November 26, 2020

MFI Law Group, PLLC
By: Mu'min Islam, Esquire
Identification No.: 208979

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| **KEISHA BROWN, As Administratix of the Estate of Aaron Jenkins** <br> *Plaintiff*, <br> v. <br><br> **CITY OF PHILADELPHIA** <br> 1515 Arch Street, 14th Floor <br> Philadelphia, PA 19102 <br> and <br><br> **PHILADELPHIA AIRPORT** <br> a/k/a Philadelphia International Airport <br> 800 Essington Avenue <br> Philadelphia, PA 19153 <br> and <br><br> **Worldwide Flight Services, Inc**. <br> Room361 – B151, E. Hangar Road <br> Cargo Area A, JFK International Airport <br> Jamaica, NY 11430 <br><br> and <br><br> **Frontier Airlines** <br> 4545 Airport Way <br> Denver, CO 80239 <br> *Defendant*. | **Case No. 2:20-cv-05532-CMR** <br><br> JURY TRIAL DEMANDED |

**CERTIFICATE OF SERVICE**

    The undersigned certifies that a true and correct copy of the Plaintiff's Complaint was filed and served to:

City of Philadelphia
1515 Arch Street, 14th Floor
Philadelphia, PA 19102

PHILADELPHIA AIRPORT
a/k/a Philadelphia International Airport
800 Essington Avenue
Philadelphia, PA 19153

Worldwide Flight Services, Inc.
Room361 – B151, E. Hangar Road

13

Cargo Area A, JFK International Airport
Jamaica, NY 11430

Frontier Airlines
4545 Airport Way
Denver, CO 80239

Respectfully,
**MFI Law Group, PLLC**

BY: _____
Mu'min F. Islam, Esq.
*Attorney for Plaintiff*, Estate of Aaron Jenkins

Date: November 26, 2020