**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| KEISHA BROWN, AS ADMINISTRATOR OF THE ESTATE OF AARON JENKINS<br><br>               Plaintiff<br>    v.<br><br>CITY OF PHILADELPHIA, PHILADELPHIA AIRPORT, WORLDWIDE FLIGHT SERVICES, INC., and FRONTIER AIRLINES<br>               Defendants | CIVIL ACTION<br><br>NO.  2:20-cv-05532-CMR |

**DEFENDANT WORLDWIDE FLIGHT SERVICES, INC.'S MEMORANDUM OF LAW**
**IN SUPPORT OF THE MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT**

For these reasons, as outlined in the Motion to Dismiss plaintiff's Amended Complaint by defendant Worldwide Flight Services, Inc. ("WFS"), and as set forth at length below, defendant WFS respectfully requests that the Court grant its Motion and dismiss all allegations against WFS in the Amended Complaint filed by plaintiff Keisha Brown, As the Administrator of the Estate of Aaron Jenkins ("plaintiff").

I.     **MATTER BEFORE THE COURT**

This matter involves claims of negligence arising out of a fatal stabbing which occurred at the Philadelphia International Airport ("PHL") on May 3, 2018. The incident involved plaintiff's son, Aaron Jenkins, and his co-worker Kevin Emanuel. Both individuals were employed by WFS at the time of the incident.

Specifically, WFS seeks dismissal of Count II (Negligence – Premises Liability) and punitive damages on the following bases: 1) plaintiff has failed to properly allege a claim of negligence against WFS where the location of the subject incident is not identified and there are no claims that WFS owned, leased or managed the subject premises; 2) plaintiff's claims are

barred by the Workers' Compensation Act since WFS is plaintiff's employer and there are no facts alleged to support that the "personal animus" exception of the Act applies; and 3) plaintiff's general request for punitive damages in her "wherefore" clauses and conclusory allegations that WFS acted "recklessly" should be dismissed as plaintiff has not pled the requisite elements for punitive damages pursuant to Pennsylvania law.  For these reasons, discussed in greater length in the attached Memorandum of Law, defendant WFS respectfully requests that the Court dismiss all allegations against WFS in plaintiff's Amended Complaint with prejudice.

## II.   <u>STATEMENT OF QUESTIONS INVOLVED</u>

A.  Should Count II of plaintiff's Amended Complaint be dismissed because plaintiff fails to allege a valid claim of negligence against WFS, where the location of the subject incident is not identified and there are no claims that WFS owned, leased or managed the subject premises?

**Suggested Answer: Yes.**

B.  Should Count II of plaintiff's Amended Complaint be dismissed because plaintiff asserts negligence claims which are barred by the Pennsylvania Workers' Compensation Act since WFS is plaintiff's employer?

**Suggested Answer: Yes.**

C.  Should Plaintiff's claims for punitive damages and conclusory allegations that WFS acted "recklessly" should be stricken with prejudice because Plaintiff fails to allege specific facts to support the alleged conduct by WFS?

**Suggested Answer: Yes.**

## III.   <u>RELEVANT BACKGROUND</u>

### A.     PROCEDURAL BACKGROUND

Plaintiff began this action by filing a Writ of Summons in the Philadelphia County Court of Common Pleas on May 3, 2020.  Plaintiff filed a Complaint on October 8, 2020 against defendants

1570912v.1

the City of Philadelphia, Philadelphia Airport, Worldwide Flight Services, Inc., and Frontier Airlines.  On November 5, 2020, defendants City of Philadelphia and Philadelphia Airport filed a Notice of Removal with the United States District Court for the Eastern District of Pennsylvania. Plaintiff filed an Amended Complaint on November 26, 2020.  *See* Ex. A.  Therefore, the instant Motion to Dismiss is timely.

