**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

|  |  |
|---|---|
| **KEISHA BROWN, As Administratix** : | |
| **of the Estate of Aaron Jenkins** : | |
| *Plaintiff*, : | **Case No. 2:20-cv-05532-CMR** |
| v. : | |
| : | JURY TRIAL DEMANDED |
| **CITY OF PHILADELPHIA**, *et al.* : | |
| *Defendant*. : | |

**PLAINTIFF'S MOTION IN OPPOSITION TO DEFENDANT WORLDWIDE FLIGHT SERVICES, INC.'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT UNDER F.R.C.P. 12(b)(6)**

Plaintiff, Keisha Brown as Administratrix of the Estate of Aaron Jenkins, respectfully moves the Court for entry in favor of Plaintiff's motion in opposition to Defendant's Motion to Dismiss Plaintiff's Complaint.

Respectfully submitted,

**MFI Law Group, PLLC**

BY: _____
Mu'min F. Islam, Esq.
*Attorney for Plaintiff*
I.D. No. 208979
7433 Limekiln Pike, Ste. 210
Philadelphia, PA 19138
215-735-2357/Fax: 215-735-2358
mislam@mfilawgroup.com

DATED: December 23, 2020

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| **KEISHA BROWN**, As Administratix of the Estate of Aaron Jenkins<br>            *Plaintiff*,<br>   v.<br><br>**CITY OF PHILADELPHIA**, *et al.*<br>            *Defendant*. | Case No. 2:20-cv-05532-CMR<br><br>JURY TRIAL DEMANDED |

**MEMORANDUM OF LAW IN SUPPORT OF**
**<u>PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS</u>**

Keisha Brown, as Administratrix of the Estate of Aaron Jenkins ("Plaintiff"), does hereby move for the denial of Defendant Worldwide Flight Services' ("Defendant") Motion to Dismiss and asks this Court to rule in favor of Plaintiff, for the reasons set forth below.

**I.      FACTS**

Aaron Jenkins ("Decedent") was employed by Defendant as a baggage handler. As an employee he was generally responsible for unloading and loading cargo onto passenger commercial airplanes. Defendant entered into an agreement with defendant Frontier Airlines, Inc. ("Frontier") in which Defendant was solely responsible for the baggage handling needs of Frontier. Additionally, Defendant had the exclusive possession of the baggage handling areas of Terminal E consistent with their agreement with Frontier.

On May 3, 2018, Decedent was asleep during his lunch break within the break room in the baggage handling area of Terminal E. Kevin Emanuel ("Emmanuel"), also an employee of Defendant engaged in an altercation with Decedent. Emmanuel and Decedent had previous altercations as Decedent was bullied and/or tormented without relief from Defendant. There were

2

multiple complaints regarding workplace violence and/or harassment, however, Emmanuel and other employees had personal relationships with management preventing any disciplinary actions. During the altercation with Decedent, Emmanuel brandished a knife and stabbed Decedent. Decedent died upon arrival to the hospital.

## II.     LEGAL STANDARD

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) challenges the legal sufficiency of the complaint.[1] In ruling on a motion to dismiss pursuant to 12(b)(6), a court must "accept as true the factual allegations in the complaint and all reasonable inferences that can be drawn therefrom."[2] Because the court must determine whether "under any reasonable reading of the pleadings, the plaintiff may be entitled to relief," a claim may be dismissed only "if it appears that the plaintiffs [can] prove no set of facts that would entitle them to relief." [3]

To determine whether a complaint meets the pleading standard, the court analyzes the complaint in three steps.[4] First, [the court] outline[s] the elements a plaintiff must plead to state a claim for relief.[5]  Next, [the court] peels away those allegations that are no more than conclusions and thus not entitled to the assumption of truth.[6] Finally, [the court] looks for well-pled factual allegations, assume their veracity, and then "determine whether they plausibly give rise to an entitlement to relief."[7] This last step is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."[8]

---

[1] Kost v. Kozakiewicz, 1 F.3d 176, 183 (3d Cir. 1993).
[2] Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996).
[3] *Id.*
[4] *Id.*
[5] *See* Ashcroft v. Iqbal, 556 U.S. 662, 675 (20090; Argueta v. U.S. Immigration & Customs Enforcement, 643 F.3d 60, 73 (3d Cir. 2011).
[6] *See Iqbal*, 556 U.S. at 679; Argueta, 643 F.3d at 73.
[7] *Id.*
[8] *See* Iqbal, 556 U.S. at 679.

When reviewing a 12(b)(6) motion, the court is obliged to draw all reasonable inferences therefrom in favor of the plaintiff.[9] Moreover, "[t]o decide a motion to dismiss, courts generally consider only the allegations contained in the complaint, exhibits attached to the complaint and matters of public record."[10]

The complaint alleges sufficient facts if it adequately puts the defendants on notice of the essential elements of the plaintiffs' cause of action. In considering a Rule 12(b)(6) motion, there is no inquiry to whether plaintiffs will ultimately prevail, only whether they are entitled to offer evidence to support their claims.[11] Therefore, courts will grant a motion to dismiss only if it appears the plaintiffs could prove no set of facts that would entitle them to relief.[12]

### III. ARGUMENT

#### a. PLAINTIFF SUFFICIENTLY ALLEGES AARON JENKINS' DEATH AS AN EXCEPTION TO PENNSYLVANIA'S WORKMEN'S COMPENSATION STATUTE.

