# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **KEISHA BROWN, as Administrator of the ESTATE OF AARON JENKINS**<br>　　　　　　　　　　**Plaintiff,**<br>　　　v.<br>**CITY OF PHILADELPHIA and PHILADELPHIA AIRPORT, et al.,**<br>　　　　　　　　　　**Defendants.** | **CIVIL ACTION NO. 20-5532** |

## MEMORANDUM OPINION

**Rufe, J.**　　　　　　　　　　　　　　　　　　　　　　　　　　　　　**July 14, 2021**

This case arises from the tragic death of Aaron Jenkins. Plaintiff Keisha Brown, administrator of his estate, brings this wrongful death and survival action against the City of Philadelphia, the Philadelphia International Airport ("PHL"),[1] WorldWide Flight Services, Inc. ("WFS"), and Frontier Airlines. Defendants City of Philadelphia, PHL, and WFS have moved to dismiss Plaintiff's claims.[2] For the reasons discussed below, the Court will deny WFS's motion to dismiss and will grant in part and deny in part the City's motion to dismiss.

**I.　BACKGROUND**[3]

Jenkins was employed by WFS and worked as a baggage handler at PHL. WFS has exclusive possession over all the baggage handling areas in Terminal E, including the baggage of passengers flying on Frontier Airlines.

---

[1] The Philadelphia International Airport is merely an asset of the City of Philadelphia and is not subject to suit in its own right. *See Fullam v. Phila. Int'l Airport*, 49 F. Supp. 2d 434 (E.D. Pa. 1999) and *Regulbuto v. City of Phila.*, 937 F. Supp. 374 (E.D. Pa. 1995).

[2] Frontier Airlines has not made an appearance in this litigation.

[3] Unless otherwise stated, the factual background is drawn from the Amended Complaint [Doc. No. 6] and assumed to be true for purposes of the motions to dismiss.

Plaintiff alleges that throughout Jenkins's employment, Jenkins was bullied and tormented by a fellow WFS employee. Jenkins filed numerous complaints relating to this workplace violence, but WFS took no action. These unaddressed incidents included at least one complaint of Jenkins's co-worker bringing a knife into the Terminal E breakroom. On May 3, 2018, Jenkins's co-worker again entered the Terminal E breakroom with a knife, and fatally stabbed Jenkins.

Plaintiff filed suit in the Philadelphia County Court of Common Pleas raising claims under 42 U.S.C. § 1983 for violations of rights secured by the Fourteenth Amendment and under state law. Defendants timely removed the action asserting federal question jurisdiction,[4] and Plaintiff filed an Amended Complaint asserting federal and state law claims against the City and PHL and asserting only state law claims against WFS and Frontier.[5]

As to the City and PHL, Plaintiff alleges that the City has a policy that requires all employees working at PHL to go through security screening before entering Terminal E, and that these measures were designed to prevent employees from bringing weapons into PHL. However, Plaintiff alleges that at some point, the City and PHL either removed this requirement or had a custom of not enforcing it. The City and PHL move to dismiss Plaintiff's Amended Complaint in its entirety, and WFS moves to dismiss Plaintiff's state law negligence claim and claims for punitive damages.

---

[4] *See* 28 U.S.C. § 1331.

[5] Plaintiff's original Complaint named Tamara Pryor as the Plaintiff in her capacity as Administrator of the Estate of Aaron Jenkins. Plaintiff's Amended Complaint has substituted Keisha Brown as Plaintiff in her capacity as Administratrix of the Estate of Aaron Jenkins.

## II.   LEGAL STANDARD

To avoid dismissal under Rule 12(b)(6), a plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[6] The question is not whether the plaintiff ultimately will prevail but whether the complaint is "sufficient to cross the federal court's threshold."[7] In evaluating a challenged complaint, a court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief."[8] However, the Court disregards "threadbare recitals of the elements of a cause of action, legal conclusions, and conclusory statements."[9]

## III.   DISCUSSION

### A. Claims asserted under Federal Law

Plaintiff brings a claim against the City and PHL under 42 U.S.C. § 1983. To state a § 1983 claim, a plaintiff must allege that a person acting under the color of state law caused a deprivation of a right secured by the Constitution.[10] Plaintiff alleges a violation of Jenkins's Fourteenth Amendment "substantive due process right to bodily integrity," based on allegations that "allowing individuals to enter Terminal E without any [metal] detectors or private screening is contrary to the rules and regulations of the Airport, City of Philadelphia and Federal Aviation

---

[6] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)); *see also Matrixx Initiatives, Inc. v. Siracusano*, 563 U.S. 27, 46 (2011).

