**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNYSLVANIA**

| | |
|---|---|
| KEISHA BROWN, AS ADMINISTRATOR OF THE ESTATE OF AARON JENKINS<br><br>                Plaintiff<br><br>v.<br><br>CITY OF PHILADELPHIA, PHILADELPHIA AIRPORT, WORLDWIDE FLIGHT SERVICES, INC., and FRONTIER AIRLINES<br><br>                Defendants | CIVIL ACTION<br><br>NO.  2:20-cv-05532-CMR |

**ANSWER TO PLAINTIFF'S AMENDED COMPLAINT BY DEFENDANT WORLDWIDE FLIGHT SERVICES WITH AFFIRMATIVE DEFENSES AND CROSSCLAIMS**

Defendant Worldwide Flight Services, Inc. ("Answering Defendant), by and through its attorneys, Wilson Elser Moskowitz Edelman & Dicker LLP, hereby answers the Amended Complaint by Plaintiff Keisha Brown, as Administrator of the Estate of Aaron Jenkins ("Plaintiff") as follows:

**PARTIES**

1.　　Denied. Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments set forth in this paragraph.

2.　　Denied. Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments set forth in this paragraph.

3.　　Denied. Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments set forth in this paragraph.

4.　　It is admitted only that Answering Defendant, Worldwide Flight Services, Inc., is a US operating entity, headquartered at the JFK address.  Any remaining allegations are denied.

5.　　Denied. Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments set forth in this paragraph.

## JURISDICTION AND VENUE

6.      Denied.  The averments of this paragraph constitute legal conclusions to which no response is required under the Federal Rules of Civil Procedure.

7.      Denied.  The averments of this paragraph constitute legal conclusions to which no response is required under the Federal Rules of Civil Procedure.

8.      Denied.  The averments of this paragraph constitute legal conclusions to which no response is required under the Federal Rules of Civil Procedure.

## MATERIAL FACTS

9.      Denied. Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments set forth in this paragraph.

10.      Denied. Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments set forth in this paragraph.

11.      Denied. Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments set forth in this paragraph.

12.      Denied. Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments set forth in this paragraph.

13.      Admitted in part, denied in part. It is admitted only that Answering Defendant conducts business in Pennsylvania, the city of Philadelphia and the county of Philadelphia. The remainder of the allegations in this paragraph are denied as invalid conclusions of law based upon untrue allegations of fact. To the extent that any averments have not otherwise been answered, after reasonable investigation, the Answering Defendant is without knowledge or information sufficient to form an opinion or belief as to their truth and therefore denies the same.

14.      Admitted.

15.     Denied.  The averments of this paragraph are not directed to Answering Defendant and, therefore, no response is required.

16.     Denied.  The averments of this paragraph are not directed to Answering Defendant and, therefore, no response is required.

17.     Denied. Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments set forth in this paragraph.

18.     Denied.  The averments of this paragraph are not directed to Answering Defendant and, therefore, no response is required.

19.     Denied.

20.     Denied.

21.     Denied. Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments set forth in this paragraph.

22.     Denied.

23.     Denied. Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments set forth in this paragraph.

24.     Denied. Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments set forth in this paragraph.

25.     Denied.  The averments of this paragraph constitute legal conclusions to which no response is required under the Federal Rules of Civil Procedure.

26.     Denied.  The averments of this paragraph constitute legal conclusions to which no response is required under the Federal Rules of Civil Procedure.

27.     Denied. Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments set forth in this paragraph.

- 3 -

28.     Denied. Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments set forth in this paragraph.

29.     Denied. Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments set forth in this paragraph.

30.     Denied. Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments set forth in this paragraph.

31.     Denied. Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments set forth in this paragraph.

32.     Denied. Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments set forth in this paragraph.

33.     Denied. Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments set forth in this paragraph.

**COUNT I**
**CIVIL RIGHTS**
**KEISHA BROWN, AS ADMINISTRATOR OF THE ESTATE OF AARON JENKINS V.**
**CITY OF PHILADELPHIA AND PHILADELPHIA AIRPORT**

34.     Answering Defendant incorporates all paragraphs set forth above as if each was fully set forth at length herein.

35. – 51. Denied. The averments of these paragraphs are not directed to Answering Defendant and, therefore, no response is required.

WHEREFORE, Answering Defendant demands judgment in its favor together with interest and costs and such other and further relief as this Court deems just and proper.

**COUNT II**
**NEGLIGENCE**
**KEISHA BROWN, AS ADMINISTRATOR OF THE ESTATE OF AARON JENKINS V.**
**WORLDWIDE FLIGHT SERVICES AND FRONTIER AIRLINES**

52.     Answering Defendant incorporates all paragraphs set forth above as if each was fully set forth at length herein.

53.     Denied. Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments set forth in this paragraph.

54.     Denied. Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments set forth in this paragraph.

55.     Denied. Any referenced service agreement is a writing which speaks for itself and any characterizations of same are denied.

