**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| KEISHA BROWN, as Administrator of<br>the ESTATE OF AARON JENKINS, | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION NO. 20-5532 |
| | : | |
| v. | : | **TRIAL BY JURY OF TWELVE DEMANDED** |
| | : | |
| CITY OF PHILADELPHIA and<br>PHILADELPHIA INTERNATIONAL<br>AIRPORT, et al., | : | |
| | : | |
| | : | |
| Defendants. | : | |

**DEFENDANTS, CITY OF PHILADELPHIA AND PHILADELPHIA INTERNATIONAL AIRPORT'S (INCORRECTLY SUED AS A DEFENDANT) ANSWER TO PLAINTIFF'S AMENDED COMPLAINT WITH AFFIRMATIVE DEFENSES AND CROSS-CLAIMS PURSUANT TO FED.R.CIV.P. 13(G)**

Defendants, City of Philadelphia and Philadelphia International Airport[1] (improperly sued as a defendant), by and through their attorneys, Bennett, Bricklin & Saltzburg LLC, hereby answer plaintiff's Amended Complaint as follows:

**PARTIES**

1.      Denied.  After reasonable investigation, Answering Defendants are unable to form a belief as to the truth of the averments of this paragraph, deny the same, and demand strict proof at trial.

2.      Admitted.

---

[1]The Philadelphia International Airport is merely an asset of the City of Philadelphia and is not subject to suit in its own right.  *See* Fullam v. Philadelphia International Airport, 49 F. Supp. 2d. 434 (E.D. Pa. 1999) and Regulbuto v. City of Philadelphia, 937 F. Supp. 394 (E.D. Pa. 1995).  However, notwithstanding the improper inclusion of the Airport as a defendant, for the sake of consistency and <u>unless otherwise indicated</u>, the City and Airport will be collectively referred to as "Answering Defendants".

3.      Denied.  Philadelphia Airport, a/k/a Philadelphia International Airport, is merely an asset of the City of Philadelphia and is not subject to suit in its own right.  *See* Fullam v. Philadelphia International Airport, 49 F. Supp. 2d. 434 (E.D. Pa. 1999) and Regulbuto v. City of Philadelphia, 937 F. Supp. 394 (E.D. Pa. 1995).

4.      Denied.  The allegations in this paragraph are directed to a party other than Answering Defendants and thus, no response is required.

5.      Denied.  The allegations in this paragraph are directed to a party other than Answering Defendants and thus, no response is required.

## JURISDICTION AND VENUE

6-8.    Denied as conclusions of law to which no response is required.

## MATERIAL FACTS

9.      Denied.  After reasonable investigation, Answering Defendants are unable to form a belief as to the truth of the averments of this paragraph, deny the same, and demand strict proof at trial.

10.     Denied.  After reasonable investigation, Answering Defendants are unable to form a belief as to the truth of the averments of this paragraph, deny the same, and demand strict proof at trial.

11.     Denied.  After reasonable investigation, Answering Defendants are unable to form a belief as to the truth of the averments of this paragraph, deny the same, and demand strict proof at trial.

12.     Denied.  After reasonable investigation, Answering Defendants are unable to form a belief as to the truth of the averments of this paragraph, deny the same, and demand strict proof at trial.

13.     Admitted in part; denied in part.  It is admitted only that Answering Defendants conduct business in the City and County of Philadelphia.  The remaining allegations are denied. Strict proof is demanded at trial.

14.     Denied.   The allegations in this paragraph are directed to a party other than Answering Defendants and thus, no response is required.  To the extent a response is required, the averments of this paragraph are denied.   Strict proof is demanded at trial.

15.     Admitted in part; denied in part.  It is admitted only that the City of Philadelphia owns the airport and operates certain portions of the airport.  By way of further response, the Philadelphia International Airport is an asset of the City of Philadelphia and not an entity that is capable of being sued in its own right. The remaining allegations of this paragraph are denied. Strict proof is demanded at trial.

16.     Denied.  To the extent a response is required, any such rules and regulations speak for themselves, and plaintiff's characterizations of same are denied.  Strict proof is demanded at trial.  Finally, the Philadelphia International Airport is an asset of the City of Philadelphia and not an entity that is capable of being sued in its own right.

