UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNYSLVANIA

| | |
|---|---|
| KEISHA BROWN, AS ADMINISTRATOR OF THE ESTATE OF AARON JENKINS<br><br>        Plaintiff<br>v.<br><br>CITY OF PHILADELPHIA, PHILADELPHIA AIRPORT, WORLDWIDE FLIGHT SERVICES, INC., and FRONTIER AIRLINES<br><br>        Defendants | CIVIL ACTION<br><br>NO.  2:20-cv-05532-CMR |

**JOINT REPORT OF RULE 26(f) MEETING AND PROPOSED DISCOVERY PLAN**

      In accordance with Federal Rule of Civil Procedure 26(f), Local R. Civ. P. 16.1(b), and the Court's policies and procedures, counsel for the parties conferred on August 10, 2021, and hereby submit the following Rule 26(f) Report:

**Discussion of Claims, Defenses and Relevant Issues**

    *Plaintiff's Position:*

Plaintiff – Plaintiff is the administrator of the estate of Aaron Jenkins, her nephew. Mr. Jenkins ("Decedent") was employed by defendant Worldwide Flight Services ("WFS") as a baggage handle in Terminal E of the Philadelphia International Airport ("PHL"). While employed Decedent endured physical aggression and harassment from other employees. On May 3, 2018, Decedent was involved in an fight with Kevin Emanuel based upon Mr. Emanuel's attempt to bully and/or harass. Mr. Emanuel then stabbed and killed Decedent. Plaintiff brings the current cause of action based upon the City of Philadelphia's intentional acts of removing from the hangar allowing employees to bring weapons. In fact, there were incidents of prior weapons and violence occurring in this hangar previously which the City was aware of. Cause of actions are filed against Frontier under Premises liability for failing to maintain a safe site as they were under a lease agreement with the City to properly secure the location. Claims are being brought against WFS based upon the personal animus exception under Pennsylvania's Workmens Compensation statutes.

    *Defendant Worldwide Flight Services' ("WFS") Position:*

Defendant WFS denies liability and will argue that the plaintiff's claims are barred by the exclusivity provision of the Pennsylvania Workers' Compensation Act, 77 P.S. Section 481. Plaintiff's claims do not establish a personal animus or third party attack exception to Workers' Compensation Act's exclusivity provision. 77 P.S. §§ 411(1), 481. Further, WFS was not on notice of any issue that would have led to such an unforeseeable incident and therefore, cannot

be found to have had a duty to have prevented it. WFS did not own, lease or manage the subject premises where plaintiff's claims occurred. Additionally, the negligent acts and/or omissions of other individuals and/or entities beyond the control of WFS may have constituted intervening, superseding causes of the damages alleged by Plaintiff.

### *Defendant Frontier Airlines, Inc.'s ("Frontier") Position:*

Frontier denies liability and anticipates filing a motion to dismiss all claims against it for Plaintiff's failure to state a claim. Frontier intends to argue that it owed no duty of care to the decedent, Mr. Jenkins, who was a WFS employee, and who suffered injuries and an unfortunate death as a result of a third-party's act for which Frontier has no liability. Frontier did not supervise or control WFS employees. Frontier was not aware of any information or issues that would have notified it of such an unforeseeable incident in the premises, and, therefore, cannot be found to have had a duty to prevent it. In addition, Frontier was not responsible for the security of the airport.

### *Defendants, City of Philadelphia and Philadelphia International Airport's (improperly sued as a defendant) position:*

Respectfully, the City denies all liability relative to this matter, which involves the murder of a Worldwide Flight Services, Inc. ("WFS") employee by another WFS employee. At all times relevant hereto, Frontier Airlines, Inc. hired WFS which, by and through its employees, provides ground handling, baggage, cargo and transportation services, among other services, to Frontier in furtherance of and for the benefit of Frontier's airline transportation business. As a matter of law, the City is immune from liability for the negligent or criminal acts of third parties. See 42 Pa.C.S.A. §8541, et seq. With respect to Plaintiff's §1983 claims, the City maintains that Plaintiff has failed to state a claim against it, as she is unable to satisfy the elements of an alleged state-created danger theory of liability. The City maintains that it had no policy or custom that would work to deprive Plaintiff's Decedent of any constitutional right and therefore, Plaintiff will be unable to meet her burden of demonstrating an alleged violation of Decedent's constitutional rights. As such, the City is not liable under §1983. See Monell v. Dept. of Soc. Srvcs. of City of N.Y., 436 U.S. 658, 690, 98 S.Ct. 2018, 2035-36 (1978).

