UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNYSLVANIA

| | |
|---|---|
| KEISHA BROWN, AS ADMINISTRATOR OF THE ESTATE OF AARON JENKINS<br><br>Plaintiff<br><br>v.<br><br>CITY OF PHILADELPHIA, PHILADELPHIA AIRPORT, WORLDWIDE FLIGHT SERVICES, INC., and FRONTIER AIRLINES<br><br>Defendants | CIVIL ACTION<br><br>NO. 2:20-cv-05532-CMR |

**WORLDWIDE FLIGHT SERVICES' REPLY TO AMENDED CROSS-CLAIMS BY CITY OF PHILADELPHIA AND PHILADELPHIA INTERNATIONAL AIRPORT WITH AFFIRMATIVE DEFENSES**

Defendant Worldwide Flight Services, Inc. ("WFS"), by and through its attorneys, Wilson Elser Moskowitz Edelman & Dicker LLP, hereby replies to the Cross-Claims by Defendants City of Philadelphia and Philadelphia International Airport contained in their Amended Answer to Plaintiff's Amended Complaint ("Amended Cross-Claims") as follows:

**CROSS-CLAIM PURSUANT TO FED.R.CIV.P. 13(g) AGAINST DEFENDANT WORLDWIDE FLIGHT SERVICES, INC.**

17. WFS incorporates by reference its Answer and Cross-Claims to Plaintiff's Amended Complaint as though set forth fully and at length herein.

18. Denied. The allegations contained in this paragraph are conclusions of law to which no response is required and the allegations are denied. To the extent that an answer may be deemed required, all allegations of primary liability, contribution, common law indemnification and/or contractual indemnification, or any liability for all or part of Plaintiff's claims asserted against WFS, are specifically denied.

WHEREFORE, Defendant WFS demands judgment in its favor on the Amended Cross-Claims by Defendants City of Philadelphia and Philadelphia International Airport and such other and further relief as this Court deems just and proper.

258460745v.1

**CROSS-CLAIM PURSUANT TO FED.R.CIV.P. 13(g) AGAINST DEFENDANT WORLDWIDE FLIGHT SERVICES, INC. – CONTRACTUAL INDEMNITY**

19. WFS incorporates by reference its Answer and Cross-Claims to Plaintiff's Amended Complaint and its responses above as though set forth fully and at length herein.

20. Denied. The referenced License Agreement is a document which speaks for itself but any characterizations of same are denied.

21. Denied. The referenced License Agreement is a document which speaks for itself but any characterizations of same are denied. Any remaining unanswered allegations are denied as conclusions of law.

22. Denied. The referenced License Agreement is a document which speaks for itself but any characterizations of same are denied. Any remaining unanswered allegations are denied as conclusions of law.

23. Denied. The referenced License Agreement is a document which speaks for itself but any characterizations of same are denied. Any remaining unanswered allegations are denied as conclusions of law.

24. Denied. The referenced License Agreement is a document which speaks for itself but any characterizations of same are denied. Any remaining unanswered allegations are denied as conclusions of law.

25. Denied. The allegations contained in this paragraph are conclusions of law to which no response is required and the allegations are denied. To the extent that an answer may be deemed required, all allegations of primary liability, contribution, common law indemnification and/or contractual indemnification, or any liability for all or part of Plaintiff's claims asserted against WFS, are specifically denied.

WHEREFORE, Defendant WFS demands judgment in its favor on the Amended Cross-Claims

by Defendants City of Philadelphia and Philadelphia International Airport and such other and further relief as this Court deems just and proper.

## COUNT II
## BREACH OF CONTRACT – FAILURE TO PROCURE INSURANCE

26. WFS incorporates by reference its Answer and Cross-Claims to Plaintiff's Amended Complaint and its responses above as though set forth fully and at length herein.

27. Denied. The referenced License Agreement is a document which speaks for itself but any characterizations of same are denied. Any remaining unanswered allegations are denied as conclusions of law.

28. Denied. The referenced License Agreement is a document which speaks for itself but any characterizations of same are denied. Any remaining unanswered allegations are denied as conclusions of law.

29. Denied. The referenced License Agreement is a document which speaks for itself but any characterizations of same are denied. Any remaining unanswered allegations are denied as conclusions of law.

30. Denied. The referenced License Agreement is a document which speaks for itself but any characterizations of same are denied. Any remaining unanswered allegations are denied as conclusions of law.

31. Denied. The referenced License Agreement is a document which speaks for itself but any characterizations of same are denied. Any remaining unanswered allegations are denied as conclusions of law.

