IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KEISHA BROWN, as Administrator of the ESTATE OF AARON JENKINS, | ) ) ) |
| Plaintiff, | ) ) CIVIL ACTION NO. 20-5532 |
| CITY OF PHILADELPHIA, et al. | ) ) ) |
| Defendants. | ) ) |

**DEFENDANT FRONTIER AIRLINES, INC.'S REPLY TO CITY OF PHILADELPHIA AND PHILADELPHIA INTERNATIONAL AIRPORT'S AMENDED CROSS CLAIMS**

Defendant FRONTIER AIRLINES, INC. ("Answering Defendant"), by its attorneys, ADLER MURPHY & McQUILLEN LLP and SKINNER LAW GROUP, hereby replies to the Amended Cross Claims ("Cross Claims") of the CITY OF PHILADELPHIA and PHILADELPHIA INTERNATIONAL AIRPORT (collectively the "City") and states as follows:

**CROSS CLAIM PURSUANT TO FED.R.CIV.P.13(g) AGAINST DEFENDANT, FRONTIER AIRLINES, INC.**

1. Answering Defendant incorporates by reference, as if fully set forth herein, its objections and answers to the averments in Plaintiff's Amended Complaint directed to Answering Defendant.

2. Paragraph 2 of the City's Cross Claims contains legal conclusions to which no response is required. In the event a response is deemed required, Frontier denies the allegations contained in Paragraph 2, and it incorporates its objections and answers to the allegations in Plaintiff's Amended Complaint directed to Answering Defendant.

**CROSS CLAIM PURSUANT TO FED.R.CIV.P.13(g) AGAINST DEFENDANT, FRONTIER AIRLINES, INC. - CONTRACTUAL INDEMNITY**

3. Answering Defendant incorporates by reference, as if fully set forth herein, its objections and answers to the averments in Plaintiff's Amended Complaint directed to Answering Defendant.

4. Paragraph 4 contains legal conclusions to which no response is required. In the event a response is deemed required, Frontier admits it entered into an Airport-Airline Use and Lease Agreement ("Lease Agreement") with the City of Philadelphia on July 1, 2015, which speaks for itself, and denies the remaining allegations contained in Paragraph 4.

5. Paragraph 5 contains legal conclusions to which no response is required. In the event a response is deemed required, Frontier admits it entered into the Lease Agreement with the City, which speaks for itself, and denies the remaining allegations contained in Paragraph 5. Frontier denies that it owes an obligation to indemnify, defend, and hold harmless the City from and against liability for claims, suits, causes of action, liabilities, losses, costs and expenses (including reasonable attorneys' fees) related to the allegations set forth in Plaintiff's Amended Complaint.

6. Paragraph 6 contains legal conclusions to which no response is required. In the event a response is deemed required, Frontier denies the allegations contained in Paragraph 6.

7. Paragraph 7 contains legal conclusions to which no response is required. In the event a response is deemed required, Frontier denies the allegations contained in Paragraph 7.

8. Paragraph 8 contains legal conclusions to which no response is required. In the event a response is deemed required, Frontier denies the allegations contained in Paragraph 8.

9. Paragraph 9 contains legal conclusions to which no response is required. In the event a response is deemed required, Frontier denies the allegations contained in Paragraph 9.

**CROSS CLAIM PURSUANT TO FED.R.CIV.P.13(g) AGAINST DEFENDANT, FRONTIER AIRLINES, INC. - BREACH OF CONTRACT, <u>FAILURE TO PROCURE INSURANCE</u>**

10. Answering Defendant incorporates by reference, as if fully set forth herein, its objections and answers to the averments in Plaintiff's Amended Complaint directed to Answering Defendant.

11. Paragraph 11 contains legal conclusions to which no response is required. In the event a response is deemed required, Frontier admits it entered into the Lease Agreement with the City, which speaks for itself, and denies the remaining allegations contained in Paragraph 11.

12. Paragraph 12 contains legal conclusions to which no response is required. In the event a response is deemed required, Frontier admits it entered into the Lease Agreement with the City, which speaks for itself, and denies the remaining allegations contained in Paragraph 12.

13. Paragraph 13 contains legal conclusions to which no response is required. In the event a response is deemed required, Frontier denies that it owes an obligation to indemnify, defend, and hold harmless the City from and against liability for claims, suits, causes of action, liabilities, losses, costs and expenses (including reasonable attorneys' fees) related to the allegations set forth in Plaintiff's Amended Complaint.

14. Paragraph 14 contains legal conclusions to which no response is required. In the event a response is deemed required, Frontier denies the allegations contained in Paragraph 14.

15. Paragraph 15 contains legal conclusions to which no response is required. In the event a response is deemed required, Frontier denies the allegations contained in Paragraph 15.

16. Paragraph 16 contains legal conclusions to which no response is required. In the event a response is deemed required, Frontier denies the allegations contained in Paragraph 16.

**CROSS-CLAIM PURSUANT TO FED.R.CIV.P. 13(g) AGAINST DEFENDANT, WORLDWIDE FLIGHT SERVICES, INC.**

17-18.  Paragraphs 17 and 18 contain legal conclusions and are not directed to Answering Defendant, and, therefore, no response is required. In the event a response is deemed required, Frontier denies the allegations contained in Paragraphs 17 and 18 directed to it.

**CROSS CLAIM PURSUANT TO FED.R.CIV.P.13(g) AGAINST DEFENDANT, WORLDWIDE FLIGHT SERVICES, INC. - CONTRACTUAL INDEMNITY**

19-25.  Paragraphs 19 through 25 contain legal conclusions and are not directed to Answering Defendant, and, therefore, no response is required. In the event a response is deemed required, Frontier denies the allegations contained in Paragraphs 19 through 25 directed to it.