      **B.**    **FACTUAL HISTORY**

Plaintiff Keisha Brown, as administrator of the Estate of Aaron Jenkins, alleges in her Amended Complaint that on May 3, 2018, during her son, Aaron Jenkins' employment with WFS at the Philadelphia Airport ("PHL"), Jenkins was stabbed in his leg by another WFS employee, Kevin Emanuel. Jenkins passed away that same day. *See* Ex. A.  Plaintiff alleges that plaintiff decedent Jenkins was an employee of WFS. *Id*. at ¶¶14, 56. In Count II, plaintiff alleges that plaintiff decedent Jenkins' death was caused by the negligence of WFS. *Id*. at ¶¶ 52-68.  Plaintiff alleges that the Workers' Compensation Act's exclusivity provision does not apply to WFS, plaintiff decedent Jenkins' employer. *Id*. For the reasons set forth below, plaintiff's cause of actions contained in Count II (Negligence – Premises Liability) and alleged punitive damages against WFS must be dismissed, with prejudice.

**IV.**    <u>**ARGUMENT**</u>

      **A.**    **STANDARD OF REVIEW**

To survive a motion to dismiss, a complaint must allege facts that adequately set forth each of the essential elements of a cause of action.  *Nami v. Fauver*, 82 F.3d 63, 65 (3rd Cir. 1996).  Although the Court must accept all well-pleaded factual allegations contained in the complaint, it need not credit bare allegations, conclusory assertions or unwarranted factual inferences. *Maio v. Aetna, Inc.*, 221 F.3d 472, 485 n.12 (3rd Cir. 2000); *Morse v. Lower Merion*

*School District*, 132 F.3d 902, 906 (3rd Cir. 1997); *Kost v. Kozakiewwicz*, 1 F.3d 176, 183 (3d Cir. 1993); *Perry v. Grant*, 775 F.Supp. 821 (M.D. Pa. 1991). Bald assertions and conclusions of law will similarly not survive a motion to dismiss. *Gardiner v. Mercyhurst College*, 942 F.Supp. 1050, 1052 (M.D. Pa. 1995).

The Third Circuit has summarized the applicable pleading standard as follows:

> While Rule 12(b)(6) does not permit dismissal of a well-pleaded complaint simply because "it strikes a savvy judge that actual proof of those facts is improbable," the "[f]actual allegations must be enough to raise a right to relief above the speculative level." [*Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 127 S. Ct. 1955 167 L. Ed. 2d 929 (2007)] at [127 S. Ct.] 1965.
>
> The Supreme Court's *Twombly* formulation of the pleading standard can be summed up thus: "stating . . . a claim requires a complaint with enough factual matter (taken as true) to suggest" the required element. *Id.* This "does not impose a probability requirement at the pleading stage," but instead "simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of" the necessary element. *Id.*

*Phillips v. County of Allegheny*, 515 F.3d 224, 234 (3rd Cir. 2008).

In ruling on a motion to dismiss, the Court must accept as true all well-pleaded facts and allegations and must draw all reasonable inferences therefrom in favor of the plaintiff. *See Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949-50 (2009); *Twombly*, 550 U.S. at 555. As the Supreme Court made clear in *Twombly*, however, the "factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. The Supreme Court has subsequently broadened the scope of this requirement, stating that "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Iqbal*, 129 S.Ct. at 1950 (*citing Twombly*, 550 U.S. at 556). This standard requires showing more than a mere possibility that a defendant has acted unlawfully. *Iqbal*, 129 S.Ct. at 1949 (citing Twombly, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it

4

'stops short of the line between possibility and plausibility of entitlement to relief.'" *Iqbal*, 129 S.Ct. at 1949 (quoting *Twombly*, 550 U.S. at 557). "This 'plausibility' determination will be 'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" *Fowler v. UPMC Shadyside*, 578 F.3d 203, 211 (3d Cir. 2009) (quoting *Iqbal*, 129 S.Ct. at 1949).

After *Iqbal*, the United States Court of Appeals for the Third Circuit explained that a district court must conduct the following analysis to determine the sufficiency of a complaint:

> First, the court must "tak[e] note of the elements a plaintiff must plead to state a claim." Second, the court should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." Finally, "where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.""

*Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010) (quoting *Iqbal*, 129 S.Ct. at 1947, 1950); *see also Burch v. Milberg Factors, Inc.*, 662 F.3d 212, 221 (3d Cir. 2011), *cert. denied*, 2012 U.S. LEXIS 2594 (2012); *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011).

*Twombly* and *Iqbal* have not changed the other pleading standards for a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6), and the requirements of Fed.R.Civ.P. 8 must still be met. *See Burch*, 662 F.3d at 220. Rule 8 requires a showing, rather than a blanket assertion, of entitlement to relief, and "contemplates the statement of circumstances, occurrences, and events in support of the claim presented and does not authorize a pleader's bare averment that he wants relief and is entitled to it." *Twombly*, 550 U.S. at 555 n. 3 (internal alterations, citations, and quotations omitted). Moreover, this standard does not give Plaintiffs carte blanch to ignore facts developed during discovery or make unsubstantiated allegations.

**B.      COUNT II OF PLAINTIFF'S AMENDED COMPLAINT MUST BE
         DISMISSED AS PLAINTIFF CANNOT SET FORTH A CLAIM AGAINST
         WFS FOR NEGLIGENCE AS JENKINS' EMPLOYER**

In Count II, plaintiff asserts negligence against WFS. It is alleged that plaintiff decedent Jenkins was an employee of WFS and the subject incident took place "during his lunch break" as a result of his co-worker's actions. Ex. A at ¶¶32, 56, 58. First, plaintiff fails to identify the specific location of the subject incident. As such, plaintiff cannot make out a valid claim for negligence against WFS.   Second, plaintiff's claims against WFS are barred by the exclusivity provision of the Pennsylvania Workers' Compensation Act.    The "exclusivity provision" of Pennsylvania's Workers' Compensation Act, set forth at 77 P.S. Section 481, states as follows:

> (a) The liability of an employer under this act shall be exclusive
> and in place of any and all other liability to such employees, his
> legal representative, husband or wife, parents, dependents, next of
> kin or anyone otherwise entitled to damages in any action at law
> or otherwise on account of any injury or death as defined in
> section 301 (c)(1) and (2) [77 P.S. section 411(1) and (2) . .

The Workers' Compensation Act was established to provide a remedy for work-related injuries. *Gertz v. Temple University*, 661 A.2d 13, 14 (1995), (citations omitted).  The Act created a balance of interests in which an employee surrenders the right to sue an employer in tort for injuries received in the course of employment to obtain the benefit if strict liability 77 P.S. section 481(a).  If an injury is compensable under the Act, the compensation provided by the Act is the employee's exclusive remedy.  *Wasserman v. Fifth & Reed Hospital*, 660 A.2d 600, 604 (Pa. Super. 1995) (citations omitted).  Thus, an injured employee cannot maintain a tort action against his or her employer if the injury is compensable under the provisions of the Act. *Gertz*, 661 A.2d at 15.

6

77 P.S. Section 411(1) provides as follows:

> The terms "injury" and "personal injury," as used in this act shall be construed to mean an injury to an employee, regardless of his previous physical condition, arising in the course of his employment and related thereto. . . and whenever death is mentioned as a cause for compensation under this act, it shall mean only death resulting from such injury and its resultant effects, and occurring within three hundred weeks after the injury. The term "injury arising in the course of his employment," as used in this article... shall include all other injuries sustained while the employee is actually engaged in the furtherance of the business or affairs of the employer, whether upon the employer's premises or elsewhere, and shall include all injuries caused by the condition of the premises or by the operation of the employer's business or affairs thereon, sustained by the employee, who, though not so engaged, is injured upon the premises occupied by or under the control of the employer, or upon which the employer's business or affairs are being carried on, the employee's presence thereon being required by the nature of his employment.