The Pennsylvania Workers' Compensation Act (hereinafter referred to as the "WCA")[13] is ordinarily the exclusive means of compensation of employees for injuries sustained in the workplace.[14] Generally when an injury is covered by the WCA, the employee's sole remedy is limited to workers compensation as opposed to a tort action.[15] When an injury occurs on the employer's premises, there is a rebuttable presumption any associated injury is covered under the WCA.[16]

However, despite the presumption of workplace injuries being limited to workers

---

[9] McGovern v. City of Philadelphia, 554 F.3d 114, 115 (3d Cir. 2009)
[10] PBGC v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993)
[11] Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).
[12] Conley v. Gibson, 355 U.S. 41 (1957)
[13] 77 P.S. § 101 et seq.
[14] Krasevic v. Goodwill Indus. of Central Pa., Inc., 764 A.2d 561, 564 (Pa. Super. 2000).
[15] Grabowski v. Carelink Community Support Services, Inc., 230 A.3d 465 (2020).
[16] Kohler v. McCrory Stores, 615 A.2d 27, 30 (1992).

compensation, the WCA explicitly excludes injuries caused from a personal nature. The WCA excludes an "injury" covered within the statute as those "caused by an act of a third person intended to injure the employee because of reasons personal to him, and not directed against him as an employee or because of his employment . . ."[17] Furthermore, the Pennsylvania Supreme Court recognized employers are not completely absolved from liability associated with negligence of maintaining a safe workplace, "if such negligence is associated with injuries inflicted by a co-worker for purely personal reasons."[18] Moreover, if the injury falls under the "personal animus exception" the employee's "sole remedy is a common law action." [19]

The application of the "third party exception" exception is dependent upon an employee's injuries were not work-related because they were injured by a co-worker for "purely personal reasons," reasons "purely personal to the assailant."[20] However, it is important to note there is no requirement to establish a "personal animus" between the attacker and the employee, however, the victim must be attacked for "purely personal reasons unrelated to employment."[21]

Plaintiff sufficiently establishes a common law cause of action under the "third party exception" as the attacks causing Decedent's death were solely personal and unrelated to his employment. Decedent had prior altercations with Emmanuel tormenting and/or bullying him. The argument occurred while Decedent was asleep during his lunch break and unrelated to his position as a baggage handler. Moreover, Emmanuel's use of a knife to stab Decedent was not a part of either employee's job duties and did nothing to further the employer's interests only his own; to injure Decedent.

---

[17] 77 P.S. § 411 (1).
[18] Kohler v. McCrory Stores, 615 A.2d 27, 30 (1992).
[19] Grabowski v. Carelink Community Support Services, Inc., 230 A.3d 465, 472 (Pa. Super. 2020)
[20] Krasevic, pg. 565.
[21] Id. at 566.

Defendant fails to cite any law in support of dismissing the Complaint for Plaintiff failing to establish her claims fall within the "third party exception." Instead, Defendant generally argues Plaintiffs' allegations in the complaint are "conclusionary" and "unsubstantiated." However, at the pleadings stage, Plaintiff has no burden to substantiate her claims. Instead she must plead factual allegations which "Plausibly give rise to an entitlement to relief."[22] Similarly, Pennsylvania District Courts continually recognize common law cause of actions are sufficiently plead in a complaint by alleging injuries from a co-worker which were for personal reasons and unrelated to their employment.[23]

### IV. CONCLUSION

.   Plaintiff has plead a claim, taken as true and drawing all reasonable inferences in his favor, as plausible on its face. He has plead a cognizant Eighth Amendment claim, which identifies a custom adopted by a final policymaker.

Plaintiff's well-plead Complaint must be heard by this honorable Court. Plaintiff respectfully demands Defendants' motion to dismiss, pursuant to rule 12(b)(6), be denied.

Respectfully submitted,

**MFI Law Group, PLLC**

BY: _____
Mu'min F. Islam, Esq.
*Attorney for Plaintiff*

---

[22] Sheils v. Bucks County Domestic Relations Section, 921 F. Supp. 2d 396, 404 (E.D. PA 2013).
[23] *See* Clemons v. Washington Trotting Association, LLC, 2019 WL 1359238 (W.D. PA 2019) (Denying defendant's motion to dismiss the complaint of a common law tort action which alleged a she was sexually assaulted her during her overtime shift.); Roadman v. Select Specialty Hospital, 2017 WL 4236581, *8 (W.D. PA 2017)(Denying defendant's motion to dismiss plaintiff's complaint as allegations were presented the alleged conduct "may have been of a personal nature. . . ").

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

|  |  |
|---|---|
| **KEISHA BROWN**, As Administratix of the Estate of Aaron Jenkins<br>    *Plaintiff*,<br>    v.<br><br>**CITY OF PHILADELPHIA**, *et al.*<br>    *Defendant*. | :<br>:<br>:<br>:   **Case No. 2:20-cv-05532-CMR**<br>:<br>:   JURY TRIAL DEMANDED<br>:<br>: |

## CERTIFICATE OF SERVICE

I, Mu'min F. Islam, do hereby certify that on this 1st day of June 2018, I caused a true and correct copy of the foregoing document to be served on the individuals and in the manner indicated below:

**VIA ECF SYSTEM**
**AND FIRST CLASS MAIL**

William J. Taylor, Jr. Esq.
WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP
Two Commerce Square
2001 Market Street, Suite 3100
Philadelphia, PA 19103

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **KEISHA BROWN**, As Administratix of the Estate of Aaron Jenkins,<br>        *Plaintiff*,<br>    v.<br><br>**CITY OF PHILADELPHIA**, *et al.*<br>                    *Defendant*. | Case No. 2:20-cv-05532-CMR<br><br>JURY TRIAL DEMANDED |

## ORDER

AND NOW, this _____ day of _____, upon consideration of Defendant Worldwide Flight Services' Motion to Dismiss, and any response thereto, the Motion is DENIED.

BY THE COURT:

_____

J.