[7] *Skinner v. Switzer*, 562 U.S. 521, 530 (2011) (citations omitted).

[8] *Phillips v. County of Allegheny*, 515 F.3d 224, 233 (quoting *Pinker v. Roche Holdings Ltd.*, 292 F.3d 361, 374 n.7 (3d Cir. 2002)) (internal quotation marks omitted).

[9] *James v. City of Wilkes-Barre*, 700 F.3d 675, 681 (3d Cir. 2012).

[10] *Johnson v. City of Phila.*, 397 F. Supp. 3d 692, 700 (E.D. Pa. 2019); *see also Parratt v. Taylor*, 451 U.S. 527, 535, (1981); *Mark v. Borough of Hatboro*, 51 F.3d 1137, 1141 (3d Cir. 1995).

Administration."[11] Plaintiff's § 1983 claim is premised on both the state-created danger doctrine and *Monell* liability.[12]

### 1. State-Created Danger Doctrine

The United States Constitution imposes upon the State affirmative duties of care and protection to its citizens in limited circumstances.[13] Plaintiff alleges that the City is liable for Jenkins's death because the danger to Jenkins was enhanced when the City removed security screening for employees in Terminal E of PHL.[14] Specifically, Plaintiff alleges the City exposed Jenkins to risk that was "foreseeable and direct in that they were aware allowing employees within the Terminal with weapons would result in harm including but not limited to death via stabbings."[15] Plaintiff avers that the City's "willful decision to remove private security . . . creates a degree of culpability that shocks the conscience" and that "Jenkins as an employee of Frontier and WFS was a member of a discrete class of persons subjected to the potential harm brought about by the Defendants City and PHL."[16]

A viable state-created danger claim requires:

> First, foreseeable and fairly direct harm; second, action marked by a degree of culpability that shocks the conscience; third, a relationship with the state making the plaintiff a foreseeable victim, rather than a member of the public in general; and fourth, an affirmative use of state authority in a way that created a danger, or made others more vulnerable than had the state not acted at all.[17]

---

[11] Am. Compl. [Doc. No. 6] ¶¶ 38, 42.

[12] Plaintiff also brings state law claims pursuant to the Pennsylvania Survival Act, as well as the Pennsylvania Wrongful Death Act.

[13] *Johnson v. City of Phila.*, 975 F.3d 394, 398 (3d Cir. 2020).

[14] Am. Compl. [Doc. No. 6] ¶ 41.

[15] *Id.* ¶ 40.

[16] *Id.* ¶¶ 41, 43.

[17] *Johnson*, 975 F.3d at 400 (internal quotations and citation omitted).

Importantly, all four elements must be satisfied for a plaintiff to assert a viable claim. Failure to adequately allege any element bars recovery.[18]

### i. Element One: Foreseeable and Direct Harm

Element One "requires that the harm ultimately caused was a foreseeable and a fairly direct result of the state's actions."[19] The City argues that Plaintiff has failed to adequately plead this element because the City did not "cause Mr. Emanuel to attack the Decedent, or even to bring the weapon to the airport."[20] In response, Plaintiff contends that as "a matter of common sense" Jenkins faced a foreseeable danger by the City's removal of security screening measures designed to prevent employees from bringing weapons to an International Airport and that Jenkins suffered a "fairly direct" harm because but for the removal of the security screening, the co-worker would not have been able to bring in the knife.[21] The Complaint has adequately pleaded foreseeable and direct harm.

The Court of Appeals for the Third Circuit has held that to adequately plead "foreseeability," a plaintiff must "allege an awareness on the part of the state actors that rises to [the] level of actual knowledge or an awareness of risk that is sufficiently concrete to put the actors on notice of the harm."[22] With respect to causation, the proper inquiry under the state-created danger theory "is not whether the state actor 'pulled the trigger,' but whether the state actor placed the plaintiff in a bullet's likely path."[23] "Causation in the 'state-created danger'

---

[18] *Johnson*, 397 F. Supp. 3d at 702.

[19] *Morse v. Lower Merion Sch. Dist.,* 132 F.3d 902, 908 (3d Cir. 1997).