56.     Admitted.

57.     Denied. The averments of this paragraph constitute legal conclusions to which no response is required under the Federal Rules of Civil Procedure. Answering Defendant incorporates its Affirmative Defenses as if set forth herein and denies all liability.

58.     Denied.

59.     Denied.

60.     Denied. The averments of this paragraph constitute legal conclusions to which no response is required under the Federal Rules of Civil Procedure. Answering Defendant incorporates its Affirmative Defenses as if set forth herein and denies all liability.

61.     Denied. The averments of this paragraph constitute legal conclusions to which no response is required under the Federal Rules of Civil Procedure.

62.     Denied. The averments of this paragraph constitute legal conclusions to which no response is required under the Federal Rules of Civil Procedure.

63.     Denied. The averments of this paragraph constitute legal conclusions to which no response is required under the Federal Rules of Civil Procedure.

64.     Denied. The averments of this paragraph constitute legal conclusions to which no response is required under the Federal Rules of Civil Procedure.

65.     Denied. The averments of this paragraph constitute legal conclusions to which no response is required under the Federal Rules of Civil Procedure. Any remaining unanswered allegations are denied as Answering Defendant is without knowledge or information sufficient to form an opinion or belief as to the truth of the allegations in this paragraph which are therefore denied on this basis. Answering Defendant incorporates its Affirmative Defenses as if set forth herein and denies all liability.

66. (a) – (e) Denied.  The averments of this paragraph constitute legal conclusions to which no response is required under the Federal Rules of Civil Procedure. Answering Defendant incorporates its Affirmative Defenses as if set forth herein and denies all liability.

67.     Denied. The averments of this paragraph constitute legal conclusions to which no response is required under the Federal Rules of Civil Procedure. Any remaining unanswered allegations are denied as Answering Defendant is without knowledge or information sufficient to form an opinion or belief as to the truth of the allegations in this paragraph which are therefore denied on this basis. Answering Defendant incorporates its Affirmative Defenses as if set forth herein and denies all liability.

68.     Denied. The averments of this paragraph constitute legal conclusions to which no response is required under the Federal Rules of Civil Procedure. Answering Defendant incorporates its Affirmative Defenses as if set forth herein and denies all liability.

256764033v.1

WHEREFORE, Answering Defendant demands judgment in its favor together with interest and costs and such other and further relief as this Court deems just and proper.

**COUNT IV**
**WRONGFUL DEATH**
**KEISHA BROWN, AS ADMINISTRATOR OF THE ESTATE OF AARON JENKINS V.**
**DEFENDANTS**

69.     Answering Defendant incorporates all paragraphs set forth above as if each was fully set forth at length herein.

70.     Denied.  The averments of this paragraph constitute legal conclusions to which no response is required under the Federal Rules of Civil Procedure.

71.     Denied. Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments set forth in this paragraph.

72.     Denied.  The averments of this paragraph constitute legal conclusions to which no response is required under the Federal Rules of Civil Procedure.

73.     Denied.  The averments of this paragraph constitute legal conclusions to which no response is required under the Federal Rules of Civil Procedure.

WHEREFORE, Answering Defendant demands judgment in its favor together with interest and costs and such other and further relief as this Court deems just and proper.

**COUNT V**
**SURVIVAL ACT**
**KEISHA BROWN, AS ADMINISTRATOR OF THE ESTATE OF AARON JENKINS V.**
**DEFENDANTS**

74.     Answering Defendant incorporates all paragraphs set forth above as if each was fully set forth at length herein.

75.     Denied.  The averments of this paragraph constitute legal conclusions to which no response is required under the Federal Rules of Civil Procedure.

76.     Denied. The averments of this paragraph constitute legal conclusions to which no response is required under the Federal Rules of Civil Procedure.

WHEREFORE, Answering Defendant demands judgment in its favor together with interest and costs and such other and further relief as this Court deems just and proper.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

If Plaintiff and/or Plaintiff decedent suffered the damages alleged herein, which is denied, those damages resulted in whole or in part from the negligence of Plaintiff decedent, and recovery herein is barred or diminished in accordance with the Pennsylvania Comparative Negligence Act, 42 Pa.C.S.A. §7102.

### SECOND AFFIRMATIVE DEFENSE

If Plaintiff and/or Plaintiff decedent suffered the damages alleged herein, which is denied, those damages resulted in whole or in part from the actions or inactions of third parties over whom Answering Defendant had no control and for whose conduct they are not responsible.

### THIRD AFFIRMATIVE DEFENSE

Answering Defendant was not guilty of any negligence, carelessness, or breach of any duty to Plaintiff decedent and/or Defendants.

### FOURTH AFFIRMATIVE DEFENSE

Answering Defendant did not own or lease the subject location of Plaintiff decedent's incident.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims against Answering Defendant are barred by the exclusivity provision of the Pennsylvania Workers' Compensation Act, 77 P.S. Section 481.