17.     Denied.  To the extent a response is required, any such rules and regulations speak for themselves, and plaintiff's characterizations of same are denied.  Strict proof is demanded at trial.

18.     Denied.  Strict proof is demanded at trial.  Finally, the Philadelphia International Airport is an asset of the City of Philadelphia and not an entity that is capable of being sued in its own right.

19.     Denied.  After reasonable investigation, Answering Defendants are unable to form a belief as to the truth of the averments of this paragraph, deny the same, and demand strict proof at trial.

20.     Denied.   The allegations in this paragraph are directed to a party other than Answering Defendants and thus, no response is required.  To the extent a response is required, the averments of this paragraph are denied.   Strict proof is demanded at trial.

21.     Denied.   Strict proof is demanded at trial.   Furthermore, the Philadelphia International Airport is an asset of the City of Philadelphia and not an entity that is capable of being sued in its own right.

22.     Denied.   The allegations in this paragraph are directed to a party other than Answering Defendants and thus, no response is required.  To the extent a response is required, the averments of this paragraph are denied.   Strict proof is demanded at trial.

23.     Denied.  Strict proof is demanded at trial.

24.     Denied.  Strict proof is demanded at trial.

25.     Denied.  Strict proof is demanded at trial.

26.     Denied.  Strict proof is demanded at trial.

27.     Denied.   The allegations in this paragraph are directed to a party other than Answering Defendants and thus, no response is required.  To the extent a response is required, after reasonable investigation, Answering Defendants are unable to form a belief as to the truth of the averments of this paragraph, deny the same, and demand strict proof at trial.

28.     Denied.   The allegations in this paragraph are directed to a party other than Answering Defendants and thus, no response is required.  To the extent a response is required,

after reasonable investigation, Answering Defendants are unable to form a belief as to the truth of the averments of this paragraph, deny the same, and demand strict proof at trial.

29.     Denied.   The allegations in this paragraph are directed to a party other than Answering Defendants and thus, no response is required.   To the extent a response is required, after reasonable investigation, Answering Defendants are unable to form a belief as to the truth of the averments of this paragraph, deny the same, and demand strict proof at trial.

30.     Denied.   The allegations in this paragraph are directed to a party other than Answering Defendants and thus, no response is required.   To the extent a response is required, after reasonable investigation, Answering Defendants are unable to form a belief as to the truth of the averments of this paragraph, deny the same, and demand strict proof at trial.

31.     Denied.   The allegations in this paragraph are directed to a party other than Answering Defendants and thus, no response is required.   To the extent a response is required, after reasonable investigation, Answering Defendants are unable to form a belief as to the truth of the averments of this paragraph, deny the same, and demand strict proof at trial.

32.     Denied.  After reasonable investigation, Answering Defendants are unable to form a belief as to the truth of the averments of this paragraph, deny the same, and demand strict proof at trial.

33.     Denied.  After reasonable investigation, Answering Defendants are unable to form a belief as to the truth of the averments of this paragraph, deny the same, and demand strict proof at trial.

## COUNT I
## CIVIL RIGHTS
**Keisha Brown, as Administrator of the Estate of Aaron Jenkins v. City of Philadelphia and Philadelphia International Airport**

34.    Answering Defendants incorporate, by reference, all paragraphs as set forth above, as though fully set forth herein.

35.    Denied.  No such statute exists at Title 41.

36.    Denied.  No such statute exists at Title 41.  By way of further response, the Philadelphia International Airport is merely an asset of the City of Philadelphia and is not subject to suit in its own right.  *See* Fullam v. Philadelphia International Airport, 49 F. Supp. 2d. 434 (E.D. Pa. 1999) and Regulbuto v. City of Philadelphia, 937 F. Supp. 394 (E.D. Pa. 1995).  As such, its inclusion as a defendant herein is wholly improper.