**Initial Disclosures**

The parties have not yet served their respective initial disclosures but will do so shortly. The parties will disclose the identities of those individuals likely to have discoverable information to support their respective claims and defenses, all documents and tangible things in the parties' custody or control to support their respective claims and defenses, computations of damages, and insurance agreements under which an insured business may be liable to satisfy all or part of a possible judgment in this action.

A. **Proposed Joint Discovery Plan**

1. Fed. R. Civ. P. 26 Disclosures:  On or before *September 15, 2021.*

2. Fact Discovery shall begin on *September 15, 2021* and shall end on *May 15, 2022.*

3. Maximum of *twenty-five (25)* interrogatories by each party directed to each other party.

4. Maximum of *eight (8)* depositions to be taken of any one party's agent/representative.

5. Filing of motions to amend or add parties: *November 15, 2021.*

6. Status conference on or around: *January 15, 2022.*

7. Plaintiff's expert report due on or before: *June 15, 2022.*

8. Defendants' expert reports due on or before: *July 15, 2022.*

9. Expert depositions completed on or before: *August 30, 2022.*

10. Filing of dispositive motions: *September 30, 2022.*

11. Pre-trial Conference anytime after: *October 30, 2022.*

12. Trial date/term: *January  2023* (**X** Jury Trial   _____Non-Jury Trial).

13. Do you anticipate any special discovery needs (i.e., videotape/telephone depositions, problems with out-of-state witnesses or documents, etc.)? Yes **X** No____

    If yes, please explain:

    *Due to the ongoing COVID-19 pandemic, the parties anticipate that some, if not all, depositions will be conducted remotely over videoconferencing technology.*

14. Do you anticipate any issues about disclosure or discovery of electronically stored information, including the form or forms in which it should be produced?

    Yes __x___ No __

    a. The Parties hereby agree to the attached Electronic Discovery Order

15. Do you anticipate any discovery problem(s) not listed above? If yes, please explain.

Yes \_\_\_\_\_ No  **X**

16. State whether this case is appropriate for voluntary arbitration (pursuant to Local Civil Rule 201.1 or otherwise) or mediation (pursuant to Local Civil Rule 301.1 or otherwise). If not, explain why and state whether any such procedure may be appropriate at a later time (i.e., after exchange of pretrial disclosures, after completion of depositions, after disposition of dispositive motions, etc.).

   a. Plaintiff's position is "No."

   b. WFS believes that a non-binding mediation may be beneficial after the end of fact discovery.

17. Is this case appropriate for bifurcation? Yes \_\_\_\_\_ No  **x**

18. The parties do not consent to the trial being conducted by a Magistrate Judge.

Identify any other issues to address at the Rule 16 Scheduling Conference: None.

Submitted jointly by the following parties:

Mu'min F. Islam, Esquire
PA ID No. 208979
**MFI Law Group, PLLC**
7433 Limekiln Pike, Suite 210
Philadelphia, PA  19138
(T) 215.735.2357
(F) 215.735.2358
mislam@mfilawgroup.com

*Attorney for Plaintiff*
*Keisha Brown, as Administratix of the*
*Estate of Aaron Jenkins*

Michele E. Turner, Esquire
PA ID No. 68343
Jacob Yzzi, Esquire
PA ID No. 316059
**Bennett, Bricklin & Saltzburg LLC**
Centre Square, West Tower
1500 Market Street
32nd Floor
Philadelphia, PA 19102
(T) 215.561.4300
(F) 215.561.6661
mturner@bbs-law.com
yzzi@bbs-law.com

*Attorney for Defendant*
*City of Philadelphia*

Kristi Buchholz Helfrick
PA ID No. 92468
**Wilson, Elser, Moskowitz, Edelman & Dicker, LLP**
Two Commerce Square
2001 Market Street - Suite 3100
Philadelphia, PA 19103
(P) 215.627.6900
(F) 215.627.2665
kristi.buchholz@wilsonelser.com

*Attorney for Defendant*
*Worldwide Flight Services, Inc.*

Laurie Alberts Salita, Esquire
PA ID No. 87884
Mackenzie W. Smith, Esquire
PA ID No. 306685
**Skinner Law Group**
101 Lindenwood Drive, Suite 225
Malvern, PA  19355
(T) 484.875.3159
(T) 484.875.3160
salita@skinnerlawgroup.com
smith@skinnerlawgroup.com

Kristin A. Hoffman, Esquire
Brian T. Maye, Esquire
*(Pro Hac Vice admission is pending)*
**Adler Murphy & McQuillen LLP**
20 South Clark Street, Suite 2500
Chicago, IL  60603
(T) 312.477.7682
(F) 312.345.9860
khoffman@amm-law.com
bmaye@amm-law.com

*Attorneys for Defendant*
*Frontier Airlines, Inc.*