32. Denied. The allegations contained in this paragraph are conclusions of law to which no response is required and the allegations are denied. To the extent that an answer may be deemed required, all allegations of primary liability, contribution, common law indemnification and/or

contractual indemnification, or any liability for all or part of Plaintiff's claims asserted against WFS, are specifically denied.

WHEREFORE, Defendant WFS demands judgment in its favor on the Amended Cross-Claims by Defendants City of Philadelphia and Philadelphia International Airport and such other and further relief as this Court deems just and proper.

### AFFIRMATIVE DEFENSES

In further response to the CITY OF PHILADELPHIA and PHILADELPHIA INTERNATIONAL AIRPORT's (collectively the "City") Amended Cross-Claims, WFS raises and preserves the following Affirmative Defenses. WFS reserves the right to supplement and amend its defenses to this action, including its Affirmative Defenses to the City's Cross-Claims, as necessary in light of the allegations, facts, claims, and changes or modifications in the law.

1. The City's Cross-Claims fail, in whole or in part, to state a cause of action upon which relief can be granted.

2. The City's Cross-Claims are barred, in whole or in part, by res judicata, collateral estoppel, laches, waiver, or unclean hands.

3. The City's Cross-Claims are preempted, in whole or in part, by federal law.

4. The City's alleged damages, if any, are barred or limited under applicable law.

5. The City's alleged damages, if any, may have been directly and proximately caused by an unavoidable accident or an Act of God for which WFS is not responsible.

6. The City's alleged damages, if any, are barred or limited under applicable law due to the City's failure to mitigate damages.

7. The City's alleged damages, if any, were caused, in whole or in part, by the assumption of risk, fault, neglect, want of care, or independent, intervening, or superseding acts or

omissions or other culpable conduct of the City itself for which WFS is not responsible.

8. The City's recovery, if any, shall be barred or diminished to the extent that such injury or damage was proximately caused by negligence or other tortious misconduct on the part of the City or other parties.

9. WFS denies that its conduct was a cause or proximate cause of the City's alleged damages. Further, the City's alleged damages, if any, were caused, in whole or in part, by acts or omissions, including, but not limited to, unusual negligent or willful acts or omissions by other persons or entities, named or unnamed, over whom WFS has no control or right to control.

10. The City's claims and recovery are barred, in whole or in part, by the applicable laws governing comparative fault, contributory negligence, and assumption of risk due to the acts or omissions of unknown third parties for which WFS is not responsible.

11. The City's alleged damages, if any, were caused by the acts or omissions of other persons or entities for which WFS is not liable. In the event WFS is found liable to the City, which WFS expressly denies, WFS may be entitled to indemnification or contribution from such third parties, or apportionment of liability and fault against such third parties, pursuant to applicable law and reserves its right to seek the same.

12. Some or all the City's claims may be barred, in whole or in part, because the City may have already received full satisfaction or compensation for their alleged damages, if any, and the City's claims may be barred by such prior release of claims or accord and satisfaction with any entity.

13. If the City has available to it and has received benefits paid by a collateral source for its injuries and damages, if any, WFS is entitled to a setoff of these amounts against any amount

of damages awarded against it, if any, pursuant to the applicable Pennsylvania statute.

14. The City's claims are barred, in whole or in part, by contractual release, disclaimer, or limitations remedies entered into by the City.

15. The City's claims are barred or limited pursuant to contract.

16. The City's claims are waived, in whole or in part, pursuant to contract.

17. The City's claims are barred pursuant to applicable federal statutes.

18. The City's claims are barred, in whole or in part, pursuant to the "gist of the action" doctrine.

19. WFS has complied with all applicable codes, standards, and regulations of the United States and agencies thereof.

WHEREFORE, Defendant WFS demands judgment in its favor on the Amended Cross-Claims by Defendants City of Philadelphia and Philadelphia International Airport and such other and further relief as this Court deems just and proper.

Date: September 8, 2021      By      */s/Kristi Buchholz Helfrick*
                                     Kristi Buchholz Helfrick
                                     PA ID No. 92468
                                     **Wilson, Elser, Moskowitz, Edelman & Dicker, LLP**
                                     Two Commerce Square
                                     2001 Market Street - Suite 3100
                                     Philadelphia, PA 19103
                                     kristi.buchholzhelfrick@wilsonelser.com
                                     *Attorney for Defendant*
                                     *Worldwide Flight Services, Inc.*