**CROSS CLAIM PURSUANT TO FED.R.CIV.P.13(g) AGAINST DEFENDANT, WORLDWIDE FLIGHT SERVICES, INC. - BREACH OF CONTRACT, FAILURE TO PROCURE INSURANCE**

26-32.  Paragraphs 26 through 32 contain legal conclusions and are not directed to Answering Defendant, and, therefore, no response is required. In the event a response is deemed required, Frontier denies the allegations contained in Paragraphs 26 through 32 directed to it.

**AFFIRMATIVE DEFENSES**

In further response to the CITY OF PHILADELPHIA and PHILADELPHIA INTERNATIONAL AIRPORT's (collectively the "City") Amended Cross Claims ("Cross Claims"), Defendant FRONTIER AIRLINES, INC. ("Answering Defendant"), raises and preserves the following Affirmative Defenses. Answering Defendant reserves the right to supplement and amend its defenses to this action, including its Affirmative Defenses to the City's Cross Claims, as necessary in light of the allegations, facts, claims, and changes or modifications in the law.

1. The City's Cross Claims fail, in whole or in part, to state a cause of action upon which relief can be granted.

2. The City's Cross Claims are barred, in whole or in part, by *res judicata*, collateral estoppel, laches, waiver, or unclean hands.

3. The City's Cross Claims may be governed, in whole or in part, by the laws of jurisdictions other than Pennsylvania.

4. The City's Cross Claims are preempted, in whole or in part, by federal law.

5. The City's alleged damages, if any, are barred or limited under applicable law.

6. The City's alleged damages, if any, may have been directly and proximately caused by an unavoidable accident or an Act of God for which Answering Defendant is not responsible.

7. The City's alleged damages, if any, are barred or limited under applicable law due to the City's failure to mitigate damages.

8. The City's alleged damages, if any, were caused, in whole or in part, by the assumption of risk, fault, neglect, want of care, or independent, intervening, or superseding acts or omissions or other culpable conduct of the City itself for which Answering Defendant is not responsible.

9. The City's recovery, if any, shall be barred or diminished to the extent that such injury or damage was proximately caused by negligence or other tortious misconduct on the part of the City or other parties.

10. Answering Defendant denies that its conduct was a cause or proximate cause of the City's alleged damages. Further, the City's alleged damages, if any, were caused, in whole or in part, by acts or omissions, including, but not limited to, unusual negligent or willful acts or

omissions by other persons or entities, named or unnamed, over whom Answering Defendant has no control or right to control.

11. The City's claims and recovery are barred, in whole or in part, by the applicable laws governing comparative fault, contributory negligence, and assumption of risk due to the acts or omissions of unknown third parties for which Answering Defendant is not responsible.

12. The City's alleged damages, if any, were caused by the acts or omissions of other persons or entities for which Answering Defendant is not liable. In the event Answering Defendant is found liable to the City, which Answering Defendant expressly denies, Answering Defendant may be entitled to indemnification or contribution from such third parties, or apportionment of liability and fault against such third parties, pursuant to applicable law and reserves its right to seek the same.

13. Answering Defendant herein expressly pleads that responsibility shall be apportioned at trial among all parties and non-parties, including settling parties, pursuant to the Comparative Negligence and Fair Share Acts, 42 Pa. C.S. § 7102, *et seq.*

14. Some or all the City's claims may be barred, in whole or in part, because the City may have already received full satisfaction or compensation for their alleged damages, if any, and the City's claims may be barred by such prior release of claims or accord and satisfaction with any entity.

15. If the City has available to it and has received benefits paid by a collateral source for its injuries and damages, if any, Answering Defendant is entitled to a setoff of these amounts against any amount of damages awarded against it, if any, pursuant to the applicable Pennsylvania statute.

16. The City's claims are barred, in whole or in part, by contractual release, disclaimer, or limitations remedies entered into by the City.

17. The City's claims are barred or limited pursuant to contract.

18. The City's claims are waived, in whole or in part, pursuant to contract.

19. The City's claims are barred pursuant to applicable federal statutes.

20. The City's claims are barred, in whole or in part, pursuant to the "gist of the action" doctrine.

21. Answering Defendant has complied with all applicable codes, standards, and regulations of the United States and agencies thereof.

WHEREFORE, Answering Defendant demands judgment in its favor on the City's Amended Cross Claims and such other and further relief as this Court deems just and proper.

Date: September 15, 2021

Respectfully submitted,

ADLER MURPHY & McQUILLEN LLP

/s/ *Kristin A. Hoffman*
_____
Kristin A. Hoffman (Admitted *Pro Hac Vice*)
Brian T. Maye (Admitted *Pro Hac Vice*)
20 S. Clark Street
Suite 2500
Chicago, IL 60603
312-477-7682 (telephone)
bmaye@amm-law.com
khoffman@amm-law.com

SKINNER LAW GROUP
Laurie Alberts Salita (PA I.D. No. 87884)
Mackenzie W. Smith (PA I.D. No. 306685)
101 Lindenwood Drive, Suite 225
Malvern, PA 19355
salita@skinnerlawgroup.com
smith@skinnerlawgroup.com

*Attorneys for Defendant, Frontier Airlines, Inc.*

**CERTIFICATE OF SERVICE**

The undersigned attorney certifies that on September 15, 2021, she served the foregoing document by electronically filing the same with the Clerk of the U.S. District Court for the Eastern District of Pennsylvania by using the CM/ECF system, which will send notification of such filing to all CM/ECF participants for this matter.

/s/ *Kristin A. Hoffman*