Essentially, then, there are two ways in which an injury may arise out of the course of employment. First, the employee was actually furthering the employer's business or affairs when the injury occurred, or, second, the employee was injured by a condition on a portion of the employer's premises where his/her presence was required. *Dennis v. Kravco*, 761 A.2d 1204, 1206 (Pa. Super. 2000). There is no exception for intentional torts, and there has been no interpretation to allow any such exception. *See Poyser v. Newman & Co.*, 514 Pa. 32, 522 A.2d 548, 551 (Pa. 1987).

In the case at bar, plaintiff decedent Jenkins' injury occurred during the scope of his employment with WFS. WFS is the employer of plaintiff decedent Jenkins as evidenced by his 2017 and 2018 W-2 forms, attached hereto at Ex. B.[2] As further proof of employment,

---

[2] *Circuito Cerrado, Inc. v. Katuran*, No. 10-4343, 2011 U.S. Dist. LEXIS 100622, at *7 n.18 (E.D. Pa. Sep. 6, 2011)(*citing Lum v. Bank of Am.*, 361 F.3d. 217, 222 n.3 (3d Cir. 2004) (in deciding a 12(b)(6) motion to dismiss, a court may consider exhibits attached to the complaint and documents that form the basis of the claim; a document forms the basis of the claim if it is integral to or explicitly relied upon in the complaint); *Pension Ben. Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993) ("To decide a motion to dismiss, courts generally consider only the allegations contained in the complaint, exhibits attached to the complaint and matters of public record.")).

WFS attaches its offer of employment to plaintiff decedent Jenkins and an executed copy of WFS ramp service clerk job description, attached hereto at Ex. C.  As such, the exclusivity provision of the Workers' Compensation Act precludes plaintiff's claims for liability against WFS, on any basis other than under the Workers' Compensation procedure and Count III must be dismissed against WFS with prejudice.

Notwithstanding the above, plaintiff alleges she may proceed forward with suit under the "personal animus" exception of the Workers' Compensation Act. To set forth a valid cause of action implicating personal animus or third-party attach exception to the Act's exclusivity provision, plaintiff must allege that plaintiff decedent's injuries were "caused by the intentional conduct of third parties for reasons personal to the tortfeasor and not directed against [the plaintiff] as an employee or because of his employment." *Jackson v. Lehigh Valley Physicians Group,* 2009 U.S. Dist. LEXIS 6936 (E.D. Pa. 2009). "To fit within the [personal animus] exception, the third party or fellow employees act must have been motivated by his animosity against the injured employee and not directed against the injured person because of the employment." *Martin-McFarlane v. City of Philadelphia,* 299, F. Supp. 3d 658, 673 (E.D. Pa. 2017).

Count II states in relevant part:

57. Under personal animus or third-party attack exception to Workers' Compensation Act's exclusivity provision, the exclusivity provision does not preclude damage recoveries by employee based upon employer negligence in maintaining safe workplace if such negligence is associated with injuries inflicted by coworker for purely personal reasons. 77 P.S. §§ 411(1), 481.

58. Decedent was attacked during his lunch break while an argument ensued with someone for whom he has had previous negative encounters which had nothing to do with his employment.

59. Based upon their pre-existing relationship along with Emanuel's possession of a knife, Decedent was stabbed In his leg solely because of the two parties argument.

60. A Showing of personal animus is not strictly required to implicate personal animus or third party attack exception to Workers' Compensation Act's exclusivity provision; rather, what is required is a showing that victim was attacked for purely personal reasons unrelated to employment. 77 P.S. §§ 411(1), 481.

Ex. A.

Here, plaintiff fails to state a valid claim for negligence against WFS. Again, plaintiff fails to identify the location of the alleged incident in her Amended Complaint.  Plaintiff, also alleges that the incident took place "while decedent was napping during his scheduled break", a time during which WFS had no duty to plaintiff decedent Jenkins. More importantly, there are no allegations that WFS owned, leased or managed the subject premises at the Philadelphia International Airport.  As such, it cannot be established that WFS breached any duty to plaintiff decedent Jenkins.