[20] Doc. No. 8 at 16.

[21] Doc. No. 10 at 9–10.

[22] *Phillips v. Cnty. of Allegheny,* 515 F.3d 224, 238 (3d Cir. 2008).

[23] *L.R. v. Sch. Dist. of Phila.*, 60 F. Supp. 3d 584, 589–90 (E.D. Pa. 2014).

setting will often be less than direct, as the factual setting necessarily includes an independent 'danger'—in some cases a third party . . . —that leads to an injury to the plaintiff."[24]

For purposes of a motion to dismiss, a Plaintiff need only aver defendant's awareness of a risk of violence or harm.[25] The City undoubtedly is aware of importance of securing the airport. The Amended Complaint alleges that Jenkins reported incidents of violence to WFS and whether those reports were passed to the City requires factual development. Plaintiff specifically alleges that WFS had notice that its employees engaged in violent encounters that included knives being brought into the airport.[26] At this stage of the litigation, it is reasonable to infer that WFS would have reported these incidents to the City as the entity in control of airport security. Based on these assertions, Plaintiff has alleged a plausible claim that the City had knowledge and created an inherent risk of direct harm and that a deadly attack was a foreseeable consequence of the removal of security screening.[27] Thus, under the facts as alleged by Plaintiff, Jenkins' death could be viewed as the direct result of the City allowing employees in Terminal E to enter the airport with weapons.

## ii. Element Two: Conscience Shocking Conduct

Plaintiff also must allege that the City "acted with a degree of culpability that shocks the conscience."[28] The Third Circuit has clarified that "what is required to meet the conscience-shocking level will depend upon the circumstances of each case, particularly the extent to which

---

[24] *Id.*

[25] *Id.* at 590.

[26] Am. Compl. [Doc. No. 6] ¶¶ 28–31.

[27] *See L.R.* 60 F. Supp. 3d at 590 (finding an inherent risk of harm can be derived from common sense).

[28] *Bright v. Westmoreland Cnty*, 443 F.3d 276, 282 (3d Cir. 2006).

6

deliberation is possible."[29] "The level of culpability required to shock the conscience increases as the time state actors have to deliberate decreases."[30] In a "hyperpressurized environment," the culpability standard generally requires that the state official have the intent to cause harm.[31] However, "in cases where deliberation is possible and officials have the time to make 'unhurried judgments,' deliberate indifference is sufficient."[32]

There are no allegations in the Amended Complaint that would suggest an official here made the decision to remove the security screening policy at PHL in a hypersensitive environment or that it was a split-second decision. Without a showing of urgency from an official, to satisfy this element Plaintiff must aver facts that, if proved, would establish the City acted with deliberate indifference to the risk of harm to Jenkins.

The Third Circuit has "describe[d] deliberate indifference as requiring 'that a person consciously disregard a substantial risk of serious harm.'"[33] Importantly, the Third Circuit does not require "actual knowledge" to satisfy the deliberate indifference culpability standard in state-created danger claims.[34] The state actor's conduct "must evince a willingness to ignore a foreseeable danger or risk."[35] If the evidence shows that the City was aware of the earlier incidents and still removed the screening of what should be a secure area, the allegations would support a finding that the City consciously ignored an inherent and foreseeable risk of danger to

---

[29] *Sanford v. Stiles,* 456 F.3d 298, 310 (3d Cir. 2006).

[30] *Id.*

[31] *Id.*

[32] *Id.*

[33] *Kaucher v. Cnty. of Bucks,* 455 F.3d 418, 427 (3d Cir. 2006) (quoting *Ziccardi v. City of Phila.,* 288 F.3d 57, 65 (3d Cir. 2002)) (internal quotation marks omitted).

[34] *See Phillips,* 515 F.3d at 242 ("Our test for whether a plaintiff has alleged that an action 'shocks the conscience' does not contain a requirement that the actor know his or her actions are 'conscience-shocking.'").

[35] *Morse,* 132 F.3d at 910.

employees in Terminal E.[36] The City's knowledge of the workplace violence in Terminal E cannot be determined on an incomplete factual record. The allegations support an inference that the City, through WFS, were on notice that weapons were being regularly brought into this part of the airport.[37] The Court thus concludes that Plaintiff has adequately pled deliberate indifference to the risk of harm to Jenkins.