256764033v.1

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims do not establish a personal animus or third party attack exception to Workers' Compensation Act's exclusivity provision. 77 P.S. §§ 411(1), 481.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's and/or decedent's damages, if any, were caused by conditions over which Answering Defendant had no control and for which Answering Defendant cannot be responsible.

### EIGHT AFFIRMATIVE DEFENSE

The negligent acts and/or omissions of other individuals and/or entities beyond the control of Answering Defendant may have constituted intervening, superseding causes of the damages alleged by Plaintiff.

### NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by any release entered into with any defendant and/or other entities.

### TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are limited and/or barred by any contract, agreement and/or lease entered into with any defendant and/or other entities.

### ELEVENTH AFFIRMATIVE DEFENSE

Answering Defendant did not proximately or actually cause Plaintiff decedent's damages.

### TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's Amended Complaint fails to state a claim upon which relief can be granted as to Answering Defendant.

### THIRTEENTH AFFIRMATIVE DEFENSE

At all times material hereto, Answering Defendant and/or its agents and/or its employees acted appropriately, reasonably, competently, and in accordance with applicable industry practices.

256764033v.1

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims may be barred and/or limited by the Doctrine of Contributory Negligence; Comparative Negligence; and/or any Comparative Negligence Act including, but not limited to, the Pennsylvania Comparative Negligence Act, 42 Pa.C.S.A. § 7102, Uniform Contribution Among Joint Tortfeasors Act, 42 Pa.C.S.A 5 8321 et seq., and the Pennsylvania Fair Share Act.

## FIFTHEENTH AFFIRMATIVE DEFENSE

No act or omission of Answering Defendant was the cause of any damages to Plaintiff decedent.

## SIXTEENTH AFFIRMATIVE DEFENSE

If Plaintiff's allegations of recklessness are deemed a claim for punitive damages they violate and are therefore barred by the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments to the Constitution of the United States of America.

## SEVENTHEENT AFFIRMATIVE DEFENSE

If Plaintiff's allegations of recklessness are deemed a claim for punitive damages they violate and are therefore barred by the following provisions of the Constitution of the Commonwealth of Pennsylvania, Pa. Const. Art. I, § 1, 2, 3, 4, 8, 9, 10, and 13.

## EIGHTEENTH AFFIRMATIVE DEFENSE

If Plaintiff's allegations of recklessness are deemed a claim for punitive damages, Plaintiff's Complaint fails to state a claim for punitive damages.

## NINETEENTH AFFIRMATIVE DEFENSE

Answering Defendant reserves the right to assert any other defenses which may arise through the course of this litigation, as well as reserve the right to pursue any remedies available to it at the successful conclusion of this action.

- 10 -

## TWENTIETH AFFIRMATIVE DEFENSE

Answering Defendant reserves the right to move to amend this Answer to include additional defenses as discovery and investigation may reveal.

WHEREFORE, Answering Defendant denies liability and demands judgment in its favor plus costs and such other relief as the court may deem appropriate and just.

## CROSSCLAIM FOR CONTRIBUTION AND/OR INDEMNIFICATION AGAINST DEFENDANTS CITY OF PHILADELPHIA AND PHILADELPHIA AIRPORT

1.      Answering Defendant incorporates by reference the allegations of Plaintiff's Amended Complaint directed to Defendants City of Philadelphia and Philadelphia Airport herein without admission or adoption of same.

2.      Although Answering Defendant denies liability to any party hereto, in the event Answering Defendant is held liable along with all or any combination of Defendants City of Philadelphia and Philadelphia Airport, and in the further event that Answering Defendant is required to pay more than its pro rata or proportionate share of any award in favor of Plaintiff or alternatively is required to discharge liability for Defendants City of Philadelphia and Philadelphia Airport, which are primarily liable to the Plaintiff, then Answering Defendant demands judgment by way of contribution and/or common law and/or contractual indemnification against Defendants City of Philadelphia and Philadelphia Airport.

3.      Answering Defendant reserves the right to amend this Crossclaim to include additional defenses as discovery and investigation may reveal.

WHEREFORE, Answering Defendant demands judgment by way of contribution and/or common law indemnification against Defendants City of Philadelphia and Philadelphia Airport, plus costs and such other relief as the court may deem appropriate and just.

256764033v.1

## JURY DEMAND

Answering Defendant hereby demands a trial by jury on all claims and issues presented in this matter.

Date: July 26, 2021 _____

By _____*/s/Kristi Buchholz Helfrick*_____
Kristi Buchholz Helfrick
PA ID No. 92468
**Wilson, Elser, Moskowitz, Edelman & Dicker, LLP**
Two Commerce Square
2001 Market Street - Suite 3100
Philadelphia, PA 19103
(P) 215.627.6900
(F) 215.627.2665
kristi.buchholz@wilsonelser.com

*Attorney for Defendant*
*Worldwide Flight Services, Inc.*

- 12 -