37.    Denied as stated, because the application of federal preemption turns on the cause of action alleged in the complaint.  Moreover, the Philadelphia International Airport is merely an asset of the City of Philadelphia and is not subject to suit in its own right.  *See* Fullam v. Philadelphia International Airport, 49 F. Supp. 2d. 434 (E.D. Pa. 1999) and Regulbuto v. City of Philadelphia, 937 F. Supp. 394 (E.D. Pa. 1995).  As such, its inclusion as a defendant herein is wholly improper.

38.    Denied.  Strict proof is demanded at trial.

39.    Denied.  All characterizations of Answering Defendants' conduct "at all times material hereto" are denied because those times are not defined in plaintiff's Amended Complaint.  Strict proof is demanded at trial.

40.    Denied.  Strict proof is demanded at trial.

41.    Denied.  Strict proof is demanded at trial.

42.     Denied.  By way of further response, plaintiff's characterizations of any rules and regulations are denied, as they speak for themselves.  Strict proof is demanded at trial.

43.     Denied.  Strict proof is demanded at trial.

44.     Denied.  By way of further response, it is denied that decedent was an employee of the City of Philadelphia.  All remaining averments of this paragraph are denied.  Strict proof is demanded at trial.

45.     Denied.  Strict proof is demanded at trial.

46.     Denied.  Strict proof is demanded at trial.

47.     Denied.  Strict proof is demanded at trial.

48.     Denied.  Strict proof is demanded at trial.

49.     Denied.  Strict proof is demanded at trial.  Further, the Philadelphia International Airport is merely an asset of the City of Philadelphia and is not subject to suit in its own right, and its inclusion as a defendant herein is wholly improper.

50.     Denied.  Strict proof is demanded at trial.  Further, the Philadelphia International Airport is merely an asset of the City of Philadelphia and is not subject to suit in its own right, and its inclusion as a defendant herein is wholly improper.

51.     Denied.  Strict proof is demanded at trial.

WHEREFORE, Answering Defendants demand that judgment be entered in their favor, together with interest and costs of defense of this matter.

**COUNT II**
**Negligence – Premises Liability**
**Keisha Brown, as Administrator of the Estate of Aaron Jenkins v. Worldwide Flight**
**Services and Frontier Airlines**

52.     Answering Defendants incorporate, by reference, all paragraphs as set forth above, as though fully set forth herein.

53.     Admitted only that the City of Philadelphia and Frontier Airlines, Inc. entered into a Lease and Use Agreement in effect on the date of incident that is the subject of plaintiff's Amended Complaint.

54.- 68.  Denied.  The allegations in these paragraphs are directed to parties other than Answering Defendants and thus, no response is required.

WHEREFORE, Answering Defendants demand that judgment be entered in their favor, together with interest and costs of defense of this matter.

**COUNT IV (sic)**
**Wrongful Death**
**Keisha Brown, as Administrator of the Estate of Aaron Jenkins v. Defendants**

69.     Answering Defendants incorporate, by reference, all paragraphs as set forth above, as though fully set forth herein.

70.     Denied.  Strict proof is demanded at trial.

71.     Denied.  After reasonable investigation, Answering Defendants are unable to form a belief as to the truth of the averments of this paragraph, deny the same, and demand strict proof at trial.

72.     Denied.  After reasonable investigation, Answering Defendants are unable to form a belief as to the truth of the averments of this paragraph, deny the same, and demand strict proof at trial.

8

73.     Denied.  After reasonable investigation, Answering Defendants are unable to form a belief as to the truth of the averments of this paragraph, deny the same, and demand strict proof at trial.

WHEREFORE, Answering Defendants demand that judgment be entered in their favor, together with interest and costs of defense of this matter.

**COUNT V (sic)**
**Survival Act**
**Keisha Brown, as Administrator of the Estate of Aaron Jenkins v. Defendants**

74.     Answering Defendants incorporate, by reference, all paragraphs as set forth above, as though fully set forth herein.

75.     Denied.  Strict proof is demanded at trial.

76.     Denied.  After reasonable investigation, Answering Defendants are unable to form a belief as to the truth of the averments of this paragraph, deny the same, and demand strict proof at trial.

**WHEREFORE**, Answering Defendants deny all liability herein, demand that judgment be entered in their favor, together with interest and costs of defense of this matter.