Further, there are no allegations to support that the subject incident was derived from personal animus between plaintiff decedent Jenkins and his co-worker Emanuel. Plaintiff alleges only that during plaintiff decedent's employment he was "bullied and tormented" by Emanuel. ¶27.  Plaintiff also vaguely and generally alleges plaintiff decedent Jenkins was attacked following an argument with someone "which had nothing to do with his employment." ¶58. However, such unsubstantiated, conclusory claims are not sufficient to establish a valid cause of action against WFS for negligence under this exception. Plaintiff's general averments fail to give rise to a "plausible inference" that the underlying incident was due to or motivated by personal reasons. In Count II, plaintiff's allegations do not satisfy the requirements to establish a basis for the application of the personal animus exception of the Workers' Compensation Act against WFS, who is immune from liability as plaintiff decedent's employer. Additionally, plaintiff has

failed to properly assert a claim for negligence against WFS and all allegations against it must be dismissed with prejudice.

### C.      PLAINTIFF'S CLAIMS FOR PUNITIVE DAMAGES MUST BE DISMISSED

Plaintiff seeks the recovery of punitive damages against all defendants as set forth in her "wherefore" clauses for each count asserted. *See* Ex. A. Further, plaintiff alleges:

> Defendant had a duty to act reasonable and use due care while Decedent was an employee at PHL. Defendant breached that duty of due care and acted negligently and/or carelessly, and/or recklessly and/or in reckless disregard to Plaintiff by:
>
> a.  Failing to ensure that there were security checkpoints for visitors at PHL.
>
> b.  Failing to ensure that there were security checkpoints for airport staff at PHL.
>
> c.  Failing to investigate the safety of the employees after Defendants were put on notice that weapons were entering PHL.
>
> d.  Failing to supervise employees.
>
> e.  Failing to protect Plaintiff from the injury he endured at Defendants' facility.

Ex. A, ¶ 66. Plaintiff' s request for punitive damages against WFS should be dismissed  as plaintiff has not pled the requisite elements for punitive damages pursuant to Pennsylvania law.

"The legal standard for punitive damages must be discerned from state law." *Hittle v. Scipto-Tokai*, 166 F.Supp.2d 142, 158 (MD Pa. 2001).  Pennsylvania does not permit punitive damages for mere inadvertence, mistake, or similar errors which constitute ordinary negligence. *Witchey v. Lisi*, 17 D.&C.3  d 131 (Clinton Co. 1980) (citing Restatement of Torts (Second), §908, Comment (b)).  Under the Restatement (Second) of Torts §908, punitive damages are only

available where there has been outrageous conduct, i.e. acts done with an evil motive or with reckless indifference to the rights of others. *Geyer v. Steinbronn*, 506 A.2d 901 (Pa. 1986).  The proper focus is on the act itself, together with all the circumstances including motive of the wrongdoer and the relations between the parties. *See* <u>Hittle</u>, 166 F.Supp.2d at 152.  Additionally, the actor's state of mind is relevant.  The act or omission must be intentional, reckless, or malicious. *See Id*.

Pennsylvania Appellate Courts have made it clear that "reckless indifference" , the standard for imposing punitive damages under Restatement of Torts (Second) §908, requires a more culpable mental state of conscious indifference to another's safety. *Martin v. Johns-Mansville*, 494 A.2d 1088 (Pa. 1985).  There must be some evidence that the person actually realized the risk and acted in conscious disregard or indifference to it. *Martin*, 494 A.2d at 1097; *Burke v. Massen*, 904 F.2d 178, 182 (3d Cir. 1990).  Explaining the rationale for the rule, the Court in *Martin* stated:

> The only purpose of punitive damages is to deter outrageous conduct.  It is impossible to deter a person from taking risky action if he is not conscious of the risk . . . therefore, an appreciation of the risk is a necessary element of the mental state required for the imposition of [punitive] damages.

*Martin,* 494 A.2d at 1097 N.12; *Burke*, 904 F.2d at 183.