### iii. Element Three: Foreseeable Victim

To satisfy this requirement, the relationship between the state and the plaintiff must be "sufficiently close to exclude those instances where the state actor creates only a threat to the general population."[38] Otherwise, the scope of the state-created danger exception would be expanded "beyond its useful and intended limits."[39] At the same time, the relationship requirement is not intended to be "so restrictive as to limit the scope of § 1983 to those instances where a specific individual is placed in danger."[40] The proper standard falls somewhere in the middle—the plaintiff must be a "foreseeable victim," either individually or as "a member of a discrete class of persons subjected to the potential harm brought about by the state's actions."[41]

Accepting all allegations in the complaint as true and drawing all reasonable inferences in Plaintiff's favor, Plaintiff alleges facts that suggest the City knew WFS employees were bringing

---

[36] *See Maxwell ex rel. Maxwell v. Sch. Dist. of City of Phila.,* 53 F. Supp. 2d 787, 793 (E.D. Pa. 1999) (finding a teacher acted with a "similarly culpable mental state [as the officer in *Kneipp* ] because she failed to supervise obviously dangerous students in a classroom that she let get out of control.").

[37] *See* Am. Compl. [Doc. No. 6] ¶ 30.

[38] *Rivas*, 365 F.3d at 197 (internal quotation mark omitted) (quoting *Morse*, 132 F.3d at 913).

[39] *Morse*, 132 F.3d at 913 n.12.

[40] *Rivas*, 365 F.3d at 197 (internal quotation mark omitted) (quoting *Morse*, 132 F.3d at 913).

[41] *Phillips*, 515 F.3d at 242.

weapons into Terminal E.[42] The allegations in the Amended Complaint could also support an inference that the City was on notice that Jenkins had been bullied and tormented by his co-worker.[43] Plaintiff has therefore alleged facts to support a plausible claim that Jenkins was either in a discrete class of persons subjected to potential harm or whose death was specifically foreseeable due to the City's alleged knowledge of previous violence. Discovery will uncover the full extent of the City's knowledge but at this stage, Plaintiff has alleged facts to support this element of the claim.

          *iv.    Element Four: Affirmative Act Creating a Danger*

Finally, Plaintiff has alleged that the City "affirmatively used . . . [its] authority in a way that created a danger to [Jenkins] or that rendered [him] more vulnerable to a danger than had [the City] not acted at all."[44] Under the applicable law, "the requirement of an actual affirmative act is not intended to turn on semantics of act and omission. Instead, the requirement serves . . . to distinguish cases where . . . officials might have done more . . . [from] cases where . . . officials created or increased the risk itself."[45]

In the motion to dismiss, the City argues that Plaintiff's theory of liability rests on the City's mere failure to act, specifically a failure to enforce its security screening policy, rather than any affirmative action.[46] However, at this stage of the litigation, the Court cannot determine the full context of the alleged removal of the security screening measures, and drawing all

---

[42] Am. Compl. [Doc. No. 6] ¶¶ 29–30.

[43] *Id.* ¶ 27.

[44] *Johnson*, 975 F.3d at 400.

[45] *DPJ v. Delaware Valley Charter High Sch.*, No. 16-245, 2016 WL 4554702, at *2 (E.D. Pa. Sept. 1, 2016) (quoting *Morrow v. Balaski*, 719 F.3d 160, 179 (3d Cir. 2013) (en banc)).

[46] Doc. No. 8 at 12–13.

inferences in favor of Plaintiff, cannot rule out that it was an affirmative act. The City maintained direct control and supervision of Terminal E and the City exercised its authority by removing or failing to enforce the security screening policy. Plaintiff has therefore adequately alleged that if the City had not affirmatively removed the screening, Jenkins would not have been subject to such an attack.[47] Such allegations are sufficient to plead an affirmative act under this element.

Because a factual record is required to determine the precise nature of the City's knowledge and actions with regard to the City's security screening policies at PHL, the City's motion as to the § 1983 claims is denied.[48]

Plaintiff's Amended Complaint also seeks an award of punitive damages against the City. However, punitive damages are not recoverable against a municipality under § 1983,[49] and Plaintiff's claims for punitive damages against the City and PHL will be dismissed with prejudice.

### B. Plaintiff's State Law Claims

Plaintiff alleges state law negligence claims against all Defendants under the Pennsylvania Survival Act and Pennsylvania Wrongful Death Act, and asserts a negligence claim against WFS that is governed by the Pennsylvania Workers' Compensation Act ("WCA"). Plaintiff also seeks an award of punitive damages against all Defendants.