**AFFIRMATIVE DEFENSES**

**FIRST AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred and/or limited by the applicable period of the statute of limitations and/or doctrine of laches.

**SECOND AFFIRMATIVE DEFENSE**

Plaintiff's federal and state law claims, in whole or in part, fail to state a cause of action upon which relief may be granted.

9

### THIRD AFFIRMATIVE DEFENSE

Merely negligent or careless conduct on the part of Answering Defendants fail to support a cause of action under 42 U.S.C. § 1983.

### FOURTH AFFIRMATIVE DEFENSE

Answering Defendants may not be held vicariously, passively or secondarily liable for the conduct of its employees, nor may the doctrine of *respondeat superior* be imposed upon Answering Defendants.

### FIFTH AFFIRMATIVE DEFENSE

Any harm suffered by the plaintiff's decedent, which is denied, was not directly caused by a policy, custom or practice of Answering Defendants.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims, if any, are barred or otherwise limited by the terms, provisions, immunities and defenses set forth in the Pennsylvania Political Subdivision Tort Claims Act, 42 Pa.C.S. § 8541, *et seq.*, and/or the doctrine of governmental immunity, which defenses and immunities are hereby incorporated, by reference, as though fully set forth herein.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff has failed to aver and/or plead an exception to immunity under the Pennsylvania Political Subdivision Tort Claims Act, 42 Pa.C.S.A. §8501 *et seq.*

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims, if any, are barred and/or limited by the Workers' Compensation Act, 77 P.S. § 1, *et seq.*, and to the extent plaintiff has received Workers' Compensation benefits.

### NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims, if any, are barred because Answering Defendants owed no duty to plaintiff.

### TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims, if any, are barred because any acts and/or omissions which she alleges on the part of Answering Defendants were not substantial or proximate causes or factors of the alleged incident referenced in Plaintiff's Complaint.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims, if any, are barred because her alleged injuries and losses, if any, were caused or contributed to solely or in part by the careless, negligent and/or intentional acts or failures to act of persons or entities other than Answering Defendants, or authorized agents, servants, workers or employees of said entities and/or defendants, over whom Answering Defendants had no control or right of control, and for whom Answering Defendants were not and are not responsible.

### TWELFTH AFFIRMATIVE DEFENSE

The City of Philadelphia is not liable for the criminal or negligent acts of third parties.

### THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff is precluded from recovering damages pursuant to the provisions of Pennsylvania's Comparative Negligence Act, 42 Pa.C.S. §7102.  In the alternative, plaintiff's claims, if any, and damages, if any, are barred, limited or reduced by the Pennsylvania Comparative Negligence Act, 42 Pa.C.S. §7102.

### FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are or may be barred and/or limited by the doctrine of assumption of the risk.

11

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims, if any, are barred because she failed to provide to the City of Philadelphia, within six months of the date of the alleged incident(s) referenced in the Amended Complaint, written notice of her claim in accordance with 42 Pa.C.S. §5522.

## SIXTEENTH AFFIRMATIVE DEFENSE

Answering Defendants acted properly and exercised due care under the circumstances.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims, if any, are barred by the failure to join indispensable parties.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims, losses and/or damages, if any, and her right of recovery for those losses and/or damages, if any, are reduced or limited because of plaintiff's failure to mitigate.

## NINETEENTH AFFIRMATIVE DEFENSE

Plaintiff is barred from recovering all or part of the damages alleged in the Amended Complaint pursuant to 42 Pa.C.S.A. §8553 relating to limitation of damages.

## TWENTIETH AFFIRMATIVE DEFENSE

In the event that plaintiff is deemed entitled to recover any damages in this action, per the Political Subdivision Tort Claims Act, she is barred from recovering damages from or against Defendant, City of Philadelphia for medical expenses or lost earnings to the extent that same were/are paid or were/are payable by a source or sources other than the City of Philadelphia.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrines of accord and/or satisfaction.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrines of compromise and/or release.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

The allegations as set forth in Plaintiff's Amended Complaint fail to support a cause of action under 42 U.S.C. §1983 against Answering Defendants.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

The allegations as set forth in Plaintiff's Amended Complaint fail to support a violation of plaintiff's Constitutional rights against Answering Defendants.