In *Smith v. Brown*, 283 Pa. Super. 116, 423 A.2d 743 (1979), the Superior Court of Pennsylvania discussed the pleading requirements for a claim for punitive damages and noted that because Pennsylvania is a fact pleading state, "[A] Complaint must not only give the defendant notice of what the plaintiff's claim is and the grounds upon which it rests, but it must also formulate the issues by summarizing those facts essential to support the claim. *Smith v. Brown,* 423 A.2d at 745.  The Smith Court went on to state that:

11

> Pennsylvania is a fact pleading state. Pa.R.C.P. 1019(a).  A Complaint must not only give the defendant notice of what the plaintiff's claim is and the grounds upon which it rests, but it must also formulate the issues by summarizing those facts essential to support the claim.  Baker, et al. v. Rayos, et al., 229 Pa. Super. 333, 324 A.2d 498 (1974).
>
> An essential fact needed to support a claim for punitive damages is that the defendant's conduct must have been outrageous.  Outrageous conduct is an act done with a bad motive or with a reckless indifference to the interests of others.
>
> "Reckless indifference to the interests of others", or as it is sometimes referred to, "wanton misconduct", means that "the actor has intentionally done an act of an unreasonable character, in disregard of a risk known to him or so obvious that he must be taken to have been aware of it, and so great as to make it highly probable that harm would follow." Evans v. Philadelphia Transportation Company, 418 Pa. 567, 574, 212 A.2d 440, 443 (1965).

*Smith v. Brown*, 423 A.2d at 745 (*additional citations omitted*.)

In the present matter, punitive damages may be awarded only for conduct that is clearly outrageous or malicious based on the facts in support of such conduct.  As pled, plaintiff's Amended Complaint contains no material facts that support a request for punitive damages against WFS.   Plaintiffs' vague, unsupported claims for punitive damages and allegation of "recklessness" do not provide a factual basis for a claim of punitive damages.  *See* Ex. A at "wherefore" clauses and ¶ 66.  Plaintiff has not plead facts, which if true, demonstrate the WFS's evil intent or reckless indifference to the rights of the plaintiff and which therefore support the characterization of WFS's behavior as outrageous and egregious.   Further, plaintiff has not alleged facts, if true, that would prove that the WFS actually realized any risk of injury to plaintiff and acted in ***conscious disregard*** or indifference to that risk.

Plaintiff's general request for punitive damages in plaintiff's "wherefore" clauses and conclusory allegations that WFS acted "recklessly" do not relieve plaintiff of the obligation to

12

plead the legally required knowledge and motive.  Although WFS denies any allegations of negligence, these conclusory allegations for punitive damages, including but not limited to paragraph 66, are just embellished claims of negligence with no facts to support them.  As such, the punitive damages asserted in plaintiff's Amended Complaint against WFS must be dismissed with prejudice pursuant to the attached Order.

**V.   RELIEF**

For the reasons set forth above and in the accompanying Motion to Dismiss, Worldwide Flight Services, Inc. respectfully requests that the Court dismiss plaintiff's Amended Complaint because plaintiff has failed to set forth a cognizable cause of actions for Negligence (Count II). Further, plaintiff' s general request for punitive damages in plaintiff's "wherefore" clauses and conclusory allegations that WFS acted "recklessly" should be dismissed as plaintiff has not pled the requisite elements for punitive damages pursuant to Pennsylvania law.  Accordingly, all claims against WFS shall be dismissed with prejudice.

Respectfully submitted,

**WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER LLP**

By:     */s/Kristi A. Buchholz*
        William J. Taylor, Jr., Esquire
        PA ID No. 34752
        Kristi A. Buchholz, Esquire
        PA ID No.  92468
        Two Commerce Square
        2001 Market Street, Suite 3100
        Philadelphia, PA 19103
        215-627-6900 (Phone)
        215-627-2665 (Fax)
        william.taylorjr@wilsonelser.com
        kristi.buchholz@wilsonelser.com
        *Attorneys for Defendant*
        *Worldwide Flight Services, Inc.*

Dated: December 9, 2020