---

[47] *See L.R.*, 60 F. Supp. 3d at 595 (finding the state acted affirmatively when it placed the victim in a significantly more vulnerable position to the potential harm); *Maxwell,* 53 F. Supp. 2d at 793 (isolating a victim with their attacker is sufficient to constitute an affirmative act).

[48] Plaintiff also alleges a claim under *Monell*, which is intertwined with its state-created danger claim. Discovery will provide the Court with a more adequate factual record to address the *Monell* claim and it will be addressed at the summary judgment stage.

[49] *Townsend v. City of Chester*, No. 19-1023, 2020 WL 4347368, at *15 (E.D. Pa. July 29, 2020) (citing *City of Newport v. Fact Concerts, Inc*., 453 U.S. 247, 271 (1981) ("a municipality is immune from punitive damages under 42 U.S.C. § 1983.")).

Plaintiff asserts that Jenkins' death was caused by WFS's negligence.[50] WFS argues that the negligence claim should be dismissed because the Amended Complaint fails to identify the location of the alleged incident and because the claim is barred under the WCA.[51]

The Pennsylvania WCA is the exclusive remedy for work-related injuries suffered by an employee[52] and provides employers with immunity from suits for injuries that flow from work-related incidences that are caused by a third party.[53] Plaintiff argues that the "personal animus" or "third party attack" exception to WCA preemption applies.[54] "To fit within this exception, the third party's attack must have been motivated by his animosity against the injured employee and not directed against the injured person because of the employment."[55] "If the third party would have attacked a different person in the same position as the injured employee, the attack falls outside the exception."[56]

Accepting all allegations in the complaint as true and drawing all reasonable inferences in Plaintiff's favor, Plaintiff alleges facts that suggest Jenkins' injury fits within the WCA personal animus exception. Jenkins had allegedly been tormented and bullied by the specific co-worker. The history between the individuals, and the fact that the incident involved a deadly weapon and occurred during a break and not while employees were moving baggage, suggests that the attack

---

[50] Am. Compl. [Doc. No. 6] ¶¶ 52–68.

[51] Doc. No. 7-1 at 1–2.

[52] *See* 77 Pa. Stat. § 481(a) ("The liability of an employer under this act shall be exclusive and in place of any and all other liability to such employees.").

[53] *Id.* at § 481(b).

[54] Doc. No. 9 at 4–6.

[55] *Martin-McFarlane v. City of Phila*, 299 F. Supp. 3d 658, 672 (E.D. Pa. 2017).

[56] *Id.*

may have been personal in nature. Discovery is needed to determine whether a different person in the same position as Jenkins would have been subjected to the same harm.

WFS also argues that Plaintiff's request for punitive damages should be dismissed because Plaintiff has failed to plead sufficiently outrageous or extreme conduct on the part of WFS. Under the applicable Pennsylvania law, punitive damages are proper "only in cases where the defendant's actions are so outrageous as to demonstrate willful, wanton or reckless conduct."[57] They are an "'extreme remedy' available in only the most exceptional matters."[58]

Here, Plaintiff has pled that WFS "recklessly and/or in reckless disregard" failed to ensure that there were security checkpoints for airport staff at PHL and failed to investigate the safety of the employees after WFS was put on notice that its employees were bringing weapons into Terminal E.[59] These allegations, if proven, may support a claim for punitive damages and a developed record is necessary to make this determination.[60]

## IV. CONCLUSION

The City Defendants' motion to dismiss will be denied in part and granted in part. Plaintiff has alleged an actionable state-created danger claim, however its claim for punitive damages will be stricken. Defendant WFS's motion to dismiss will be denied in its entirety. An order will be entered.

---

[57] *Lloyd v. Covanta Plymouth Renewable Energy, LLC*, No. 20-4330, 2021 WL 365855, at *4, (E.D. Pa. Feb. 3, 2021) (quoting *Hutchison v. Luddy*, 870 A.2d 766, 770 (Pa. 2005)).

[58] *Phillips v. Cricket Lighters*, 883 A.2d 439, 445 (Pa. 2005).

[59] Am. Compl. [Doc. No. 6] ¶ 66.

[60] *See Lloyd*, 2021 WL 365855, at *4.