**WHEREFORE**, Answering Defendants deny all liability herein and demand that judgment be entered in their favor, together with interest and costs of defense of this matter.

## CROSS-CLAIM PURSUANT TO FED.R.CIV.P. 13(g) AGAINST DEFENDANT, FRONTIER AIRLINES, INC.

1.      Answering Defendants incorporate, by reference and as if fully set forth herein, the factual averments of plaintiff's Amended Complaint directed to Defendant, Frontier Airlines, Inc., without admitting or denying the truth thereof.

2.      If the averments of plaintiff's Amended Complaint are established at trial, all liability on the part of Answering Defendants being specifically denied, it is averred that Defendant, Frontier Airlines, Inc. and/or its agents, contractors, employees, servants, and/or workmen, are solely liable to plaintiff, or jointly or severally liable with Answering Defendants, by virtue of its negligence and carelessness, and/or negligent omissions as more fully set forth in plaintiff's Amended Complaint, which are incorporated herein for purposes of this cross-claim only.

13

WHEREFORE, Answering Defendants demand judgment in their favor, but if liability is imposed upon Answering Defendants, it is requested that judgment be entered against Defendant, Frontier Airlines, Inc. for contribution and/or indemnity, together with counsel fees, costs and interest.

### CROSS CLAIM PURSUANT TO FED.R.CIV.P. 13(g) AGAINST DEFENDANT, FRONTIER AIRLINES, INC. – CONTRACTUAL INDEMNITY

3.     Answering Defendants incorporate, by reference and as if fully set forth herein, the factual averments of plaintiff's Amended Complaint directed to Defendant, Frontier Airlines, Inc., without admitting or denying the truth thereof.

4.     The City of Philadelphia entered into Airport-Airline Use and Lease Agreement with Frontier Airlines, Inc, ("hereinafter Lease Agreement") on July 1, 2015 relative to Frontier Airlines, Inc.'s occupancy and uses at the Philadelphia International Airport.   The Lease Agreement is incorporated herein by reference, as though fully set forth herein.

5.     Pursuant to Article 14.02 of the Lease Agreement, Frontier Airlines, Inc. "shall indemnify, defend and hold harmless City, its officials, agents, employees, representatives, successors and assigns. . . .from and against all liability for claims, suits, causes of action, liabilities, losses, costs and expenses (including reasonable attorneys fees), for which the Indemnified Parties may be held liable by reason of injury (including death) to any person (including Airline's employees) or damage to any property whatsoever kind or nature except to the extent caused by City's sole negligence or willful misconduct of every kind. . . ."

6.     Furthermore, Section B of Article 14.02 of the Lease Agreement states that "in case any action or proceeding is brought against City by reason of any matter referred to in this Article 14 or any other Article herein to defend City, Airline, "upon written notice from City. . . shall at Airline's sole cost and expense, resist or defend such action or proceeding. . ."

14

7.      Finally, pursuant to Article 1401, Section B1 of the Lease Agreement, each and every policy of insurance obtained by the Airline "shall name City, its respective officers, employees, agents, successors and assigns and any other parties in interest from time to time designated in writing by notice from City to Airline as additional insureds to the extent covered and indemnified herein. . . ."

8.      If it is determined that the incident in question giving rise to plaintiff's allegations and claim for relief was caused by any negligent or careless act on the part of Frontier Airlines, Inc., then Frontier Airlines, Inc. is solely liable to the City of Philadelphia for indemnification pursuant to the Lease Agreement.

9.      Pursuant to Article 1402, Section B of the Lease Agreement, the City of Philadelphia is entitled to defense and indemnification from Frontier Airlines, Inc., relative to plaintiff's claims in the subject lawsuit.   To date, Frontier has failed to indemnify and defend the City pursuant to its obligations under the lease agreement.

WHEREFORE, Answering Defendants request judgment in their favor and against Frontier Airlines, Inc. for contribution, indemnity, counsel fees, costs of defense of this action, interest and other damages and remedies available to them under the law.

## CROSS-CLAIM PURSUANT TO FED.R.Civ.P. 13(g) AGAINST DEFENDANT, FRONTIER AIRLINES, INC.  - BREACH OF CONTRACT

10.      Answering Defendants incorporate, by reference and as if fully set forth herein, the factual averments of plaintiff's Amended Complaint directed to Defendant, Frontier Airlines, Inc., without admitting or denying the truth thereof.

11.     Answering Defendants are entitled to defense and indemnification from Frontier Airlines, Inc. by virtue of the Lease Agreement with that entity as more fully set forth in paragraphs 1 through 10 of their cross-claim, above.  Frontier Airlines, Inc. is in breach of its contract with the City of Philadelphia in that it has thus far failed to defend, indemnify and hold harmless the City of Philadelphia under the terms of the Lease Agreement.

12.     Defendant, Frontier Airlines, Inc. is therefore responsible for all damages assessed against the City of Philadelphia due to its breaches of the applicable portions of the Lease Agreement, including but not limited to any amounts the City of Philadelphia may be required to pay to plaintiff for damages, together with counsel fees, costs of defense of this action, interest and other damages and remedies available to it under the law.

**WHEREFORE**, Answering Defendants request judgment in their favor and Frontier Airlines, Inc. for breach of contract, costs of defense of this action and for all damages and remedies available to them under the law.

<u>CROSS-CLAIM PURSUANT TO FED.R.CIV.P. 13(g) AGAINST DEFENDANT,<br>WORLDWIDE FLIGHT SERVICES, INC.</u>

13.     Answering Defendants incorporate, by reference and as if fully set forth herein, the factual averments of plaintiff's Amended Complaint directed to Defendant, Worldwide Flight Services, Inc., without admitting or denying the truth thereof.

14.     If the averments of plaintiff's Amended Complaint are established at trial, all liability on the part of Answering Defendants being specifically denied, it is averred that Defendant, Worldwide Flight Services, Inc., and/or its agents, contractors, employees, servants, and/or workmen, are solely liable to plaintiff, or jointly or severally liable with Answering Defendants, by virtue of its negligence and carelessness, and/or negligent omissions as more fully

set forth in plaintiff's Amended Complaint, which are incorporated herein for purposes of this cross-claim only.

WHEREFORE, Answering Defendants demand judgment in their favor, but if liability is imposed upon Answering Defendants, it is requested that judgment be entered against Defendant, Worldwide Flight Services, Inc. for contribution and/or indemnity, together with counsel fees, costs and interest.

Respectfully Submitted,

**BENNETT, BRICKLIN & SALTZBURG LLC**

By:   */s/ Michele E. Turner*
_____
Michele E. Turner, Esquire
Centre Square, West Tower
1500 Market Street, 32nd Floor
Philadelphia, PA 19102
(215) 665-3386
E-mail: mturner@bbs-law.com
*Attorneys for Defendants,*
*City of Philadelphia and*
*Philadelphia Airport a/k/a*
*Philadelphia International Airport*
*(improperly sued as a defendant)*

Dated:  August 4, 2021

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| KEISHA BROWN, as Administrator of the ESTATE OF AARON JENKINS, | : | |
| | : | |
| Plaintiff, | : | |
| | : | CIVIL ACTION NO. 20-5532 |
| v. | : | |
| | : | **TRIAL BY JURY OF TWELVE DEMANDED** |
| CITY OF PHILADELPHIA and PHILADELPHIA INTERNATIONAL AIRPORT, et al., | : | |
| | : | |
| Defendants. | : | |

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that a true and correct copy of the foregoing Answer with New Matter was filed on this date and served upon all counsel of record via ECF Notification and/or Email and/or Regular Mail on this date.

Respectfully Submitted,

**BENNETT, BRICKLIN & SALTZBURG LLC**

By: */s/ Michele E. Turner*
_____
Michele E. Turner, Esquire
Pa. Atty I.D. #68343
Centre Square, West Tower
1500 Market Street, 32nd Floor
Philadelphia, PA 19102
(215) 665-3386
E-mail: mturner@bbs-law.com
*Attorneys for Defendants,*
*City of Philadelphia and*
*Philadelphia Airport a/k/a*
*Philadelphia International Airport*
*(improperly sued as a defendant)*